R. TRENT MCCOTTER
Acting Deputy Attorney General
JOHN K. ADAMS
Associate Deputy Attorney General
ANDREW M. DARLINGTON
Counsel to the Assistant Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C., 20530
Telephone: (202) 532-0100
Andrew.Darlington2@usdoj.gov

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (Cal. Bar No. 272742)
Assistant United States Attorney
J. ROBERT RENNER (Cal. Bar No. 148587)
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2464
E-mail: Julie.Hamill@usdoj.gov

Attorneys for Plaintiff
*United States of America*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, SHIRLEY N. WEBER, in her official capacity as the California Secretary of State, and DEAN C. LOGAN, in his official capacity as the County of Los Angeles Registrar-Recorder/County Clerk,<br><br>Defendants. | Case No. 2:26-cv-12025<br><br>NOTICE OF RELATED CASES<br><br>(Related to 8:26-cv-01263-MCS-PVC) |

Plaintiff United States of America hereby notifies the Court of a related case pursuant to Local Rule 83-1.3.1. The related case is entitled *Wagner v. Weber*, Central District of California Case No. 8:26-cv-01263-MCS-PVC. *Wagner v. Weber* and the instant case arise from the same or a closely related transaction, happening, or event; and for other reasons would entail substantial duplication of labor if heard by different judges.

1. *The cases arise from the same or closely related transaction, happening, or event.*

In *Wagner v. Weber*, plaintiffs seek declaratory and injunctive relief against California Secretary of State Shirley M. Weber, Ph.D., because, among other factual allegations, California's automatic mailing of vote-by-mail ballots necessarily includes recipients who are ineligible to vote. That same event is present here and a central transaction in this litigation. Here, the United States challenges that very event as applied to noncitizens. Both cases arise from the same or closely related event—California's automatic mailing of ballots to noncitizens—thereby satisfying Local Rule 83-1.3.1(a).

2. *Proceeding before different judges would entail substantial duplication of labor.*

Both cases would require the Court to review the same statewide mailing process, the California Secretary of State's role in that process, and other aspects closely related thereto. Both cases likely require overlapping findings about who should not cast a vote-by-mail ballot and how Secretary of State Weber should carry out her duties in light of credible evidence regarding noncitizens casting vote-by-mail ballots. Accordingly, the cases are related under Local Rule 83-1.3.1(c).

DATED: October 15, 2026

Respectfully submitted,

*/s/ ANDREW M. DARLINGTON*
ANDREW M. DARLINGTON
Counsel