ROB BONTA
Attorney General of California
SETH E. GOLDSTEIN
Supervising Deputy Attorney General
ANNE P. BELLOWS
MICHAEL S. COHEN
LISA C. EHRLICH
ANDREW E. KUSHNER
CHRISTINA M. MCCALL
Deputy Attorneys General
State Bar No. 234139
1300 I St.
Sacramento, CA 95814
Telephone: (916) 210-7890
E-mail: Christina.McCall@doj.ca.gov
*Attorneys for Defendants,*
*State of California and Shirley N. Weber, Ph.D., in her official capacity as the California Secretary of State*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>**v.**<br>**STATE OF CALIFORNIA and SHIRLEY N. WEBER, in her official capacity as the California Secretary of State,**<br>Defendants. | 2:26-cv-12025<br>**STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S NOTICE OF RELATED CASE**<br>Date: Not Set<br>Time: Not Set<br>Courtroom: Not Set<br>Judge: Not Yet Assigned<br>Trial Date: Not Set<br>Action Filed: October 15, 2026 |

On October 15, 2026, the United States filed a Notice of Related Case (the "Notice"), identifying *Wagner v. Weber*, Case No. 8:26-cv-01263-MCS-PVC as related to this case. ECF No. 3. Defendants, the State of California and Secretary of State Shirley N. Weber, Ph.D., oppose the Notice, and, in a concurrently filed

Notice of Related Case submit that this case is actually related to *United States v. Weber*, Case No. 2:25-cv-09149-DOC-ADS.

Under Central District of California Local Civil Rules (L.R.) Rule 83-1.3.1, a notice of a related civil case must be filed if the case is related to another civil case filed in the Central District when the cases: "(a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; (c) or for other reasons would entail substantial duplication of labor if heard by different judges." Local Rule 83-1.3.3 allows any party to file a short statement setting forth the reasons that the case does not qualify as a related case.

Cases are not related under the Local Rule merely because the claims involve a broadly similar legal topic. *C.f. Bonilla v. United Brands Co.*, No. CV 11-386 PA (DTBx), 2011 WL 13220120, at *1 (C.D. Cal. Mar. 21, 2011) (declining to find two cases related despite both advancing similar claims for false advertising and the dangers of premixed caffeinated alcoholic drinks under various California statutes); *Harris v. Stonecrest Care Auto Ctr.*, LLC, No. 04CV2593-LAB (LSP), 2008 WL 474388, at *1 (S.D. Cal. Feb. 20, 2008) (declining transfer of purportedly related case because, while "[t]he defendants in both cases are the same and the cases involve similar legal theories," "[t]he complaint [in the prior case] involves a different plaintiff and arises from different facts").

Plaintiff does not satisfy Local Rule 83-1.3.1 subdivision (a) because this case and *Wagner v. Weber* do not arise from the same or a closely related transaction, happening, or event. *Wagner v. Weber*, filed on behalf of a candidate for office and a political party, alleges a violation of 52 U.S.C. § 20507(a)(4), Section 8(a)(4) of the National Voter Registration Act of 1993 ("NVRA"). The instant case, filed on behalf of the federal government, alleges a preemption cause of action apparently based upon a purported violation of 18 U.S.C. § 611(a). Nowhere in the single claim for relief filed in the instant case is there an allegation

of a violation of 52 U.S.C. § 20507(a)(4). Complaint, ECF No. 1 ¶¶ 50-61. In *Wagner*, the alleged event is California's alleged failure to remove voters who have died or changed residence from the list of eligible voters, and in the instant case, the alleged event is the alleged anticipated failure to prevent non-citizens from voting.

Nor do Plaintiffs satisfy Local Rule 83-1.3.1 subdivision (b), since this case does not call for determination of the same, substantially related, or similar questions of law and fact as *Wagner v. Weber*. The only claims in *Wagner v. Weber* are that Secretary of State Weber is not fulfilling her obligation to conduct a general program that makes a reasonable effort to remove registrants who have become ineligible by reason of change of residence under Section 8(a)(4)(B). The only claim in the instant case involves an allegation that, based upon no evidence, California knows that "noncitizens might be registered to vote" and is "frustrat[ing] . . . the federal prohibition against noncitizens voting in federal elections." Compl. ¶ 59. Therefore, the cases do not involve substantially related questions of law or fact.

Finally, the cases would not entail substantial duplication of labor under Local Rule 83-1.3.1 subdivision (c) if heard by different judges. *Wagner v. Weber* is at an early stage of litigation, filed less than five months ago, with no dispositive motions filed. *See* Docket, Case No. 8:26-cv-01263-MCS-PVC. Because the claims and facts in *Wagner v. Weber* do not overlap with the claims and facts alleged in the instant case, it is unlikely that assigning this case to the judge presiding over *Wagner v. Weber* would promote judicial economy and efficiency.

//

//

//

//

//

For the foregoing reasons, Defendants oppose the Notice of Related case because the L.R. 83-1.3.1 factors are not met.

Dated: October 15, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
SETH E. GOLDSTEIN
Supervising Deputy Attorney General

***/s/ Christina M. McCall***

CHRISTINA M. MCCALL
ANNE P. BELLOWS
MICHAEL S. COHEN
LISA C. EHRLICH
ANDREW E. KUSHNER
Deputy Attorneys General
*Attorneys for Defendants, State of California and Shirley N. Weber, Ph.D., in her official capacity as the California Secretary of State*