ROB BONTA
Attorney General of California
SETH E. GOLDSTEIN
Supervising Deputy Attorney General
ANNE P. BELLOWS
MICHAEL S. COHEN
LISA C. EHRLICH
ANDREW E. KUSHNER
CHRISTINA M. MCCALL
Deputy Attorneys General
State Bar No. 234139
1300 I St.
Sacramento, CA 95814
Telephone: (916) 210-7890
E-mail: Christina.McCall@doj.ca.gov
*Attorneys for Defendants,*
*State of California and Shirley N. Weber, Ph.D., in her official capacity as the California Secretary of State*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>**v.**<br><br>**STATE OF CALIFORNIA and SHIRLEY N. WEBER, in her official capacity as the California Secretary of State, and DEAN C. LOGAN, in his official capacity as the County of Los Angeles Registrar-Recorder / County Clerk,**<br><br>Defendants. | 2:26-cv-12025<br><br>**STATE DEFENDANTS' NOTICE OF RELATED CASE**<br><br>Date: Not Set<br>Time: Not Set<br>Courtroom: Not Set<br>Judge: Not Yet Assigned<br>Trial Date: Not Set<br>Action Filed: October 15, 2026 |

On October 15, 2026, the United States filed a single count Complaint, alleging an unspecified violation of the Supremacy Clause apparently linked to a criminal statute: 18 U.S.C. § 611. Complaint, ECF No. 1 at 12-14. Pursuant to Central District of California Local Civil Rules (L.R.) Rule 83-1.3.1, Defendants,

the State of California and Secretary of State Shirley N. Weber, Ph.D., hereby notify the Clerk of the Court, and all parties and their counsel of record, of the following related action in the Central District of California: *United States v. Weber*, Case No. 2:25-cv-09149-DOC-ADS (related to *United States v. Page*, Case No. 8:25-cv-01370-DOC-ADS). The instant case arises from closely related events and calls for determination of substantially related questions of law and fact to *United States v. Weber* and involves substantial duplication of labor if heard by different judges. *See* L.R. Rule 83-1.3.1(a)-(c).

First, the instant case arises from a closely related transaction, happening, or event to that in *Weber* because it arises from the United States government's attempts to access and control the State of California's voter rolls, and the United States government's allegations that there are non-citizen voters present on the state's voter rolls. L.R. Rule 83-1.3.1(a). In *Weber*, the United States demanded California's voter rolls while asking questions about cancellation of registration due to non-citizenship. *See United States v. Weber*, 816 F. Supp. 3d 1168, 1176 & n.4 (C.D. Cal. 2026). In the instant case, the United States again alleges that it believes there may be non-citizens whose registration has not been properly cancelled. *See, e.g.*, Compl. ¶ 3. Moreover, both cases involve the federal government's attempts to use questionable data matching to determine voter eligibility. *See Weber*, 816 F. Supp. 3d at 1185 (discussing U.S. DOJ's efforts to screen voter eligibility in conjunction with DHS); Compl. ¶¶ 33-39 (discussing DHS screening voter eligibility in service of U.S. DOJ litigation). *See NMS 1539, LLC v. City of Santa Monica*, No. 20-cv-11318-FLA (JPRx), 2021 WL 4776350, at *4 (June 3, 2021) (cases "that arise from closely related transactions, happening, or events" should be related).

Second, the instant case calls for determination of substantially related questions of law and fact to those at issue in *Weber*. Both cases involve "the Executive Branch of the United States government want[ing] to abridge the right of

many Americans to cast their ballots." *Weber*, 816 F. Supp. 3d at 1174. Specifically, in *Weber*, the "issue presented to this court is animated by a well-established principle, long recognized by the Supreme Court: the right to vote is 'a fundamental political right, because [it is] preservative of all rights.'" *Id. citing Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886). In the instant case, the United States demands California segregate, and not count, Californians' ballots, squarely presenting the issue of protecting citizens' fundamental right to vote. Additionally, both cases turn on allegations by the United States that the supremacy of federal law preempts state election laws, and the role of the Election Clause in election administration. *See, e.g.*, *Weber*, 816 F. Supp. 3d at 1175, 1188-89 (analyzing Elections Clause and federal preemption claims relating to state election administration); Compl. ¶¶ 50-61 (Claim for Relief – Violation of the Supremacy Clause). Moreover, both cases involve similar data validity issues. *See, e.g.*, *Weber*, 816 F. Supp. 3d at 1185-86 & n.22, (discussing DHS database use to allegedly determine voter eligibility); Compl. ¶¶ 33-39 (same).

Third, proceeding before different judges would entail substantial duplication of labor. Both cases require the Court to review the United States government's claims that federal law preempts California's state laws in the context of election administration, to understand and evaluate the federal government's alleged attempts to conduct voter roll data matching and detect alleged non-citizens on the voter rolls, and to address the federal government's unique and novel use of causes of action to achieve ends not intended by Congress to control state election administration. *See, e.g.*, *Weber*, 816 F. Supp. 3d at 1181-82 (addressing federal government's novel attempts to use Civil Rights Act cause of action to require special procedures); Compl. ¶¶ 50-61 (Claim for Relief – Violation of the Supremacy Clause based on alleged violation of federal criminal statute). The Court in *Weber* is already deeply familiar with these issues, and relating the cases would eliminate the duplication of that substantial judicial labor. *See Integrated Concepts,*

*Inc. v. j2 Global, Inc.*, No. CV 12-3434-RMW, 2014 WL 2931125, at *3 (C.D. Cal. June 27, 2014) (judicial economy preserved by relating cases with similar claims and underlying factual issues).

Dated: October 15, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
SETH E. GOLDSTEIN
Supervising Deputy Attorney General

***/s/ Christina M. McCall***

CHRISTINA M. MCCALL
ANNE P. BELLOWS
MICHAEL S. COHEN
LISA C. EHRLICH
ANDREW E. KUSHNER
Deputy Attorneys General
*Attorneys for Defendants, State of California and Shirley N. Weber, Ph.D., in her official capacity as the California Secretary of State*