# Exhibit C

Uzoma N. Nkwonta* (DC Bar No. 975323)
unkwonta@elias.law
Branden D. Lewiston* (DC Bar No. 252550)
blewiston@elias.law
Julianna D. Astarita* (DC Bar No. 90041368)
jastarita@elias.law
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135

Tyler L. Bishop (CA Bar No. 337546)
tbishop@elias.law
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (202) 948-1135

Omar Qureshi (CA Bar No. 323493)
omar@qureshi.law
Max Schoening (CA Bar No. 324643)
max@qureshi.law
**QURESHI LAW PC**
700 Flower Street, Suite 1000
Los Angeles, CA 90017
T: (213) 786-3478
F: (213) 277-8989

*Counsel for Proposed Intervenor-Defendants SIREN and Mi Familia en Acción*

* *Pro hac vice application forthcoming*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF CALIFORNIA, SHIRLEY N. WEBER, in her official capacity as Secretary of State of California, and DEAN C. LOGAN, in his official capacity as the County of Los Angeles Registrar-Recorder/County Clerk,

Defendants.

Case No: 2:26-cv-12025

**PROPOSED ANSWER OF SERVICES, IMMIGRANT RIGHTS AND EDUCATION NETWORK AND MI FAMILIA EN ACCIÓN**

Hearing Date: TBD*

Proposed Intervenors Services, Immigrant Rights and Education Network ("SIREN") and Mi Familia Vota en Acción ("MFA") answer Plaintiff's Complaint (ECF No. 1) as follows:

## INTRODUCTION[1]

1. Paragraph 1 contains legal contentions, conclusions, opinions, and characterizations to which no response is required.

2. Paragraph 2 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. To the extent a response is

[1] Headings are included because they appear in the Plaintiff's complaint; they are duplicated to aid and assist in ease of comparison between the complaint and Intervenor-Defendants' answer. They are not factual assertions and accordingly do not require a response. Their reproduction in this answer should not be understood otherwise, nor should they be understood to make any admission on behalf of Proposed Intervenors. To the extent the headings in Plaintiff's complaint are incorporated in their allegations, they are denied.

required, Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore deny them.

3. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 3 and therefore deny them.

4. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore deny them.

5. Denied.

6. Paragraph 6 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. Otherwise, Proposed Intervenors deny the allegations.

## JURISDICTION AND VENUE

7. Paragraph 7 contains legal contentions, conclusions, opinions, and characterizations to which no response is required.

8. Denied.

9. Denied.

10. Denied.

11. Paragraph 11 contains legal contentions, conclusions, opinions, and characterizations to which no response is required.

12. Paragraph 12 contains legal contentions, conclusions, opinions, and characterizations to which no response is required.

## PARTIES

13. Paragraph 13 contains legal contentions, conclusions, opinions, and characterizations to which no response is required.

14. Admitted.

15. Proposed Intervenors admit that Shirley Weber is the California Secretary of State and that she is sued in her official capacity. The remaining

allegations in Paragraph 15 contain legal contentions, conclusions, opinions, and characterizations to which no response is required.

16. Proposed Intervenors admit that Dean C. Logan is the County of Los Angeles Registrar-Recorder / County Clerk. The remaining allegations in Paragraph 16 contain legal contentions, conclusions, opinions, and characterizations to which no response is required.

## LEGAL BACKGROUND

### I. Federal Law Prohibits Noncitizens from Voting in Federal Elections.

17. Paragraph 17 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. To the extent a response is required, Proposed Intervenors state that the quoted statute speaks for itself.

18. Paragraph 18 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. To the extent a response is required, Proposed Intervenors state that the quoted statute speaks for itself.

19. Paragraph 19 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. To the extent a response is required, Proposed Intervenors state that the quoted statutes speak for themselves.

20. Paragraph 20 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. To the extent a response is required, Proposed Intervenors state that the quoted sources speak for themselves.

### II. California's Vote-By-Mail Regime

#### A. California's Vote-by-Mail Ballots

21. Admitted.

22. Admitted.

23. Paragraph 23 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. To the extent a response is required, Proposed Intervenors state that the quoted statute speaks for itself.

24. Paragraph 24 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. To the extent a response is required, Proposed Intervenors state that the quoted statutes speak for themselves.

