# EXHIBIT D

Aseem Mulji (Cal. Bar No. 330354)
amulji@campaignlegalcenter.org
Anna Baldwin* (DC Bar No. 998713)
abaldwin@campaignlegalcenter.org
Sejal Jhaveri* (DC Bar No. 90043488)
sjhaveri@campaignlegalcenter.org
Daniel S. Lenz* (WI Bar No. 1082058)
dlenz@campaignlegalcenter.org
David Kronig* (DC Bar No. 1030649)
dkronig@campaignlegalcenter.org
William Hancock* (DC Bar No. 90002204)
whancock@campaignlegalcenter.org
Heather Szilagyi* (DC Bar No. 90006787)
hszilagyi@campaignlegalcenter.org
Robyn K. Bitner* (DC Bar No. 1617036)
rbitner@campaignlegalcenter.org
**CAMPAIGN LEGAL CENTER**
1333 New Hampshire Ave. NW, Ste. 300
Washington, DC 20036
(202) 736-2200

Norman L. Eisen* (DC Bar No. 435051)
norman@democracydefenders.org
Tianna Mays* (DC Bar No. 21597)
tianna@democracydefenders.org
Pooja Chaudhuri** (Cal. Bar No. 314847)
pooja@democracydefenders.org
Jacki Anderson* (DC Bar No. 1531821)
jacki@democracydefenders.org
Beauregard Patterson* (WI Bar No. 1102842)
beauregard@democracrydefenders.org
Jacob Kovacs-Goodman* (DC Bar No. 90032363)
jacob@democracydefenders.org
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Ave. SE #15180
Washington, DC 20003
(202) 601-8678

*Additional counsel on next page*

Kristen M. Clarke* (DC Bar No. 973885)
kclarke@naacpnet.org
Anthony P. Ashton* (MD Bar No. 25220)
aashton@naacpnet.org
Olivia N. Sedwick* (DC Bar No. 1600928)
osedwick@naacpnet.org
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
(410) 580-5777

*Counsel for Proposed Intervenor-Defendants League of United Latin American Citizens; NAACP; NAACP California/Hawaii State Conference; NAACP Los Angeles Branch*

**Pro hac vice application forthcoming*
***Admission application forthcoming*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br>v.<br>STATE OF CALIFORNIA; SHIRLEY WEBER, in her official capacity as the Secretary of State of California; and DEAN LOGAN, in his official capacity as Los Angeles County Registrar-Recorder,<br>*Defendants*. | Case No. 2:26-cv-12025<br><br>**LEAGUE OF UNITED LATIN AMERICAN CITIZENS; NAACP; NAACP CALIFORNIA/HAWAII STATE CONFERENCE; AND NAACP LOS ANGELES BRANCH'S PROPOSED ANSWER** |

Proposed Intervenor-Defendants League of United Latin American Citizen (LULAC) and National Association for the Advancement of Colored People, NAACP California/Hawaii State Conference, and NAACP Los Angeles Branch (together, NAACP) (collectively, Proposed Intervenor-Defendants) answers Plaintiff's Complaint (ECF No. 1) as follows:

## INTRODUCTION[1]

1. Paragraph 1 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants allege that the statutes speak for themselves.

2. Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in Paragraph 2.

3. Based on information publicly available, Proposed Intervenor-Defendants admit that Plaintiff's Exhibit A is a copy of communication from a Department in the federal government to the California Secretary of State, and that Exhibit B is the response from the California Secretary of State. Proposed Intervenor-Defendants allege

[1] Headings from the Complaint are reproduced here for clarity. This is not intended to admit any allegation contained in the Complaint. To the extent any heading or subheading in the Complaint constitutes an allegation, that allegation is denied.

that the documents speak for themselves and deny the remaining allegations in Paragraph 3.

