R. TRENT MCCOTTER
Acting Deputy Attorney General
JOHN K. ADAMS
Associate Deputy Attorney General
ANDREW M. DARLINGTON
Counsel to the Assistant Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C., 20530
Telephone: (202) 532-0100
Andrew.Darlington2@usdoj.gov

Attorneys for Plaintiff
*United States of America*
*Additional counsel listed on following page*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al*.,<br><br>Defendants. | Case No. 2:26-cv-12025<br><br>**UNITED STATES' OBJECTION TO DEFENDANTS' NOTICES OF RELATED CASES** |

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (Cal. Bar No. 272742)
Assistant United States Attorney
J. ROBERT RENNER (Cal. Bar No. 148587)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-2464
E-mail: Julie.Hamill@usdoj.gov

On October 15, 2026, Defendants State of California and Secretary of State Shirley N. Weber ("State Defendants" or "California") filed a Notice of Related Case, claiming that the instant case is related to *United States v. Weber*, Case No. 2:25-cv-09149-DOC-ADS ("SVRL Case"). Dkt. 10. The next day, Defendant Dean C. Logan joined State Defendants' Notice of Related Case and Objection to the United States' Notice of Related Case. Dkt. 20. The United States hereby objects to Defendants' Notice of Related Case pursuant to Local Rule 83-1.3.3. The only similarities between the SVRL Case and the instant case are the plaintiff and defendant. Instead, the instant case is related to *Wagner v. Weber*, Case No. 8:26-cv-01263-MCS-PVC ("*Wagner* Case"), because they relate to the same event, and having the same Judge hear both cases would further judicial economy. *See* Dkt. 3.

**1.** Local Rule 83-1.3.1(a) requires that related cases, "arise from the same or a closely related transaction, happening, or event." L.R. 83-1.3.1(a). The case Defendants wish to relate (SVRL Case) concerns voter *registration* practices by elections officials. *United States v. Weber*, 816 F. Supp. 3d 1168, 1176-78 (C.D. Cal. 2026); SVRL Case Complaint, Dkt. 1, ¶¶ 46-63 (demanding access to records under the Civil Rights Act, NVRA, and HAVA). Here, the claim arises from California's refusal to independently verify the citizenship of certain vote-by-mail voters after receiving credible evidence that noncitizens may vote in the federal election, and the requested relief asks the Court to order California to segregate covered ballots. Compl. ¶¶ 50-61. The SVRL Case does not at all concern certifying and tabulating illegal votes.

Defendants next try to stretch similarity into the Court's general obligations to apply law to fact. But that proves too much. Cases are related under Local Rule 83-1.3.1(b) when there is a "call for determination of the same or substantially related or similar questions of law and fact." The cases involve vastly different issues. The SVRL Case alleges Defendants' refusal to provide access to the SVRL violates the Civil Rights Act of 1960, the NVRA, and HAVA, SVRL Complaint, Dkt. 1, pp. 13-16; this case alleges violation of the Supremacy Clause by certifying and counting votes by

noncitizens, thereby frustrating enforcement of 18 U.S.C. § 611(a), Compl., p. 14. The SVRL Case seeks declaratory relief and an order from the Court requiring Defendants to provide the United States a current electronic copy of California's SVRL, *id.* at 16; this case seeks declaratory relief that Defendants' actions are preempted by federal law and thus violate the Supremacy Clause, and an injunction segregating ballots for eligibility verification before tabulation. Thus, the two cases share no "similar questions of law." L.R. 83-1.3(b); *see* Dkt. 10, Notice of Related Cases, at 2-3.

Finally, Defendants' conclusory claim of judicial economy fares no better. Despite Defendants' assertions, there is no preemption claim in the SVRL Case. *Compare* Notice, Dkt. 10, p. 3 *with* SVRL Complaint ¶¶ 46-63. And while Defendants are correct that both cases entail enforcement of federal law, such a common link would relate every elections enforcement action brought by the United States under the guise of judicial economy.

**2.** There is, however, a different case in this District that arises from the same or a closed related event. The *Wagner* Case—for which the United States filed a Notice of Related Case, Dkt. 3—includes allegations that Defendants' automatic mailing of vote-by-mail ballots necessarily includes recipients who are ineligible to vote, which the United States challenges as applied to noncitizens in the instant case. Defendants' automatic mailing of vote-by-mail ballots is the central transaction in this litigation. Dkt. 3, p. 2. The cases involve illegal voting by the same means by the same group of disqualified voters, much closer than some "broadly similar legal topic," *see* Dkt. 9 at 2.

Indeed, the *Wagner* Case requires the Court to review the same statewide mailing process, the California Secretary of State's role in that process, and other aspects closely related thereto. Dkt. 3, p. 2. Both cases likely require overlapping findings about how Secretary of State Weber should carry out her duties in response to credible evidence regarding noncitizens casting vote-by-mail ballots. *Id.*

For the foregoing reasons, the United States objects to State Defendants' Notice of Related Case, joined by Defendant Dean C. Logan. Dkt. 10, 20.

The present case is instead related to *Wagner v. Weber*.

DATED: October 18, 2026

Respectfully submitted,

*/s/ ANDREW M. DARLINGTON*
ANDREW M. DARLINGTON
Counsel