ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
SETH E. GOLDSTEIN
Supervising Deputy Attorney General
ANNE P. BELLOWS (SBN 293722)
MICHAEL S. COHEN (SBN 339846)
LISA C. EHRLICH (SBN 270842)
ANDREW E. KUSHNER (SBN 316035)
CHRISTINA M. MCCALL (SBN 234139)
Deputy Attorneys General
1300 I Street, P.O. Box 944255
Sacramento, CA 95814
Telephone: (916) 210-6090
Fax: (916) 324-8835
E-mail: Michael.Cohen@doj.ca.gov
*Attorneys for Defendants State of California and California Secretary of State Shirley N. Weber, in her official capacity*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>**v.**<br><br>**STATE OF CALIFORNIA, SHIRLEY N. WEBER, in her official capacity as the California Secretary of State, and DEAN C. LOGAN, in his official capacity as the County of Los Angeles Registrar-Recorder/County Clerk,**<br><br>Defendants. | Case No. 2:26-cv-12025<br><br>**DECLARATION OF RACHEL EVANS** |

I, Rachel Evans, hereby declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. I am familiar with the information set forth below either through personal knowledge, consultation with staff in the Office of the California Secretary of State, or from my review of relevant documents and information. If called as a witness, I could and would testify competently to the matters set forth below.

2. I am an Attorney employed in the Legal Affairs Unit of the Office of the California Secretary of State.

3. Attached hereto as **Exhibit 1** is a true and correct copy of the email correspondence exchanged between the Office of the California Secretary of State and the U.S. Department of Homeland Security on July 23, 2026, August 5, 2026, August 10, 2026, and August 19, 2026. Phone numbers and email addresses have been redacted.

4. Attached hereto as **Exhibit 2** is a true and correct copy of the October 15, 2026, letter from the California Secretary of State to the U.S. Department of Justice. The recipient's email address has been redacted.

5. Attached hereto as **Exhibit 3** is a true and correct copy of the October 16, 2026, letter from the U.S. Department of Justice to the Los Angeles County Counsel's Office, with a copy sent to the California Secretary of State.

6. The California Secretary of State has not received "a list of names of people the Federal Government believes are likely noncitizens who were sent a vote-by-mail ballot to participate in the November 2026 federal election," referenced in the October 13, 2026, letter from the U.S. Department of Justice to the California Secretary of State. ECF No. 1-3 at 2.

7. Since August 2026, the Office of the Secretary of State has received grand jury subpoenas for voter records for approximately 300 individuals. The Secretary of State has provided responsive records, or is in the process of providing

records, in response to each of these subpoenas. In requesting information pursuant to grand jury subpoenas, the U.S. Department of Justice generally provided sufficient information to identify a single voter, for instance: name, date of birth, address, driver's license number, and/or full social security number.

8. To date, the U.S. Department of Homeland Security has not provided evidence, documentation, or any other information to the Office of the California Secretary of State to substantiate any assertions that there "may be," Compl. ¶ 57, non-citizens registered to vote in California.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 19, 2026, at Sacramento, California.

Rachel Evans
Attorney, Legal Affairs Unit
California Secretary of State's Office

# EXHIBIT 1

**From:** Farrell, Patrick [redacted]
**Sent:** Wednesday, August 19, 2026 12:38 PM
**To:** LegalSupport
**Cc:** Elections
**Subject:** RE: Response from California Secretary of State Shirley N. Weber, Ph.D.

**Follow Up Flag:** Follow up
**Flag Status:** Completed

**Caution:** External Email Warning: This is an email from an external sender. Do not click any links or attachments unless you have confirmed the sender. Report phishing by using the phishing alert button.

Good afternoon,

Thank you for your response. The goal of the proposed virtual meeting is to engage in a collaborative good faith discussion and answer any questions your office may have. We believe that this would be far more productive than exchanging multiple emails or additional letters.

In answer to your primary questions: the analysis was done using California's publicly available voter file that is maintained by the Secretary of State. The analysis was not done using SAVE. Our objective is to explain our investigative process and provide a list of individuals identified as potential non-citizens. As Secretary Mullin's letter made clear, DHS is here to support California and has the resources available to enable Secretary Weber, and your team, to positively identify the individual non-citizens registered in California.

We continue to advocate for this cooperative discussion. If you are interested as well, you may provide your availability and I'll be happy to get a meeting organized.

Sincerely,
**Patrick Farrell**
Chief of Staff
Office of Partnership and Engagement
United States Department of Homeland Security
C: [redacted] O: [redacted]

---

**From:** LegalSupport <legalsupport@sos.ca.gov>
**Sent:** Monday, August 10, 2026 12:23 PM
**To:** Farrell, Patrick [redacted]
**Cc:** Elections <elections@hq.dhs.gov>
**Subject:** Re: Response from California Secretary of State Shirley N. Weber, Ph.D.