25. Paragraph 25 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. To the extent a response is required, Proposed Intervenors state that the cited statutes speak for themselves.

### B. Election Officials Count a Vote-by-Mail Ballot if They Verify the Signature

26. Paragraph 26 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. Otherwise, the quoted statutes speak for themselves.

27. Paragraph 27 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. To the extent a response is required, Proposed Intervenors state that the cited statutes and regulations speak for themselves.

28. Paragraph 28 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. To the extent a response is required, Proposed Intervenors state that the quoted regulations speak for themselves.

29. Paragraph 29 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. To the extent a response is required, Proposed Intervenors state that the cited statutes speak for themselves.

## FACTUAL ALLEGATIONS

30. Admitted that USCIS is responsible for adjudicating immigrant visa and naturalization applications. Proposed Intervenors otherwise lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore deny them.

31. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore deny them.

32. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 32 and therefore deny them.

### I. Federal Agencies' Process to Identify Likely Noncitizens on Voter Rolls in Federal Elections

#### A. USCIS' Processes to Determine Likely Noncitizens on Voter Rolls

33. Admitted that California's redacted voter roll is available for purchase. Proposed Intervenors otherwise lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 33 and therefore deny them, including as to footnote 1.

34. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 34 and therefore deny them.

35. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 35 and therefore deny them.

36. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 36 and therefore deny them.

37. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 37 and therefore deny them.

38. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 38 and therefore deny them.

**B. HSI's Processes to Determine Likely Noncitizens on Voter Rolls**

39. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 39 and therefore deny them.

40. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 40 and therefore deny them.

41. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 41 and therefore deny them.

42. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 42 and therefore deny them.

43. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 43 and therefore deny them.

**II. Federal Agencies Identified Likely Noncitizens Registered to Vote in California, and the United States Notified Defendants of these Voters.**

44. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 44 and therefore deny them.

45. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 45 and therefore deny them.

46. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 46 and therefore deny them.

47. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 47 and therefore deny them.

48. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 48 and therefore deny them.

49. Admitted that the United States has sued California. Otherwise, denied.

## CLAIM FOR RELIEF

### Violation of the Supremacy Clause as Applied to California's Actions of Knowingly Sending Vote-By-Mail Ballots to Likely Noncitizens and Ultimately Counting Those Ballots in Violation of 18 U.S.C. § 611

50. In response to Paragraph 50, Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

51. Paragraph 51 contains legal contentions, conclusions, opinions, and characterizations to which no response is required.

52. Paragraph 52 contains legal contentions, conclusions, opinions, and characterizations to which no response is required.

53. Paragraph 53 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

54. Paragraph 54 contains legal contentions, conclusions, opinions, and characterizations to which no response is required.

55. Paragraph 55 contains legal contentions, conclusions, opinions, and characterizations to which no response is required.

56. Paragraph 56 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

57. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 57 and therefore deny them.

58. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 58 and therefore deny them.

59. Paragraph 59 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

60. Paragraph 60 contains legal contentions, conclusions, opinions, and characterizations to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

61. Denied.

## PRAYER FOR RELIEF

The complaint includes a Prayer for Relief demanding equitable and declaratory relief. Proposed Intervenors deny that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claim is barred for lack of jurisdiction.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Plaintiff's claim and requests for relief are barred by equity, including on the basis of laches.

4. The relief sought by Plaintiff is inconsistent with and foreclosed by federal statutes and the United States Constitution.

Dated: October 15, 2026

Respectfully submitted,

<u>*/s/ Max Schoening*</u>

Omar Qureshi (CA Bar No. 323493)
omar@qureshi.law
Max Schoening (CA Bar No. 324643)
max@qureshi.law
**QURESHI LAW PC**
700 Flower Street, Suite 1000
Los Angeles, CA 90017
T: (213) 786-3478

Uzoma N. Nkwonta* (DC Bar No. 975323)
Branden D. Lewiston* (DC Bar No. 252550)
Julianna D. Astarita* (DC Bar No. 90041368)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
unkwonta@elias.law
blewiston@elias.law
jastarita@elias.law

Tyler L. Bishop (CA Bar No. 337546)
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
tbishop@elias.law

*Counsel for Proposed Intervenor-Defendants SIREN and MFA*

* *Pro hac vice application forthcoming*