4. Based on information available, Proposed Intervenor-Defendants admit that Exhibit C is a letter from Acting Deputy Attorney General R. Trent McCotter to California Secretary of State Shirley N. Weber, Ph.D., and Exhibit D is a letter from Acting Deputy Attorney General R. Trent McCotter to Los Angeles County Recorder-Registrar/County Clerk Dean C. Logan. Proposed Intervenor-Defendants allege that the documents speak for themselves and deny the remaining allegations in Paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the language quoted in the parenthetical appears in *Norwood v. Harrison*, 413 U.S. 455, 465 (1973), though it is quoted without acknowledgement of alterations to the text and is a quotation from a different case. Proposed Intervenor-Defendants deny the remaining allegations.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny Plaintiff is entitled to relief and deny the remaining allegations in Paragraph 6.

## **JURISDICTION AND VENUE**

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, based on information available, Proposed Intervenor-Defendants admit the allegations in Paragraph 11.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, based on information available, Proposed Intervenor-Defendants admit the allegations in Paragraph 12.

## PARTIES

13. Proposed Intervenor-Defendants admit that Plaintiff is the United States of America. The remaining allegations in Paragraph 13 contain legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations.

14. Proposed Intervenor-Defendants admit that the State of California is a Defendant and a State of the United States.

15. Proposed Intervenor-Defendants admit that Defendant Secretary of State Shirley N. Weber is the California Secretary of State and sued in her official capacity only. Proposed Intervenor-Defendants admit that the quoted language in Paragraph 15 is correct partial quotations from the California Secretary of State's website and that Defendant Weber is California's chief elections officer. Proposed Intervenor-Defendants allege that the documents speak for themselves.

16. Proposed Intervenor-Defendants admit that Defendant County of Los Angeles Registrar-Recorder/County Clerk Dean C. Logan is the County of Los Angeles Registrar-Recorder/County Clerk and is sued in his official capacity only. Proposed Intervenor-Defendants admit that the cited website states in part that Defendant Logan is responsible for registering voters, maintaining voter files, and administering federal

elections. Proposed Intervenor-Defendants allege that the documents speak for themselves.

## LEGAL BACKGROUND

### I. Federal Law Prohibits Noncitizens from Voting in Federal Elections

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the quoted language in Paragraph 17 is correctly partially quoted from 18 U.S.C. § 611(a).

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the quoted language in Paragraph 18 is correctly partially quoted from 18 U.S.C. § 611(a).

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that 18 U.S.C. § 611(b) provides for fines and imprisonment for violation of the section of the law but deny the remaining allegations.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit the quoted language in Paragraph 20 correctly partially quotes Black's Law Dictionary and *United States v. Knight*, 490 F.3d 1268, 1271 (11th Cir. 2007), but otherwise deny the allegations in Paragraph 20.

### II. California's Vote-by-Mail Regime

#### A. California's Vote-by-Mail Ballots

21. Proposed Intervenor-Defendants admit that the cited case references California permitting mail voting in 1922 but lack sufficient information to admit or deny the remaining allegations.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants allege that the statutes speak for themselves.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the quoted language is correctly partially quoted in the cited statute and otherwise allege that the statute speaks for itself.

24. Paragraph 24 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the quoted language is correctly partially quoted in the cited statute and otherwise allege that the statute speaks for itself.

25. Paragraph 25 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants allege that the statute speaks for itself and deny the remaining allegations.

**B. Election Officials Count a Vote-by-Mail Ballot if They Verify the Signature**

26. Paragraph 26 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the quoted language is correctly partially quoted in the cited statute and otherwise allege that the statute speaks for itself.

27. Paragraph 27 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the quoted language is correctly partially quoted in the cited statutes and otherwise allege that the statutes speak for themselves.

28. Paragraph 28 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the quoted language is correctly partially quoted in the cited statute and otherwise allege that the statute speaks for itself.

29. Paragraph 29 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-

Defendants admit that the quoted language is correctly partially quoted in the cited statute and otherwise allege that the statutes speak for themselves.

## FACTUAL ALLEGATIONS

30. Paragraph 30 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants allege that the statutes speak for themselves and otherwise lack sufficient information to admit or deny the allegations in Paragraph 30.