Dear Mr. Farrell,

Thank you for the offer to schedule a virtual meeting, but we respectfully decline. To promote accurate record keeping and accountability, we prefer to communicate on this matter in writing. As noted in our communication dated July 23, 2026, which you have failed to

adequately respond to, additional information needed to effectively evaluate your claims can be provided to this email address.

Sincerely,
Legal Affairs Office
California Secretary of State
T: 916-695-1242

**SHIRLEY N. WEBER, Ph.D.**
CALIFORNIA SECRETARY OF STATE
WWW.SOS.CA.GOV

**Confidentiality Notice**: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

---

**From:** Farrell, Patrick [redacted]
**Sent:** Wednesday, August 5, 2026 2:53 PM
**To:** LegalSupport <legalsupport@sos.ca.gov>
**Cc:** Elections <elections@hq.dhs.gov>
**Subject:** RE: Response from California Secretary of State Shirley N. Weber, Ph.D.

**Caution:** External Email Warning: This is an email from an external sender. Do not click any links or attachments unless you have confirmed the sender. Report phishing by using the phishing alert button.

Good afternoon,

Thank you for your response to Secretary Mullin's letter. We are reaching out to schedule a virtual meeting with Secretary Weber to explain the details of our analysis and discuss next steps. Please provide the best point of contact for scheduling and the names and email addresses of any additional California staff members that Secretary Weber would like to have included in the invitation. We are hoping to schedule as quickly as possible. Please let me know if you have any additional questions.

Best Regards,

**Patrick Farrell**

Chief of Staff

Office of Partnership and Engagement

United States Department of Homeland Security

C: [redacted] O: [redacted]

---

**From:** LegalSupport <legalsupport@sos.ca.gov>
**Sent:** Thursday, July 23, 2026 7:28 PM
**To:** Elections <elections@hq.dhs.gov>
**Cc:** DHS.IGA <dhs.iga@hq.dhs.gov>
**Subject:** Response from California Secretary of State Shirley N. Weber, Ph.D.

This email is from an external US Government agency.

Dear Secretary Mullin,

Please see attached response from California Secretary of State Shirley N. Weber, Ph.D.

Sincerely,

Legal Affairs Office

California Secretary of State

T: 916-695-1242

SHIRLEY N. WEBER, Ph.D.
CALIFORNIA SECRETARY OF STATE

WWW.SOS.CA.GOV

**Confidentiality Notice**: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT 2

**Shirley N. Weber, Ph.D.**
California Secretary of State
1500 11th Street | Sacramento, CA 95814 | Tel 916.653.7244 | Fax 916.653.4620 | www.sos.ca.gov

R. Trent McCotter
Acting Deputy Attorney General
United States Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530
[redacted]

Via electronic mail

Re: October 13, 2026 Letter

Dear Mr. McCotter:

I am in receipt of your letter dated October 13, 2026, in which you allege that an unspecified number of individuals that "the Federal Government believes are likely noncitizens" were mailed a ballot for the November 2026 General Election. As California's chief elections official, I write to set the record straight.

On July 16, 2026, my office received a letter from DHS Secretary Markwayne Mullin alleging that over 190,000 registered voters in California "may be" non-citizens, with no further detail. I responded on July 23 expressing serious doubts about the accuracy of the claim and requested information about the underlying data and methodology so my office could attempt to verify DHS's vague and unsubstantiated allegations. I also reminded Secretary Mullin that federal law prohibits systematically cancelling voter registrations for the General Election beginning August 5, 2026. *See* 52 U.S.C. § 20507(c)(2)(A). In response, DHS officials refused to provide any information in writing and requested a call. When my office asked for the information in writing to ensure an accurate record, DHS officials insisted on a meeting and declined to address our concerns on paper. To date, DHS still has not provided any information about the underlying data or methodology requested by my office.

Your October 13 letter repeats Secretary Mullin's vague allegation that non-citizens may be registered to vote in California. You then insist my office "immediately instruct the appropriate elections official to segregate" mail ballots and "not [to] verify the signature or tabulate the ballot" of any of these individuals. And you threaten to seek "emergency relief" if we do not "implement this process" by "October 15 at noon EST."