31. Paragraph 31 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants allege that the statutes speak for themselves and otherwise lack sufficient information to admit or deny the allegations in Paragraph 31.

32. Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in Paragraph 32.

### I. Federal Agencies' Process to Identify Likely Noncitizens on Voter Rolls in Federal Elections

#### A. USCIS' Processes to Determine Likely Noncitizens on Voter Rolls

33. Paragraph 33 includes legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in Paragraph 33.

34. Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in Paragraph 34. To the extent Paragraph 34 asserts that the process outlined reliable identifies noncitizens or that its self-characterized "high confidence" matches are reliable, denied.

35. Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in Paragraph 35. As to the Plaintiff's characterization of matches using unidentified "third-party software" as "high confidence," denied.

36. Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in Paragraph 36. As to the Plaintiff's assertion of its identification of "high-confidence matches from the voter rolls with a verified alien number," denied.

37. Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in Paragraph 37. As to the characterization of second-level review as "an additional safeguard," denied.

38. Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in Paragraph 38. As to the characterization of a "list of likely noncitizens on voter rolls," denied.

**B. HSI's Processes to Determine Likely Noncitizens on Voter Rolls**

39. Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in Paragraph 39. As to the characterization of "voter names . . . that USCIS has a 'high confidence' are likely noncitizens who are registered to vote," denied.

40. Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in Paragraph 40. Paragraph 40 also includes legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants allege that the statutes speak for themselves.

41. Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in Paragraph 41.

42. Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in Paragraph 42. As to the characterization of a "high-confidence list" and HSI tools that "shore up any data deficiencies that could exist," denied.

43. Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in Paragraph 43.

**II. Federal Agencies Identified Likely Noncitizens Registered to Vote in California, and the United States Notified Defendants of these Voters**

44. Paragraph 44 includes legal conclusions to which no response is required. To the extent that a response is required, Proposed Intervenor-Defendants admit that, based on publicly available information, California mailed ballots on October 1, 2026, to all registered voters.

45. Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in Paragraph 45.

46. Proposed Intervenor-Defendants deny that California sent vote-by-mail ballots to 20,000 noncitizens and deny that HSI "reasonably believes" 20,000 noncitizens are registered to vote in California. Proposed Intervenor-Defendants lack sufficient information to admit or deny the remaining allegations.

47. Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in Paragraph 47, but do admit, based on publicly available information, that Exhibit C reflects a letter from Acting Deputy Attorney General R. Trent McCotter to California Secretary of State Shirley N. Weber, Ph.D., and that Exhibit D reflects a letter from Acting Deputy Attorney General R. Trent McCotter to Los Angeles County Registrar-Recorder/County Clerk Dean C. Logan. The documents speak for themselves.

48. Proposed Intervenor-Defendants deny the allegations in paragraph 48.

49. Proposed Intervenor-Defendants deny the allegations in paragraph 49.

## CLAIM FOR RELIEF

## Violation of the Supremacy Clause as Applied to California's Actions of Knowingly Sending Vote-By-Mail Ballots to Likely Noncitizens and Ultimately Counting Those Ballots in Violation of 18 U.S.C. § 611

50. Proposed Intervenor-Defendants incorporates by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

51. Paragraph 51 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admits that the quoted text correctly quotes from Article VI of the U.S. Constitution, though it does not include the full text.

52. Paragraph 52 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants admit that the quoted text correctly quotes from Article I of the U.S. Constitution, though it does not include the full text.

53. Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations in Paragraph 53.

54. Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations in Paragraph 54.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations in Paragraph 55.

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendants deny the allegations in Paragraph 56.

57. Proposed Intervenor-Defendants deny the allegations in paragraph 57.

58. Proposed Intervenor-Defendants deny the allegations in paragraph 58.

59. Paragraph 59 contains legal conclusions to which no response is required. Proposed Intervenor-Defendants deny the remaining allegations in paragraph 59.