As you fully acknowledge, ballots have already been delivered to voters and voting is well underway. Despite this, and with less than three weeks before the election, you are demanding unprecedented measures that threaten thousands of Californians' right to vote, based on unverifiable information or methodology that you still fail to explain or provide. Your letter states that you presented the Los Angeles County Registrar-Recorder/County Clerk with a list of individuals that the federal government "believes" are "likely" non-citizens. I am informed that

the list contains the names of approximately 20,000 individuals statewide (a fraction of Secretary Mullin's initial allegation) and lacks both the detail and function to be of any investigative use. Nowhere has the federal government clarified the basis for suspecting—not even confirming with any level of certainty—the listed individuals are non-citizens. And as one court recently noted, the federal government's citizenship records are "known to be unreliable." *Common Cause, et al. v. Department of Justice, et al.*, No. 1:26-cv-01352, 2026 WL 3033772, at *8 (D.D.C. Oct. 9, 2026). To give just one example, in a similar incident in the State of Nevada, DHS initially alleged that Nevada's voter roll included nearly 16,000 potential non-citizens. However, after working with the State of Nevada, DHS officials failed to establish that a single non-citizen was on the voter rolls.[1]

More remarkable still, despite failing to send the list of alleged non-citizens to my office, you demand that we request transmittal of the list, review and confirm the citizenship status of each of the approximately 20,000 individuals on the list on the eve of an election and within a mere 48 hours. This is an emergency of the DOJ's creation.

California's election administration will continue to be governed by applicable federal and state law, not by unsubstantiated claims and outrageous demands.

California administers its elections in full compliance with federal election law. For instance, in accordance with the National Voter Registration Act of 1993 (NVRA), 52 U.S.C. § 20501 *et seq.*, and Help America Vote Act of 2002 (HAVA), 52 U.S.C. § 20901 *et seq.*, California requires all voter registration applicants to attest to U.S. citizenship under oath, under penalty of perjury and by signature, Cal. Elec. Code §§ 2101, 2102(c), 2111, 2150(a)(1), 2264(a)(3), (b), and maintains robust voter list maintenance processes. *See, e.g.*, Cal Elec. Code § 2200 *et seq.*; Cal. Code Regs. tit. 2, §§ 19060–62, 19079, 19080–81, 20070, 20075, 20076. California law further provides that a person "shall not be registered" unless they are "a United States citizen." Cal. Elec. Code §§ 2100, 2101. These requirements satisfy every federal standard for establishing voters' citizenship and managing voter rolls. *See, e.g.*, 52 U.S.C. §§ 20505(a), 20507, 20508(b)(2), 21083(b)(4). They represent just a few of California's many robust safeguards for ensuring that only citizens register to vote and that any non-eligible registrants are removed from the State's voter rolls.

The extraordinary measures you demand are contrary to both federal and state law. Most critically, they strike at affected voters' "constitutionally protected right to vote . . . and to have their vote counted." *Reynolds v. Sims*, 377 U.S. 533, 537 (1964). Withholding ballots from some duly registered voters and segregating and refusing to tabulate voted ballots submitted by others, is an unprecedented suspension—and even denial—of voting rights. For the same reason, these measures threaten to violate the Voting Rights Act of 1965. *See* 52 U.S.C. § 10307(a) (officials shall not refuse to allow qualified voters to vote or willfully refuse to tabulate and report their votes). Treating the thousands of voters on DOJ's list as ineligible until proven otherwise also violates federal law prohibiting states from "systematically remov[ing] the names of ineligible voters from the official list of eligible voters" in the 90-day quiet period before a federal election. *Id.* § 20507(c)(2).

---

[1] Nick Corasaniti, *From 16,000 to 185 to Zero: Trump's Claims of Illegal Voting in Nevada Fizzle*, N.Y. Times (Sept. 24, 2026), https://www.nytimes.com/2026/09/24/us/politics/nevada-voters-homeland-security-trump.html.

The measures you demand also violate state law. In California, "[n]o right is more precious" than voting. *Canaan v. Abdelnour*, 40 Cal.3d 703, 714 (Cal. 1985). California's Constitution provides that eligible voters are entitled to vote and "have that vote counted." Cal. Const. art. II, § 2. Elsewhere, state law affirms that Californians "have the right to cast a ballot if you are a valid registered voter." Cal. Elec. Code, § 2300(a)(1)(A); *see also id.* § 2000(a). To facilitate the right to vote, a mail ballot "shall be available to any registered voter," *id.* § 3003, and local elections officials must mail those ballots to registered voters, *id.* § 3000.5(a). Once returned in accordance with state law, mail ballots must be tabulated like any other ballot. *See id.* § 15109. These obligations cannot be reconciled with your demand that elections officials arbitrarily deny registered voters mail ballots and refrain from tabulating ballots already issued.