60. Proposed Intervenor-Defendants lack sufficient information to admit or deny the allegations in the first sentence. Proposed Intervenor-Defendants deny the remaining allegations in paragraph 60.

61. Proposed Intervenor-Defendants deny the allegations in paragraph 61.

## GENERAL DENIAL

Proposed Intervenor-Defendants deny every allegation in Plaintiff's Complaint for Declaratory and Injunctive Relief that is not expressly admitted herein. Proposed Intervenor-Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint and without assuming any burden not imposed by law, Proposed Intervenor-Defendants assert the following affirmative defenses:

1. Plaintiff has failed to allege subject matter jurisdiction.
2. Plaintiff has failed to state a claim upon which relief can be granted.
3. Plaintiff has failed to allege an entitlement to injunctive relief.
4. Plaintiff's requested relief is inconsistent with the U.S. Constitution and federal law.
5. Plaintiff lacks authority to bring this cause of action.
6. Plaintiff's claim is barred by the *Purcell* principle. *Purcell v. Gonzalez*, 549 U.S. 1 (2006).
7. Plaintiff's claim is barred pursuant to the doctrine of *laches*.

Proposed Intervenor-Defendants reserve the right to add additional Affirmative Defenses to Plaintiff's Complaint as the existence of such defenses is discovered through the course of discovery or otherwise.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint for Declaratory and Injunctive Relief, Proposed Intervenor-Defendants pray for judgment as follows:

A. That the Court dismiss the Complaint for Declaratory and Injunctive Relief with prejudice;

B. That judgment be entered in favor of Proposed Intervenor-Defendants and against Plaintiff on Plaintiff's Complaint for Declaratory and Injunctive Relief and that Plaintiff takes nothing thereby;

C. That Proposed Intervenor-Defendants be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: October 16, 2026

Respectfully submitted,


*/s/ Aseem Mulji*

Norman L. Eisen* (DC Bar No. 435051)
norman@democracydefenders.org
Tianna Mays* (DC Bar No. 21597)
tianna@democracydefenders.org
Pooja Chaudhuri** (Cal. Bar No. 314847)
pooja@democracydefenders.org
Jacki Anderson* (DC Bar No. 1531821)
jacki@democracydefenders.org
Beauregard Patterson* (WI Bar No. 1102842)
beauregard@democracrydefenders.org
Jacob Kovacs-Goodman* (DC Bar No. 90032363)
jacob@democracydefenders.org
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Ave. SE #15180
Washington, DC 20003
(202) 601-8678

Aseem Mulji (Cal. Bar No. 330354)
amulji@campaignlegalcenter.org
Anna Baldwin* (DC Bar No. 998713)
abaldwin@campaignlegalcenter.org
Sejal Jhaveri* (DC Bar No. 90043488)
sjhaveri@campaignlegalcenter.org
Daniel S. Lenz* (WI Bar No. 1082058)
dlenz@campaignlegalcenter.org
David Kronig* (DC Bar No. 1030649)
dkronig@campaignlegalcenter.org
William Hancock* (DC Bar No. 90002204)
whancock@campaignlegalcenter.org
Heather Szilagyi* (DC Bar No. 90006787)

Kristen M. Clarke* (DC Bar No. 973885)
kclarke@naacpnet.org
Anthony P. Ashton* (MD Bar No. 25220)
aashton@naacpnet.org
Olivia N. Sedwick* (DC Bar No. 1600928)
osedwick@naacpnet.org
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
(410) 580-5777

hszilagyi@campaignlegalcenter.org
Robyn K. Bitner* (DC Bar No. 1617036)
rbitner@campaignlegalcenter.org
**CAMPAIGN LEGAL CENTER**
1333 New Hampshire Ave. NW, Ste. 300
Washington, DC 20036
(202) 736-2200

**Pro hac vice application forthcoming*
***Admission application forthcoming*

*Counsel for Proposed Intervenor-Defendants League of United Latin American Citizens; NAACP; NAACP California/Hawaii State Conference; NAACP Los Angeles Branch*