Finally, I am concerned that your letter violates an order entered by the U.S. District Court for the District of Columbia on October 9, 2026, in *Common Cause, et al. v. U.S. Department of Justice, et al.*, Case No. 1:26-cv-01352-SLS. In that order, the court vacated the DOJ's policy of, among other things, comparing state voter roll information "against a federal database to identify purportedly ineligible voters," in collaboration with DHS, "and demanding that states remove voters from their rolls based on the results of those comparisons." It appears that your letter may utilize a policy that a federal court has already deemed unlawful.

California's elections officials work every day to ensure that only eligible voters are registered, to maintain accurate voter rolls, and to guarantee that no eligible voter is denied the opportunity to vote. If the federal government possesses proof that certain registered voters in California are ineligible, we will welcome the opportunity to review that evidence and any supporting data or methodology. In that event, once we have had an opportunity to review that information, we would take the appropriate steps in compliance with federal and state law. However, I will not disenfranchise thousands of Californians—or order any county elections official to do so—based solely upon an unsupported and likely inaccurate "belie[f]" that certain voters are "likely" non-citizens.

Sincerely,

Shirley N. Weber, Ph.D.
California Secretary of State

# EXHIBIT 3

**U.S. Department of Justice**

950 Pennsylvania Ave, NW
Washington, DC 20530

(202) 514-2000

October 16, 2026

Peter M. Bollinger
Assistant County Counsel
Los Angeles County Counsel's Office

Re: Response to October 15, 2026 Letter

Mr. Bollinger:

The Department of Justice has reviewed your October 15 letter responding to the federal investigative materials provided to the Los Angeles County Registrar-Recorder/County Clerk ("County ROV"). I write to address several legally untenable assertions and to make unmistakably clear the legal implications for violating 18 U.S.C. § 611.

Your letter asserts that the County ROV is "legally prohibited" from taking even minimal steps—such as temporarily segregating ballots—after receiving credible federal evidence identifying tens of thousands of individuals suspected to be noncitizens. That position is incorrect as a matter of federal law and places officials in both the California Secretary of State ("SOS") and County ROV offices at risk of knowingly facilitating violations of federal criminal statutes.

On October 13, the Department hand delivered a password-protected dataset identifying more than 20,000 individuals who federal agencies reasonably believe are likely noncitizens registered to vote in California. This list was developed through a multilayered, multiagency investigative methodology that relied upon internal immigration records, data matching, supervisory verification procedures, and more.

The legal consequences for either facilitating or ignoring a federal crime are significant. Noncitizen voting in a federal election is a federal crime—and knowingly facilitating such conduct is equally unlawful. Under 18 U.S.C. § 611(a), noncitizens are prohibited from voting in any election involving federal offices. Under 18 U.S.C. § 2, anyone who aids, abets, counsels, induces, or procures the commission of a federal offense is equally liable. If persons knowingly tabulate ballots cast by individuals identified by federal agencies as noncitizens, they risk becoming aiders and abettors to a federal crime. Your assertion that ballots must be counted simply because California's registration system relies on self-attestation does not relieve election officials of their obligations under federal law ***when they are on actual notice of noncitizen voting.*** Nor can state procedures supersede federal criminal statutes.

Your argument that the County is "not authorized" to pause or segregate ballots because California relies on attestation-based registration is immaterial. Section 611 does not excuse unlawful voting simply because a State employs a permissive registration method. The Department has not asked the County to adjudicate immigration status; it has asked the County to temporarily set aside ballots from individuals whose eligibility is credibly in question—a standard election-administration practice implemented nationwide.

Likewise, your reliance on the National Voter Registration Act's ("NVRA's") "quiet period" is misplaced. The NVRA's 90-day limitation applies only to systematic list-maintenance programs—not to targeted, individualized evidence of unlawful voting identified by federal law enforcement. The Department has not requested a purge, cancellation of registrations, or any programmatic action. We requested only temporary ballot segregation pending citizenship verification. Invoking the NVRA to justify counting ballots unlawfully cast is both legally incorrect and operationally irresponsible.

Additionally, the administrative burdens, timing constraints, or the fact that the investigative list includes individuals residing outside Los Angeles County do not permit the County to knowingly tabulate ballots that federal law prohibits. Once the United States provides credible evidence that certain ballots may be unlawful to count, election officials may not disregard that information because it is inconvenient to process. Administrative difficulty is not a defense to violating federal law or aiding or abetting a federal offense.

The Department strongly urges the County and the SOS to reconsider their positions before taking actions that risk significant federal scrutiny and legal exposure.

Sincerely,

/s/ ____________________
Trent McCotter
Acting Deputy Attorney General
United States Department of Justice

cc: Shirley N. Weber, Ph.D, California Secretary of State
Dean C. Logan, Los Angeles County Registrar-Recorder/County Clerk