ROB BONTA
Attorney General of California
MICHAEL L. NEWMAN
THOMAS S. PATTERSON
Senior Assistant Attorneys General
SETH E. GOLDSTEIN
Supervising Deputy Attorney General
ANNE P. BELLOWS (SBN 293722)
MICHAEL S. COHEN (SBN 339846)
LISA C. EHRLICH (SBN 270842)
ANDREW E. KUSHNER (SBN 316035)
CHRISTINA M. MCCALL (SBN 234139)
Deputy Attorneys General
1300 I Street, P.O. Box 944255
Sacramento, CA 95814
Telephone: (916) 210-6090
Fax: (916) 324-8835
E-mail: Michael.Cohen@doj.ca.gov
*Attorneys for Defendants State of California and California Secretary of State Shirley N. Weber, Ph.D.*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>**v.**<br>**STATE OF CALIFORNIA and SHIRLEY N. WEBER, in her official capacity as the California Secretary of State, and DEAN C. LOGAN, in his official capacity as the County of Los Angeles Registrar-Recorder / County Clerk,**<br>Defendants. | Case No. 2:26-cv-12025<br>**STATE DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br>Date: Not Set<br>Time: Not Set<br>Courtroom: Not Set<br>Judge: Not Yet Assigned<br>Trial Date: Not Set<br>Action Filed: October 15, 2026 |

## REQUEST FOR JUDICIAL NOTICE

In support of the State Defendants' Opposition to Motion for Temporary Restraining Order, Defendants respectfully request that, pursuant to Federal Rule of

Evidence 201, the Court take judicial notice of the following official government publications:

1. The U.S. Department of Justice Civil Rights Division's publication *NVRA List Maintenance Guidance: Voter Registration List Maintenance: Guidance under Section 8 of the National Voter Registration Act, 52 U.S.C. § 20507* (Sept. 2024). A true and correct copy of this document, available from the U.S. Department of Justice Civil Rights Division at https://www.justice.gov/crt/nvra-list-maintenance-guidance, is attached as **Exhibit A.**
2. The U.S. Department of Justice press release *Honduran National Living in San Fernando Valley Arrested on Federal Criminal Complaint Charging Him with Fraudulently Registering to Vote* (Aug. 28, 2026) (announcing charges against one lawful permanent resident, including how information was received from California Secretary of State, and making clear lawful permanent resident had not voted). A true and correct copy of this document, available from the U.S. Department of Justice at https://www.justice.gov/usao-cdca/pr/honduran-national-living-san-fernando-valley-arrested-federal-criminal-complaint, is attached as **Exhibit B**.
3. The U.S. Department of Justice press release *Justice Department Announces Charges and Guilty Pleas Involving 12 Individuals for Election Crimes* (Sept. 28, 2026) (announcing charges against one lawful permanent resident in Kansas; two lawful permanent residents in New Jersey; one lawful permanent resident in Texas; one lawful permanent resident in Hawaii; two lawful permanent residents and two immigrants in Pennsylvania; two immigrants in Florida; and one person in Utah for discarding mail). A true and correct copy of this document, available from the U.S. Department of Justice at https://www.justice.gov/opa/pr/justice-

department-announces-charges-and-guilty-pleas-involving-12-individuals-election, is attached as **Exhibit C**.

4. The U.S. Department of Justice press release *Department of Justice Indicts Ten Aliens for Voter Fraud in Minnesota* (Sept. 30, 2026) (announcing charges against ten lawful permanent residents). A true and correct copy of this document, available from the U.S. Department of Justice at https://www.justice.gov/opa/pr/department-justice-indicts-ten-aliens-voter-fraud-minnesota, is attached as **Exhibit D**.

5. The U.S. Department of Justice press release *Justice Department Announces Charges Involving 16 Aliens for Illegal Voting* (Oct. 16, 2026) (announcing charges against 9 lawful permanent residents and one immigrant in North Carolina; 5 lawful permanent residents in New York; and 1 lawful permanent resident in Idaho). A true and correct copy of this document, available from the U.S. Department of Justice at https://www.justice.gov/opa/pr/justice-department-announces-charges-involving-16-aliens-illegal-voting, is attached as **Exhibit E**.

6. The U.S. Department of Justice press release *Non-Citizens Charged with Election Crimes* (Oct. 8, 2026) (announcing charges against 2 lawful permanent residents in Alabama). A true and correct copy of this document, available from the U.S. Department of Justice at https://www.justice.gov/usao-sdal/pr/non-citizens-charged-election-crimes, is attached as **Exhibit F**.

7. The U.S. Department of Justice press release *11 Foreign Nationals Arrested in California on Federal Charges Alleging They Illegally Registered and Voted in U.S. Elections* (Oct. 19, 2026) (announcing arrest of 11 and charges against an additional 17 lawful permanent residents). A true and correct copy of this document, available from the U.S. Department of Justice at https://www.justice.gov/usao-cdca/pr/11-foreign-nationals-

arrested-california-federal-charges-alleging-they-illegally, is attached as **Exhibit G**.

8. The Amended Complaint in *United States v. Darwin Rivera-Flores*, CDCA Case No. 2:26cr598-MCS, ECF No. 2. A true and correct copy of this document is attached as **Exhibit H**.
9. The Indictment in *United States v. Darwin Rivera-Flores*, CDCA Case No. 2:26cr598-MCS, ECF No. 17. A true and correct copy of this document is attached as **Exhibit I**.

The Court may take judicial notice of "a fact that is not subject to reasonable dispute" because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court must take judicial notice where "a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

Exhibits A-G are judicially noticeable because they are official government publications produced by the U.S. Department of Justice. *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 851 n. 10 (9th Cir. 2016) ("[C]ourts routinely take judicial notice of letters published by the government … as well as 'records and reports of administrative bodies."); *DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 763 & n.5 (9th Cir. 2018) (granting motion to take judicial notice of government documents, including press releases); *Freshpoint Atlanta, Inc. v. Haywood*, 2025 WL 2606626, at *2 (S.D. Cal. Sept. 9, 2025) ("The Court may take judicial notice of information on government websites") (collecting cases); *Murphy v. Bronson, Cawley & Bergmann, LLP*, 2011 WL 2413447, at *3 (S.D. Cal. June 13, 2011) ("Courts do take judicial notice of information found on government agency websites"). The matters raised in these documents are publicly-available matters of historic record that are not subject to reasonable dispute. Moreover, the

United States cannot reasonably dispute the accuracy of the information in these documents because they are *produced by the United States* itself.

Exhibits H and I are judicially noticeable because they are court records and dockets. *DeHoog*, 899 F.3d at 763 & n.5 (taking notice of court filings); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (taking notice of docket items from another litigation); *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1125 (C.D. Cal. 2015) ("Courts may take judicial notice of public records, including court records from another case."); *Eliott v. Lions Gate Ent. Corp.*, 639 F. Supp. 3d 1012, 1021 (C.D. Cal. 2022) ("[A] court may notice another court's records for information regarding how a case progressed, what was argued by the parties, and on what basis the court ruled on a motion.").

Defendants therefore respectfully request that the Court take judicial notice of the materials described above.

Dated: October 20, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MICHAEL L. NEWMAN
THOMAS S. PATTERSON
Senior Assistant Attorneys General
SETH E. GOLDSTEIN
Supervising Deputy Attorney General
ANNE P. BELLOWS
LISA C. EHRLICH
ANDREW E. KUSHNER
CHRISTINA M. MCCALL
Deputy Attorneys General

/s/ *Michael S. Cohen*

MICHAEL S. COHEN
Deputy Attorney General
*Attorneys for Defendants State of California and California Secretary of State Shirley N. Weber, Ph.D.*

# EXHIBIT A

# NVRA List Maintenance Guidance

## Voter Registration List Maintenance: Guidance under Section 8 of the National Voter Registration Act, 52 U.S.C. § 20507

Published September 2024

Federal law imposes important limits on the rules and procedures States may adopt regarding their voter registration lists. The National Voter Registration Act of 1993 (also known as the "NVRA" or "motor voter law"), for one, sets forth certain voter registration requirements for federal elections. Section 8 of the NVRA, 52 U.S.C. § 20507, addresses the administration of voter registration by States and requires procedures to maintain accurate and current voter registration lists. These requirements govern, among other issues:

- The date by which valid voter registration applications must be accepted and eligible persons registered,
- Changes in a registrant's address information,
- Limits on removal of names from the voter registration list, and
- Administration of a uniform, nondiscriminatory voter registration list maintenance program that complies with the Voting Rights Act (VRA").[footnote 1]

This guidance addresses one aspect of maintaining a voter registration list: when and how jurisdictions may remove voters from their voter lists. This guidance does not impose legal obligations and is not intended to be comprehensive. Rather, it is intended only to aid jurisdictions as they comply with existing obligations under Section 8 in three areas:

- List Maintenance
- Restrictions on List Maintenance
- Special Rules for Changes of Address

# List Maintenance

Section 8(a)(4) of the NVRA sets forth steps that States must follow concerning general voter registration list maintenance programs that make a reasonable effort to remove from the voter rolls people who are ineligible by reason of death or change in residence to a location outside the jurisdiction. A State's voter registration list maintenance program must comply with procedures in the NVRA.

To conduct a general program that makes a reasonable effort to remove voters who are ineligible due to a change in residence, States can follow the "safe harbor" procedure in Section 8(c)(1) of the NVRA. That procedure allows use of change-of-address information supplied by the United States Postal Service through its National Change of Address program (NCOA) to identify registrants who may have changed residences. Once a State has identified such individuals, it may take one of two actions:

1. If the NCOA information indicates that the person has moved to a different residence in the same registrar's jurisdiction, the registrar changes the registration records to show the new address and sends the registrant a notice of the change by forwardable mail and a postage prepaid, pre-addressed return form the registrant can use to verify or correct the address information; or
2. If the NCOA information indicates that the registrant has moved to a residence outside the registrar's jurisdiction, the registrar may remove the registrant from the voter rolls after satisfying all requirements of the Section 8(d) notice process described below.

States do not have to use the NCOA process. They have discretion under the NVRA in designing their general program, subject to the limitations described below.

# Restrictions on List Maintenance

The NVRA also limits whether, when, and how a State can remove a person's name from the rolls. States can remove the name of a person from the voter registration rolls when the registrant requests it, and, if State law so provides, for mental incapacity or criminal conviction. States can also remove ineligible persons from the voter rolls because the person has died or changed their residence to a place outside the jurisdiction. Finally, States can remove people who were ineligible or improperly registered in the first instance.

## Removal at the Request of the Registrant

A "removal at the request of the registrant" under the NVRA requires first-hand action by a registrant: (1) asking to remove their name from the voting registration list; (2) completing and returning a notice card indicating an address change outside the jurisdiction; or (3) submitting a new application registering to vote a second time in a new jurisdiction and providing information

regarding the registrant's prior voter registration address on the new application, which the State can treat as a request to cancel or transfer their prior registration.

**Information submitted by a third party does not constitute a "removal at the request of the registrant."** When a registrant provides notice of a new address within the same jurisdiction, or registers to vote a second time at a new address within the same jurisdiction, the State should update the original registration, rather than cancel it.

## Discrimination, Intimidation, Threats, and Coercion

Under Section 8(b) of the NVRA, a State's list maintenance program must be uniform, nondiscriminatory, and consistent with the VRA. Section 2 of the VRA, 52 U.S.C. § 10301, prohibits voting practices or procedures that discriminate on the basis of race, color, or membership in a language minority group. Section 11(b) of the VRA, 52 U.S.C. § 10307(b), also prohibits any conduct that attempts to, or actually would, intimidate, threaten, or coerce a reasonable voter.

Examples of list maintenance activities that may violate the NVRA include comparing voter files to outdated or inaccurate records or databases, taking action that erroneously affects a particular class of voters (such as newly naturalized citizens), or matching records based solely on first name, last name, and date of birth. **The prohibitions of the NVRA extend to any list maintenance activity based on third-party submissions.**

## The 90-Day Quiet Period Before Federal Elections

The NVRA limits when States can conduct a general list maintenance program. Under Section 8(c)(2), **States must complete any program that systematically removes the names of ineligible voters from the official list of eligible voters no later than 90 days before a primary election or general election for federal office.** In other words, once an election for federal office is less than 90 days away, processing and removals based on systematic list maintenance must cease. And, if a State's federal primary election occurs less than 90 days before a federal general election, the State must complete any systematic-removal program based on change of address for the federal election cycle no later than 90 days prior to the federal primary election: no further systemic activity may take place between the primary and general elections.

This 90-day deadline applies to State list maintenance verification activities such as general mailings and door-to-door canvasses. **This deadline also applies to list maintenance programs based on third-party challenges derived from any large, computerized data-matching process.** However, the 90-day deadline does not preclude removal of a registrant's name at the request of that registrant, removal due to the death of the registrant, or removal due to a criminal conviction or mental incapacity of the registrant as provided by State law, nor does the deadline preclude the correction of a registrant's information. 52 U.S.C. § 20507(c)(2)(B).

# Special Rules for Changes of Address

Section 8(b) of the NVRA prohibits removing registrants from the voter registration list solely because of a failure to vote. However, States may **initiate** the process of determining whether a voter has changed residence to outside of the jurisdiction based on information showing that a voter has not voted in elections nor communicated with a registrar over an extended period.

Section 8(d) of the NVRA prescribes additional rules for a State seeking to remove a person from the voting rolls based on a change of residence, regardless of the voters' participation in prior elections. Specifically, a State may remove a person from the voter registration list due to a change in residence *only* in one of two circumstances: upon (1) the person's written confirmation of a change in residence to a place outside the jurisdiction, or (2) completion of the notice-and-waiting process described in Section 8(d)(2).

Confirmation in writing means confirmation by the voter, such as a notice card completed and returned by the voter. **A third-party submission — such as a submission of another individual's information via an online portal or a challenge based solely on public database information — is *not* confirmation by the registrant of a change of address.** In the absence of a written confirmation from a registrant of a change of address outside the jurisdiction, Section 8(d) of the NVRA sets forth a process for removing a person based on a change of residence. 52 U.S.C. § 20507(d)(2). This process requires sending a forwardable notice, in the form of a postage-prepaid and pre-addressed return card, on which the person may state their current address. The notice must include the language required by Section 8(d)(2) of the NVRA. If the registrant did not change their residence, or changed residence but remained in the registrar's jurisdiction, the notice must advise that:

1. The registrant should complete and return the card no later than the voter registration deadline for the next election;
2. If the card is not returned, the registrant may need to affirm or confirm their address before being permitted to vote in a federal election from the date of the notice to the day after the second general election for Federal office that occurs after the date of the notice; and
3. If the registrant does not vote in an election during that period, the registrant's name will be removed from the list of eligible voters.

*Id.* § 20507(d)(2)(A). If the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered, the notice must provide information concerning how the registrant can continue to be eligible to vote. *Id.* § 20507(d)(2)(B).

Any political subdivision covered by Section 203 of the VRA, 52 U.S.C. § 10503, must provide such notices in the language of the applicable minority group as well as in English, unless the language of the applicable minority group is oral or unwritten (or in the case of Alaska natives and American Indians, if the predominant language is historically unwritten). *See id.* § 10503(c).

The jurisdiction may designate the registrant as inactive if the registrant fails to return the card by the voter registration deadline for the next election after the notice is sent.
The jurisdiction may remove the registrant from the voter rolls after sending the notice *only* in one of two circumstances. First, if the registrant confirms in writing, such as by completing and returning the notice card, that the registrant has changed residence to a place outside the jurisdiction, then the registrant can be removed from the list immediately. Second, if the registrant fails to respond to the notice and fails to vote or to appear to vote in an election from the date the notice is sent to the day after the second federal general election after the notice is sent, then the registrant can be removed from the list after that second federal general election.

Section 8(f) of the NVRA establishes that if a voter changes address to another address within the registrar's same jurisdiction, the registrar must update the voter's registration to reflect the new address, and the voter may not be removed based on this change, except as otherwise provided in Section 8(d). A "registrar's jurisdiction" in this context means (1) an incorporated city, town, borough, or other form of municipality; or (2) a geographic area larger than a municipality or a geographic area of consolidated municipalities, if voter registration is maintained by such larger units of government.

For more information, please consult the Department's NVRA Questions and Answers at https://www.justice.gov/crt/national-voter-registration-act-1993-nvra.

[footnote 1] The NVRA applies to 44 States and the District of Columbia. Six States (Idaho, Minnesota, New Hampshire, North Dakota, Wisconsin, and Wyoming) are exempt from the NVRA because, on and after August 1, 1994, they either had no voter-registration requirements or had election-day voter registration at polling places with respect to elections for federal office. Likewise, the territories are not covered by the NVRA (Puerto Rico, Guam, Virgin Islands, American Samoa). While the NVRA applies to elections for federal office, most States have extended its procedures to all elections.

*Updated September 18, 2024*

950 Pennsylvania Avenue NW
Office of the Assistant Attorney General, Main
Washington DC 20530

Civil Rights Division
202-514-3847

TTY/TDD: 711

# EXHIBIT B

PRESS RELEASE

# Honduran National Living in San Fernando Valley Arrested on Federal Criminal Complaint Charging Him with Fraudulently Registering to Vote

Friday, August 28, 2026

**For Immediate Release**

U.S. Attorney's Office, Central District of California

*LOS ANGELES* – A Honduran national and lawful permanent resident living in the San Fernando Valley was arrested today on a federal criminal complaint charging him with fraudulently registering to vote in United States elections.

Darwin Jonathan Rivera Flores, 30, of Winnetka, is charged with two felonies: false claim to U.S. citizenship and fraudulent voter registration.

Rivera was arrested this morning and is expected to make his initial appearance this afternoon in United States District Court in downtown Los Angeles.

“Noncitizens who commit fraud so they can vote in American elections do so in violation of federal law and should expect to be prosecuted,” said Assistant Attorney General Harmeet K. Dhillon of the Justice Department’s Civil Rights Division. “Let this criminal complaint serve as a reminder that the Justice Department stands ready to enforce the laws Congress enacted to ensure only American citizens vote in federal elections.”

"Today's arrest is the first of many to come," said First Assistant United States Attorney Bill Essayli. "Unfortunately, because states like California allow non-citizens to easily register to vote and receive a ballot by mail, there's no telling how many non-citizens are currently registered to vote. We again renew our request that California immediately comply with our requests to audit their voter rolls so that all voters can have confidence in our elections."

According to an affidavit filed with the complaint, Rivera was born in Honduras, entered the United States in 2002, and is present in the U.S. as a lawful permanent resident (commonly known as "green card" holder). He is not a U.S. citizen.

In February 2026, Rivera physically disrupted immigration law enforcement operations at the federal building in Camarillo, was issued a misdemeanor citation to which he pleaded guilty and was placed on one year of probation.

In April 2026, Rivera sent a federal agent a series of text messages, which read in part, "Your not the good guy  I can't wait until the mid terms you dont have qualified immunity then we can start and indict all you guys one bye one." Rivera continued texting the federal agent until July 2026.

Law enforcement investigated and discovered an online voter registration record in the name of "Darwin Rivera" associated with Rivera's Winnetka address. Law enforcement also obtained a certified voter registration application number, a voter registration receipt, and a signature image from the California Secretary of State, Elections Division.

The voter registration name was listed as "Darwin J Rivera" and listed Rivera's address in Winnetka. Under the application question of "Did someone help you fill out this form" the answer "no" was checked, and a check mark was provided next to the application wording "I am a U.S. citizen."

Following a declaration under penalty of perjury warning, the voter registration application deadline was dated November 4, 2025.

Additional records from California Secretary of State and the County of Los Angeles, the birthplace listed under Rivera's name was "United States of America."

There is no record of Rivera seeking or obtaining U.S. citizenship. Rivera also has not voted in an election.

*A criminal complaint contains merely allegations, and all defendants are presumed innocent until proven guilty beyond a reasonable doubt in a court of law.*

If convicted, Rivera would face a statutory maximum sentence of five years in federal prison on each charge.

Homeland Security Investigations is investigating this matter.

Assistant United States Attorney Michael G. Wheat of the Orange County Office is prosecuting this case.

**Contact**
Ciaran McEvoy
Public Information Officer
ciaran.mcevoy@usdoj.gov
(213) 894-4465

*Updated August 28, 2026*

**Topics**

FRAUD | VOTING AND ELECTIONS

**Component**

USAO - California, Central

Press Release Number: 26-144

# Related Content

# EXHIBIT C

PRESS RELEASE

# Justice Department Announces Charges and Guilty Pleas Involving 12 Individuals for Election Crimes

Monday, September 28, 2026

**For Immediate Release**

Office of Public Affairs

OAG

Today, the Justice Department announced charges and guilty pleas involving 12 individuals, including three illegal aliens, in connection with illegal voting, fraudulent voter registration, and related election crimes across the country. The cases include voting by aliens in federal elections, false claims of U.S. citizenship to register or vote, false statements on citizenship applications, and the alleged disposal of approximately 300 mail-in ballots by a former postal carrier.

*Case details are as follows:*

## Middle District of Florida

Christiane Vinette Young, 75, an illegal alien from Canada, was charged by information with three counts of voting by an alien. Young voted in three federal elections – the 2024 general election, 2022 general election, and 2022 primary – despite knowing that she was not a citizen of the United States.

## Southern District of Florida

Haitian national Valery Zidor, on Temporary Protected Status at the time of voting, falsely claimed to be a U.S. citizen to register to vote and voted in the 2024 General Election. Zidor pleaded guilty in federal court to two counts of making a false claim of citizenship in order to vote and one count of voting by an alien.

### District of Kansas

Nigerian national George Olawunmi Johnson, a lawful permanent resident, was charged with one count of false claim to United States citizenship, one count of false claim to United States citizenship in order to vote, one count of fraudulent election conduct, and one count of voting by an alien in a federal election. Johnson is accused of falsely indicating that he is a U.S. citizen while registering to vote in February 2010 and allegedly cast a ballot in the November 2024 election.




*Nigerian national George Olawunmi Johnson, a lawful permanent resident*



*Nigerian national George Olawunmi Johnson, a lawful permanent resident*

### District of New Jersey

Two aliens were charged with illegally voting in a federal election and making false statements while applying for United States citizenship.

- Jamaican national Patrick Terrance Reid, 61, a lawful permanent resident, voted in person in the presidential elections held in November 2012 and November 2016, and via mail-in ballot in the presidential elections in November 2020 and November 2024. Additionally, Reid was charged with making false statements while applying for U.S. citizenship.




*Jamaican national Patrick Terrance Reid, 61, a lawful permanent resident*

- Venezuelan national Danubis Bernat, 49, a lawful permanent resident, voted in person in the 2024 general election. Additionally, Bernat was charged with making false statements while applying for U.S. citizenship.




*Venezuelan national Danubis Bernat, 49, a lawful permanent resident*

### Eastern District of Pennsylvania

Four aliens, including two illegal aliens, were charged with election-related crimes.

- Cliff Sanon, 39, an illegal alien from Haiti who has been residing in Philadelphia, Pennsylvania, was charged by criminal complaint with one count of submitting a fraudulent voter registration application. Sanon allegedly submitted a voter registration application in February 2026 prior to the May 2026 primary election, despite being a citizen of Haiti and not an American citizen. The complaint further alleges that this was

among eight fraudulent voter registration applications submitted by Sanon, who also voted in the November 2022 election.




*Cliff Sanon, 39, an illegal alien from Haiti*

- Dilea Ochoa-Perez, 43, an illegal alien from Mexico who has been residing in Coatesville, Pennsylvania, was charged by information with two counts of voting as an alien. According to the information, Ochoa-Perez allegedly illegally voted in Chester County in the November 2022 and November 2024 general elections, even though she was a citizen of Mexico at the time of both elections and not a U.S citizen.
- Trinidad & Tobago national Sade Guppy, 37, a lawful permanent resident, was charged by information with one count of voting as an alien. According to the information, Guppy allegedly illegally voted in Philadelphia County in the November 2022 general election, even though she was not a U.S. citizen.




*Trinidad & Tobago national Sade Guppy, 37, a lawful permanent resident*

- Mexican national Eduardo Gallardo Maldonado, 66, a lawful permanent resident, was charged by information with one count of voting as an alien. According to the information, Maldonado allegedly illegally voted in Philadelphia County in the November 2024 general election, even though he was not a U.S. citizen.

### Western District of Texas

Mexican national Imelda Magallanes, 51, a lawful permanent resident, was charged with one count of voting by an alien in a federal election. Voting records from the Midland County Elections Office indicate that Magallanes first registered to vote in October 2020 using her Texas driver's license as identification. Voting records also reveal that Magallanes voted in the November 2024 general election.

### District of Hawaii

Filipino national Bernadette Acaso, 20, a lawful permanent resident, pleaded guilty to unlawfully voting as an alien. Acaso voted in the 2024 election by casting a mail-in ballot.

### District of Utah

Damon Matai Seei, 34, of Payson, Utah with U.S. Postal Service (USPS) was charged with unlawful secretion, destruction, and delay of mail after he allegedly unlawfully threw away mail that he was entrusted to deliver – including approximately 300 mail-in ballots to registered voters in Utah.




*Image of ballot*



*Image of dumpster in church parking lot*

*A complaint, indictment, and information merely contain accusations. All defendants are presumed innocent until proven guilty beyond a reasonable doubt in a court of law.*

*Updated September 30, 2026*

## Topic

**VOTING AND ELECTIONS**

## Component

[Office of the Attorney General]

# EXHIBIT D

PRESS RELEASE

# Department of Justice Indicts Ten Aliens for Voter Fraud in Minnesota

Wednesday, September 30, 2026

**For Immediate Release**

Office of Public Affairs

OAG

## Defendants Illegally Voted in the November 2022 and 2024 General Elections and the August 2026 Primary Election

Attorney General Todd Blanche, Department of Homeland Security Secretary Markwayne Mullin, and United States Attorney Daniel N. Rosen announced that a federal grand jury indicted ten defendants separately on September 24, 2026, for voter fraud. All defendants have made their initial appearances in federal court.

“Today's charges allege that ten foreign nationals committed voter fraud in Minnesota, one voting illegally as recently as this August's primary,” said Attorney General Todd Blanche. “The law is clear, only American citizens may vote in American elections, and enforcing this law is fundamental to our democracy. That should not be a partisan concept.”

“Our message to aliens who vote in American elections is clear: we will find you, arrest you, and you will face the consequences, including criminal charges and deportation,” said DHS Secretary Markwayne Mullin. “Under President Trump’s leadership, this administration will never allow the votes of American citizens to be cancelled out by non-citizens illegally voting in our elections. Only American citizens should be electing American leaders.”

"Voting in American elections is a privilege of American citizenship," said United States Attorney Daniel N. Rosen. "Stealing that privilege is a crime. When, in order to obtain a ballot, a non-citizen swears he or she is a citizen, we will prosecute."

Case details are as follows:

- Liberian national Bhator Konah Bryant, 61, a lawful permanent resident has been charged on one count of making a false claim of citizenship in order to vote. She is alleged to have falsely claimed United States citizenship when registering to vote on October 18, 2024. The defendant had her initial appearance before U.S. Magistrate Judge Elsa M. Bullard on September 29, 2026.




*Liberian national Bhator Konah Bryant, 61, a lawful permanent resident*

- Lithuanian national Edvile Vaidoto Edmunds, 59, a lawful permanent resident has been charged on one count of voting by alien. She is alleged to have voted illegally as an alien in Minnesota on November 8, 2022. The defendant had her initial appearance before U.S. Magistrate Judge Elsa M. Bullard on September 29, 2026.




*Lithuanian national Edvile Vaidoto Edmunds, 59, a lawful permanent resident*

- Ghanaian national Joshua Frederick Kofi Edzie, 63, a lawful permanent resident has been charged on two counts of making a false claim of citizenship in order to vote and one count of voting by alien. He is alleged to have voted illegally as an alien in Minnesota on August 11, 2026, and falsely claimed United States citizenship in order to vote on October 23, 2024 and August 11, 2026. The defendant had his initial appearance before U.S. Magistrate Judge Elsa M. Bullard on September 28, 2026.




*Ghanaian national Joshua Frederick Kofi Edzie, 63, a lawful permanent resident*

- Liberian national, Alan Barbu Kargbo, 48, a lawful permanent resident has been charged on one count of making a false claim of citizenship in order to vote and one count of voting by alien. He is alleged to have voted illegally as an alien in Minnesota and falsely claimed United States citizenship in order to vote on November 5, 2024. The defendant had his initial appearance before U.S. Magistrate Judge Elsa M. Bullard on September 28, 2026.




*Liberian national, Alan Barbu Kargbo, 48, a lawful permanent resident*

- German national Paul Kras, 78, a lawful permanent resident has been charged on one count of voting by alien. He is alleged to have voted illegally as an alien in Minnesota on November 5, 2024. The defendant had his initial appearance before U.S. Magistrate Judge Elsa M. Bullard on September 29, 2026.
- Bosnian national Fadil Rasim Ozegovic, 58, a lawful permanent resident has been charged on one count of making a false claim of citizenship in order to vote and one count of voting by alien. He is alleged to have voted illegally as an alien in Minnesota and falsely claimed United States citizenship in order to vote on November 5, 2024. The defendant had his initial appearance before U.S. Magistrate Judge Elsa M. Bullard on September 29, 2026.




*Bosnian national Fadil Rasim Ozegovic, 58, a lawful permanent resident*

- Brazilian national Aparecido Donizetti Padovan, 62, a lawful permanent resident has been charged on one count of making a false claim of citizenship in order to vote and one count of voting by alien. He is alleged to have voted illegally as an alien in Minnesota and falsely claimed United States citizenship in order to vote on November 5, 2024. The defendant had his initial appearance before U.S. Magistrate Judge Elsa M. Bullard on September 29, 2026.




*Brazilian national Aparecido Donizetti Padovan, 62, a lawful permanent resident*

- Liberian national Chris Adam Pettiquoi, 43, a lawful permanent resident has been charged on one count of making a false claim of citizenship in order to vote and one count of voting by alien. He is alleged to have voted illegally as an alien in Minnesota and falsely claimed United States citizenship in order to vote on November 5, 2024. The defendant had his initial appearance before U.S. Magistrate Judge Elsa M. Bullard on September 29, 2026.
- Canadian national Christian Liam Schenk, 47, a lawful permanent resident has been charged on one count of making a false claim of citizenship in order to vote and one count of voting by alien. He is alleged to have voted illegally as an alien in Minnesota and falsely claimed United States citizenship in order to vote on November 5, 2024. The defendant will have his initial appearance in the District of Massachusetts on September 30, 2026.
- South African national Hester Sophia Weihmann, 69, a lawful permanent resident has been charged on one count of making a false claim of citizenship in order to vote and one count of voting by alien. She is alleged to have voted illegally as an alien in Minnesota and falsely claimed United States citizenship in order to vote on November 5, 2024. The defendant had her initial appearance before U.S. Magistrate Judge Elsa M. Bullard on September 29, 2026.

The charge of false claim of citizenship in order to vote is a violation of 18 U.S.C. § 1015(f) and carries a maximum term of imprisonment of five years, a maximum term of supervised release of three years, and a maximum fine of $250,000. Voting by aliens is a violation of 18 U.S.C. § 611 and is a class A misdemeanor and carries a maximum term of imprisonment of one year, a maximum term of supervised release of one year, and a maximum fine of $100,000.

These cases were the result of an investigation by Homeland Security Investigations.

First Assistant United States Attorney Joseph S. Teirab is prosecuting these cases.

*An indictment is merely an allegation, and all defendants are presumed innocent until proven guilty beyond a reasonable doubt in a court of law.*

*Updated September 30, 2026*

**Topic**

**VOTING AND ELECTIONS**

**Component**

Office of the Attorney General

# EXHIBIT E

PRESS RELEASE

# Justice Department Announces Charges Involving 16 Aliens for Illegal Voting

Friday, October 16, 2026

**For Immediate Release**

Office of Public Affairs

OAG

Today, the Justice Department announced charges involving 16 aliens in North Carolina, New York, and Idaho, including an illegal alien, in connection with illegal voting, false claims of U.S. citizenship, and related election crimes. The cases include voting by aliens in federal elections and false claims of U.S. citizenship to register to vote or to vote.

*Case details are as follows:*

## Eastern District of North Carolina

10 aliens have been charged for illegally voting in the 2024 elections.

- Eduardd Omar Majano Sosa, 22, an illegal alien from El Salvador, has been charged with one count of falsely claiming citizenship to vote and one count of voting by an alien. He registered to vote in 2024 and voted in the 2024 General Election.




Eduardd Omar Majano Sosa, 22, an illegal alien from El Salvador

- A national of former Yugoslavia Gjina Gojcaj McDonald, 60, a lawful permanent resident, has been charged with one count of falsely claiming citizenship to vote and one count of voting by an alien. She registered to vote in 2008 and voted in the 2024, 2022, 2020, 2016, 2012, 2010, and 2008 General Elections, as well as the 2019 Special Election and the 2012 Primary Election.
- German national James Edward Herrmann, 47, a lawful permanent resident, has been charged with one count of falsely claiming citizenship to vote and one count of voting by an alien. He registered to vote in 2018 and voted in the 2024 and 2020 General Elections.
- German national Karl Fout, 73, a lawful permanent resident, has been charged with one count of falsely claiming citizenship to vote and one count of voting by an alien. He registered to vote in 2008 and voted in the 2024, 2020, 2018, 2016, 2014, 2012, and 2008 General Elections.




German national Karl Fout, 73, a lawful permanent resident

- Jamaican national Lawton Caswell McKenzie, 46, a lawful permanent resident, has been charged with one count of falsely claiming citizenship to vote and one count of voting by an alien. He registered to vote in 2007 and 2012 and voted in the 2024, 2020, and 2012 General Elections.




Jamaican national Lawton Caswell McKenzie, 46, a lawful permanent resident

- Haitian national Lionel Paul, 62, a lawful permanent resident, has been charged with one count of falsely claiming citizenship to vote and one count of voting by an alien. He registered to vote in 2024 and voted in the 2024 General Election.




Haitian national Lionel Paul, 62, a lawful permanent resident

- Panamanian national Ludgardys Olena Matthews, 62, a lawful permanent resident, has been charged with one count of falsely claiming citizenship to vote and one count of voting by an alien. She registered to vote in 2009 and voted in the 2024, 2020, and 2018 General Elections, as well as the 2020 Primary Election.




Panamanian national Ludgardys Olena Matthews, 62, a lawful permanent resident

- Jamaican national Mervin Sylvester Bogle, 60, a lawful permanent resident, has been charged with one count of falsely claiming citizenship to vote. He registered to vote in 2024 and completed a ballot in the 2024 General Election and voted in the 2012 and 2008 General Elections.

- German national Ramona Abreu-Exia, 71, a lawful permanent, has been charged with one count of falsely claiming citizenship to vote and one count of voting by an alien. She registered to vote in 2004 and voted in the 2024, 2020, 2018, 2016, 2012, 2010, 2008, and 2004 General Elections, as well as the 2008 Primary Election.

- Canadian national Robert Harold Corbett, 69, a lawful permanent resident, has been charged with one count of falsely claiming citizenship to vote and one count of voting by an alien. He voted in 2024, 2016, 2004, 2002, 2000, 1998, and General Elections. He registered to vote in 1998.

### Northern District of New York

Five aliens have been arrested for voter fraud.

- British national Vikki Bradt, 51, a lawful permanent resident, has been charged with voting by an alien. Bradt allegedly voted in an election held in part for the purpose of electing a candidate for President, Vice President, Member of the United States Senate, or Member of the United States House of Representatives.




British national Vikki Bradt, age 51, a lawful permanent resident

- British national Samantha Merkle, 55, a lawful permanent resident, has been charged with voting by an alien. Merkle allegedly voted in an election held in part for the purpose of electing a candidate for President, Vice President, Member of the United States Senate, or Member of the United States House of Representatives.




British national Samantha Merkle, age 55, a lawful permanent resident

- Bosnian national Suad Sasic, 30, a lawful permanent resident, has been charged with voting by an alien. Sasic allegedly voted in an election held in part for the purpose of electing a candidate for President, Vice President, Member of the United States Senate, or Member of the United States House of Representatives.




Bosnian national Suad Sasic, age 30, a lawful permanent resident

- Canadian national Jacques Patry, 64, a lawful permanent resident, has been charged with voting by an alien. Patry allegedly voted in an election held in part for the purpose of electing a candidate for President, Vice President, Member of the United States Senate, or Member of the United States House of Representatives.




Canadian national Jacques Patry, age 64, a lawful permanent resident

- Canadian national Paula Stitt, 57, a lawful permanent resident, has been charged with voting by an alien. Stitt allegedly voted in an election held in part for the purpose of electing a candidate for President, Vice President, Member of the United States Senate, or Member of the United States House of Representatives.




Canadian national Paula Stitt, age 57, a lawful permanent resident

### District of Idaho

Canadian national, Taralynn Bosco, 48, a lawful permanent resident, has been charged with illegal voting by alien. Bosco allegedly voted in the 2022 general election even though she was not a United States citizen.

*A complaint, indictment, and information merely contain accusations. All defendants are presumed innocent until proven guilty beyond a reasonable doubt in a court of law.*

*Updated October 16, 2026*

### Topic

**VOTING AND ELECTIONS**

### Component

[Office of the Attorney General]

# EXHIBIT F

PRESS RELEASE

# Non-Citizens Charged with Election Crimes

Thursday, October 8, 2026

**For Immediate Release**

U.S. Attorney's Office, Southern District of Alabama

MOBILE, AL – Two non-citizens were arrested and charged today with unlawfully voting in federal elections. Staciann Pollion Davis and Silvia Delgado Phelps appeared before a U.S. Magistrate Judge in Mobile following their arrests on federal charges of voting as an alien.

According to the criminal complaints:

- Jamaican national Staciann Pollion Davis, 42, a lawful permanent resident, was charged by criminal complaint with voting as an alien. Davis allegedly voted in the November 2024 general election in Clarke County, Alabama, despite not being a United States citizen.
- Peruvian national Silvia Delgado Phelps, 78, a lawful permanent resident, was charged by criminal complaint with voting as an alien. Phelps allegedly voted in multiple elections in Baldwin County, Alabama, despite not being a United States citizen.

“Federal elections belong to American citizens – period,” said U.S. Attorney Sean P. Costello. “When individuals who are not citizens cast ballots or falsely claim citizenship, they violate federal law, undermine the integrity of our electoral process and erode the public’s confidence in the fairness of our elections. These charges send a clear message: We will enforce the law. We will hold offenders accountable. We will safeguard the voting process for the citizens it is meant to serve.”

"The integrity of our elections is fundamental to the public's trust in our democratic process," said FBI Mobile Special Agent in Charge Christopher R. Flowers. "The FBI is committed to investigating allegations of election related crimes, following the evidence wherever it leads, and working alongside our law enforcement partners to ensure those who violate federal law are held accountable."

If convicted, Davis and Phelps both face up to one year in prison. A federal judge will determine any sentence after considering the U.S. Sentencing Guidelines and other statutory factors.

The Federal Bureau of Investigation investigated the case with assistance from the Alabama Secretary of State's Office.

Assistant U.S. Attorney John Hutchins is prosecuting the case on behalf of the United States.

A federal charging document is merely an allegation, and all defendants are presumed innocent until proven guilty beyond a reasonable doubt in a court of law.

*Updated October 8, 2026*

**Component**

USAO - Alabama, Southern

## Related Content

PRESS RELEASE

### New York Man Sentenced to Five Years in Prison for Participating in a Nationwide Bank Fraud Conspiracy

MOBILE, AL – A New York man was sentenced to 60 months in prison for participating in a nationwide bank fraud conspiracy involving stolen and counterfeited financial instruments.

# EXHIBIT G

PRESS RELEASE

# 11 Foreign Nationals Arrested in California on Federal Charges Alleging They Illegally Registered and Voted in U.S. Elections

Monday, October 19, 2026

**For Immediate Release**

U.S. Attorney's Office, Central District of California

*LOS ANGELES* – Federal law enforcement throughout California today arrested 11 foreign nationals living in the United States who are charged in criminal complaints with federal crimes, including that they fraudulently registered to vote in U.S. elections, electoral contests in which most of them cast illegal and fraudulently obtained ballots.

Today's arrests are part of "Operation Protect the Vote" – a coordinated effort among all four California-based United States Attorney's Offices to combat and root out fraud in U.S. elections and protect electoral integrity.

All 28 foreign nationals charged are lawful permanent residents (LPRs), or "green card" holders. Although LPRs have legal immigration status in the United States, they are not U.S. citizens and are not permitted to vote in U.S. elections.

The criminal charges include making false statements in a naturalization application and some of the defendants also are charged with fraudulent voter registration. Both charges are felonies that carry a statutory maximum sentence of five years in federal prison.

The defendants arrested today are expected to make their initial appearances this afternoon in U.S. District Court. No pleas will be taken today.

On October 13, the federal government provided a list of these individuals to California to ensure that their vote-by-mail ballots were set aside until these individuals' citizenship status could be confirmed. California declined to assist the federal government in setting aside their ballots, prompting a lawsuit by the United States that seeks a court order to prevent the unlawful dilution of American citizens' votes and to uphold the integrity of our elections.

"Every illegal vote cancels out the vote of a lawful American citizen," said Acting Deputy Attorney General Trent McCotter. "Each of the 28 defendants charged today appears on the list of more than 20,000 likely noncitizen registrants we provided to California election officials last week. California refused to look at that list. Today's charges show exactly what that refusal puts at risk. California must verify the citizenship of those more than 20,000 registrants before mail-in ballots are counted."

"Today's arrests prove what we have been saying," said First Assistant United States Attorney Bill Essayli. "California is mailing ballots to noncitizens, and they are refusing to comply with federal law, which makes it a crime for noncitizens to vote. The voting rights of American citizens must be protected."

"Homeland Security Investigations (HSI) is committed to protecting the integrity of our nation's electoral process by investigating allegations of criminal conduct that undermine public confidence in our elections," said HSI Acting Executive Associate Director John A. Condon. "Working with our federal, state, and local law enforcement partners, we will continue to pursue those who knowingly violate federal law, while ensuring that every investigation is conducted fairly, thoroughly, and consistent with due process."

According to court documents, the defendants knowingly and willfully lied under oath in their voter registration applications that they were U.S. citizens to be permitted to vote in California. Their fraudulent voter registration applications were approved, and, in many cases, the defendants illegally voted in recent U.S. elections. They subsequently lied in their paperwork to become naturalized U.S. citizens that they had never claimed U.S. citizenship, nor had they registered to vote or voted in U.S. elections.

Broken down by jurisdiction, the following defendants are charged in today's takedown:

***Central District of California***

All the following defendants below in this jurisdiction face felony charges,

including false statements in a naturalization application:

- Omar Alexander Muñoz, 72, a Belizean national living in Commerce, fraudulently registered to vote in September 2019, claiming his was a U.S. citizen, then voted in U.S. elections in 2020, twice in 2022, and in 2024. He also lied on his application to become a naturalized U.S. citizen when he falsely stated under oath to have never claimed to be a U.S. citizen.
- Amandeep Kaur, 30, an Indian national living in Rancho Palos Verdes and who is seeking to become a U.S. citizen, fraudulently registered to vote in December 2022 and voted in the November 2024 U.S. election.
- Ana Domínguez, 60, a Salvadoran national living in Long Beach, fraudulently registered to vote in July 2006 and lied in her naturalization paperwork in March 2026.
- Axel Giovani Prera García, 46, a Guatemalan national and Pico Rivera resident, fraudulently registered to vote in 2002 and 2005, and lied in his naturalization paperwork in June 2025.
- Flavio Alejandro Zúñiga, 43, a Mexico national and La Puente resident, fraudulently registered to vote in 2003 and lied in his naturalization paperwork in February 2026.
- Butleng Taing, 43, a Cambodian national living in Long Beach, fraudulently registered to vote in July 2021, voted in the 2022 and 2024 U.S. elections, and lied on his naturalization paperwork in August 2025.
- Carlos Antonio Galeas, 54, a Honduran national and West Covina resident, fraudulently registered to vote in 2012 and 2016, then lied in his naturalization paperwork in September 2018.
- Ernest Gutiérrez Ruvalcaba, 57, a Mexican national living in Wilmington, fraudulently registered to vote in February 2024 and voted one month later.
- Jesús Narez-Madrigal, 52, a Mexican national living in Carson, fraudulently registered to vote in 2014, voted in the 2024 U.S. general election, and lied in his naturalization paperwork in June 2024.
- José Antonio Bañuelos-Díaz, 42, a Mexican national and West Adams resident, fraudulently registered to vote in 2007 and lied on his naturalization paperwork in March 2025.
- Muhammad Khan, 50, a Pakistani national and Anaheim resident, submitted a provisional ballot in 2020 and lied on his naturalization paperwork five years later.
- Rouzbeh Seyamaknejad, 63, a Canadian national and Rancho Palos Verdes resident, fraudulently registered to vote in December 2018, lied in his naturalization application in January 2024, and voted in the November 2024 U.S. election.
- Sulema de León, 35, a Mexican national and Long Beach resident, fraudulently registered to vote in 2013, lied on her naturalization application in 2019, and voted in the November 2020 U.S. general election.

***Eastern District of California***

The following defendants are charged with voting by an alien in a federal election, a misdemeanor that carries a statutory maximum sentence of one year in federal prison:

- Maricela Nazarín González, 43, a Mexican national living in Clovis, registered to vote in 2020, indicating that she was a U.S. citizen, and voted in elections in 2022, twice in 2024, and 2025.
- Rony de Jesús Sicaja, 38, a Guatemalan national living in Fresno, fraudulently registered to vote in 2017, and voted in the June 2022 primary election and the November 2024 general election in the United States.
- Camino Giles Jiménez, 51, a Mexican national living in Kerman, knowingly voted in three U.S. elections despite knowing he is a noncitizen, the most recent election being the June 2026 primary.
- Juan Antonio Rivas García, 46, a Mexican national and Sacramento resident, fraudulently registered to vote in 2018 and 2020, both times falsely asserting under oath that he was a U.S. citizen. Rivas voted in the 2022 and 2024 U.S. elections.
- Giezell Viduya Adawag, 41, a Philippines national and Vacaville resident, fraudulently registered to vote the day of the November 2024 general election, falsely certified that she was a U.S. citizen, and voted in the election that day.
- Kamlesh Navnitlal Shah, 67, an Indian national living in Sacramento, fraudulently registered to vote on the day of the November 2024 general election and voted that day. He is charged via information.

***Northern District of California***

The following defendants are charged with attempted procurement of naturalization contrary to law, false statement under oath in any matter relating to naturalization or citizenship, and voting by an alien:

- Verónica Bullene, 43, a.k.a. "Verónica Hernández Martínez," a Mexican national living in Petaluma, made false statements on her naturalization application that she had never claimed to be a U.S. citizen when, in fact, she did so under penalty of perjury to register to vote in 2022 and 2023 then voted in 2024.
- David Shapiro, 41, a Georgian national living in San Jose, fraudulently registered to vote in 2024 and later voted in a U.S. election, and made false statements on his naturalization application that he had never claimed to be a U.S. citizen.
- Moe Thida Lwin, 57, a Myanmar national and Daly City resident, fraudulently registered to vote in 2024 and then proceeded to illegally vote in a U.S. citizen. She made false statements on her naturalization paperwork as well.
- Manakotau Mataele Finau, 61, a Tongan national and Hayward resident, fraudulently registered to vote in the 2024 election then vote, then lied about it in naturalization paperwork.

- Maribel del Carmen Garcés Barriga, 62, an Ecuadoran national and San Francisco resident, made false statements in her naturalization paperwork that she never claimed U.S. citizenship and had never voted in a U.S. election or had registered to vote. In fact, Garcés fraudulently registered to vote in 2024 and proceeded to vote in a U.S. election.

***Southern District of California***

The following defendants are charged with false claim to citizenship to vote, unlawful attempted procurement of naturalization, and false statement under oath in matter relating to naturalization or citizenship:

- José Probitsado Amaro, 51, a citizen of the Philippines living in National City, fraudulently registered to vote by falsely claiming to be a U.S. citizen. He then cast a ballot in the November 2024 general election and made false statements during his naturalization interview, denying that he had ever claimed U.S. citizenship and misrepresenting his voting history.
- Jennifer Jung, 31, a Canadian national living in San Diego, fraudulently registered to vote by falsely claiming to be a U.S. citizen. She then cast a ballot in the November 2024 general election and made false statements during her naturalization interview, denying that she had ever claimed U.S. citizenship and misrepresenting her voting history.
- Erick Ronaldo Soto Mendizábal, 64, a citizen of Guatemala and former Oceanside resident now living in Moreno Valley, fraudulently registered to vote by falsely claiming to be a U.S. citizen. He then cast a ballot in the November 2024 general election and made false statements in his naturalization application, denying that he had ever claimed U.S. citizenship and misrepresenting his voting history.
- Pamele Arbués Line, 56, a citizen of the Philippines living in Escondido, registered to vote, cast a ballot in the November 2024 general election, and made false statements in her naturalization interview, denying that she had ever claimed U.S. citizenship and misrepresenting her voting history.

*Criminal complaints and informations merely contain allegations. All defendants are presumed innocent until proven guilty beyond a reasonable doubt in a court of law.*

Homeland Security Investigations (HSI) is investigating these matters in the Central District of California. HSI and the FBI are investigating these matters in the Eastern and Northern Districts of California. HSI, the FBI, and United States Citizenship and Immigration Services are investigating the matters in the Southern District of California.

Assistant United States Attorneys Michael Wheat and Minjae Kim of the Orange County Office are prosecuting the Central District of California cases. Assistant United States Attorneys Kevin Khasigian and Joshua Banister are prosecuting the Eastern District of California cases. Special Assistant United States Attorney Roger Dinh is prosecuting the Northern District of California cases.

**Contact**

Ciaran McEvoy

Public Information Officer

ciaran.mcevoy@usdoj.gov

(213) 894-4465

*Updated October 19, 2026*

**Topic**

VOTING AND ELECTIONS

**Component**

USAO - California, Central

Press Release Number: 26-200

# Related Content

PRESS RELEASE

### United States Sues California After Determining More Than 20,000 Likely Noncitizens Are Registered to Vote in the Golden State

The Justice Department, working with the Department of Homeland Security (DHS), today filed a complaint against the State of California over its voter list after determining that more than 20,000...

October 15, 2026

# EXHIBIT H

AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20) D Original D Duplicate Original

LODGED
CLERK, U.S. DISTRICT COURT
8/26/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: AH DEPUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California

FILED
CLERK, U.S. DISTRICT COURT
08/26/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: nth DEPUTY

UNITED STATES OF AMERICA,

v.

DARWIN JONATHAN RIVERA-FLORES,

Defendant

Case No. 2:26-mj-05043-DUTY

## AMENDED CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of November 4, 2025, in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1015(e) | False Claim to U.S. Citizenship |
| 52 U.S.C. § 20511(2)(A) | Fraudulent Voter Registration |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

*Complainant's signature*

Christopher Kuzma, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 08/26/2026

*Judge's signature*

City and state: Los Angeles, CA

The Hon. A. Joel Richlin, U.S. Magistrate Judge
*Printed name and title*

AUSA: Michael G. Wheat

# AFFIDAVIT

I, Christopher Kuzma, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant for DARWIN JONATHAN RIVERA-FLORES ("RIVERA-FLORES") for a violation of 18 U.S.C. § 1015(e) (False Claim to U.S. Citizenship) and for a violation of 52 U.S.C. § 20511(2)(A) (Fraudulent Voter Registration).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement and public databases. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and arrest warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## II. BACKGROUND OF AFFIANT

3. I am a Special Agent ("SA") with the United States Department of Homeland Security ("DHS"), Homeland Security Investigations ("HSI"), and have been so employed since August 2025, following my reemployment after retirement in August 2023. Prior to my reemployment, I served as a federal Special Agent in Los Angeles, California, from 1997 to 2023 with HSI and the United States Department of State, Diplomatic Security Service.

Throughout my career, I investigated federal criminal violations including narcotics trafficking, bulk cash smuggling, alien smuggling, child exploitation, identity theft, false statements, passport fraud, and regularly participated in the execution of arrest and search warrants.

## III. STATEMENT OF PROBABLE CAUSE

4. DHS records reveal that RIVERA-FLORES was born on September 2X, 1995, in Choloma, Cortes, Honduras, and is a native and citizen of the Republic of Honduras, who entered the United States in 2002 and is present in the United States as a Lawful Permanent Resident ("LPR"). LPRs are not United States citizens.

5. In February 2026, DHS Enforcement and Removal Operations ("ERO") personnel in Camarillo, California (CA) notified HSI agents of RIVERA-FLORES physically disrupting DHS personnel and operations at the federal building located in Camarillo, CA. ERO Mission Support Specialist L.M. was blocked from gaining access to the federal facility.
HSI investigated the disruption reports. As a result of this investigation, on February 18, 2026, HSI agents issued a Central Violations Bureau ("CVB") citation to RIVERA-FLORES for violation of Title 6, C.F.R., § 139.35(d) (obstruction of access to a federal building), a Class C misdemeanor. In a post-Miranda interview, I informed RIVERA-FLORES that he was being issued a citation to "correct [his] bad behavior." RIVERA-FLORES ultimately pled guilty to the offense and was placed on one year unsupervised probation under U.S. Probation.

6. On March 27, 2026, the ERO employee, L.M., reported

to me that RIVERA-FLORES confronted him/her near the federal building in Camarillo, CA. L.M. said that RIVERA-FLORES "threatened to find my neighborhood, find my house and not to worry…find me." L.M. called the local police and reported the incident. It should be noted RIVERA-FLORES approached this L.M. after CVB citation issuance but before a mandatory CVB court date scheduled on May 2, 2026.

7. On April 8, 2026, I attempted to call RIVERA-FLORES, but his phone didn't accept calls from blocked numbers. So, I unblocked my caller identification feature on my government issued phone and again called RIVERA-FLORES' cellular telephone ending in x3547 in an attempt to schedule an interview with RIVERA-FLORES. The purpose of the interview was to gain a better understanding of the March 27, 2026, encounter between RIVERA-FLORES and L.M., the ERO employee. I spoke to RIVERA-FLORES and explained there has been another incident at the federal building in Camarillo and requested to interview RIVERA-FLORES regarding the incident. RIVERA-FLORES declined to be interviewed.

8. Beginning on April 27, 2026, I began to receive text messages from unfamiliar telephone numbers to my government issued telephone. The text messages generally centered on anti-immigration enforcement. One text message from an unknown voice over internet protocol ("VOIP") phone number referenced qualified immunity and the upcoming midterm elections:




Based upon my education, training and experience, and the reference to the upcoming elections, I believe this message demonstrates RIVERA-FLORES has both an interest in the voting process and an intent to participate in the election process.

9. On July 22, 2026, I received another text message on my government phone with the words, "What was the word you use correct their behavior." Based on my prior post CVB issuance interview of RIVERA-FLORES in February 2026, I believe this text message was from RIVERA-FLORES because it refers back to the exact terms I used in the post-arrest interview of RIVERA-FLORES following the CVB issuance (emphases added):




10. Based upon the initial CVB citation and RIVERA-FLORES confronting L.M., I conducted additional investigation. I performed a number of record checks through law enforcement databases. A DHS database revealed a record under Alien Registration number A094-298-XXX in the name "Darwin Jonathan Rivera" also known as "Darwin Rivera" with a date of birth of September 2X, 1995, country of birth and citizenship as Honduras. This record includes a photograph of the person I recognize to be RIVERA-FLORES. This recognition is based on my comparison to other law enforcement photographs of RIVERA-FLORES

and my personal interactions with RIVERA-FLORES. This record also lists additional identifying information for RIVERA-FLORES to include a physical address (Hatillo Ave, Winnetka CA 91306), a telephone number ending in x3547, an email of milodarwinrivera1995@XXX.com, and date of birth of September 2X, 1995.

11. Federal Bureau of Investigation records for RIVERA-FLORES also list his birth country, and citizenship, as Honduras, contains a Social Security number ending in xX930, and a driver's license number B819XXXX.

12. I also conducted record checks through the California Department of Motor Vehicles and confirmed that driver's license number B819XXXX is associated with the name "Darwin Johathan Rivera Flores" and is associated with the same address on Hatillo Avenue, Winnetka, CA 91306. The latest issue date of this record is September 10, 2025, and it contained a photograph which I believe depicts RIVERA-FLORES based on my comparison to videos, pictures, and my personal interactions with RIVERA-FLORES. This record also shows a date of birth as September 2X, 1995, and contains an image of RIVERA-FLORES' signature.



13. I also conducted several record checks through other public databases, including the California Secretary of State website. This record check disclosed an online voter registration record in the name of "Darwin Rivera" associated with the same address on Hatillo Ave, Winnetka, CA 91306.

14. In July 2026, I received a certified voter registration application/affidavit number 65DH67XXX, a voter registration receipt and a signature image from the California Secretary of State, Elections Division. The voter registration name is listed as "Darwin J Rivera" and lists the same address on Hatillo Ave., Winnetka, CA 91306. Under the application question of "Did someone help you fill out this form" the answer "no" is checked. A check mark is provided next to the application wording "I am a U.S. citizen."

15. Following a declaration under penalty of perjury warning, the voter registration application is dated November 4, 2025.

16. The voter application also provided the following for Darwin J Rivera:

a. California ID number B819XXXX

b. Date of birth as "September 2X, 1995"

c. Place of birth as "United State of America"

d. "SSN4"[1] as "X930"

e. Phone number as "XXX-XXX-3547"

f. Email as "milodarwinrivera1995@XXXX.com"

17. The signature supplied by the voter and attached to voter application number 65DH67XXXX is in the name of Darwin J



I declare under penalty of perjury under the laws of the State of California that:
- I am a U.S. citizen and am 16 years old or will be at least 18 years old on election day.
- I am not currently in a state or federal prison or on parole for the conviction of a felony.
- I am not currently found mentally incompetent to vote by a court.
- I understand that it is a crime to intentionally provide incorrect information on this form.
- The information on this form is true and correct.

SIGNATURE

65DH6[redacted]

11/4/2025

DATE

Rivera and appears to match RIVERA-FLORES' signature on his California driver's license dated September 2025.

18. In August 2026, I received certified voter registration records from County of Los Angeles, Office of the

[1] I understand this to be a reference to the last four numbers of an individual's social security number.

County Counsel, under voter ID number 53153XXXX in the name of "Darwin J Rivera" and executed on November 4, 2025, through an online portal. These records list the following:

a. Residence as "XXXX Hatillo Ave Winnetka 91306"

b. Birth date as "09/2X/1995"

c. Birthplace as "United States of America"

d. Email as "milodarwinrivera1995@XXXX.com"

e. Phone number "(XXX)XXX-3547"

19. This voter registration form also shows a checkmark next to the phrase "I am a U.S. Citizen."


Voter Registration Form

CALIFORNIA VOTER REGISTRATION FORM

[X] I am a U.S. citizen.
[X] I am at least 16 years old.
[X] I am not in prison or on parole for the conviction of a felony.
[X] I am not currently judged by a court to be mentally incompetent.

| | | |
|---|---|---|
| Legal Name<br>Darwin J Rivera | Birth Date<br>09/2[redacted]1995 | Birth Place<br>UNITED STATES OF AMERICA |
| Home Address<br>[redacted]HATILLO AVE<br><br>WINNETKA CA 91306 | California ID<br>B819[redacted] | SSN4<br>[redacted]930 |
| | Phone Number<br>([redacted]547 | Fax Number |
| Mailing Address | Email Address<br>Milodarwinrivera1995@[redacted]om | |

20. Additionally, I have reviewed DHS records to determine whether RIVERA-FLORES has ever sought or obtained U.S. citizenship. To become a naturalized U.S. citizen an applicant must file a Form N-400 and pay a $710 filing fee or seek a fee waiver. DHS records do not show any application or fee payment/waiver from RIVERA-FLORES seeking naturalization.

Moreover, the records do not reflect the issuance of a Form N-550, a Certificate of Naturalization, which is an official document issued by U.S. Citizenship and Immigration Services to prove that a foreign national has officially become a U.S. citizen after completing the naturalization process and taking the Oath of Allegiance. Based on my background, training and experience, I know that if an individual became a naturalized citizen, DHS records associated with that individual would reflect the issuance of a Form N-550 (Certificate of Naturalization).

## IV. CONCLUSION

21. Based on the forgoing, I believe there is probable cause to believe that RIVERA-FLORES knowingly and willfully falsely stated under oath that he was a United States Citizen in his voter registration application in order to register to vote and secure the issuance of an election ballot permitting him to vote in a California and federal election in violation of 18 U.S.C. § 1015(e) and 52 U.S.C. § 20511(2)(A).

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 26th day of August 2026.

Joel Richlin

THE HONORABLE A. JOEL RICHLIN
United States Magistrate Judge

# EXHIBIT I

FILED
CLERK, U.S. DISTRICT COURT
Sept 16, 2026
CENTRAL DISTRICT OF CALIFORNIA
BY: pd DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2026 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

DARWIN JONATHAN RIVERA-FLORES,
aka "Darwin Jonathan Floresrivera,"
aka "Darwin J. Rivera,"
aka "Darwin Rivera,"

Defendant.

No. 2:26-cr-00598-MCS

I N D I C T M E N T

[18 U.S.C. § 1015(f): False Claim to United States Citizenship in Connection with Registering to Vote]

The Grand Jury charges:

[18 U.S.C. § 1015(f)]

1. Defendant DARWIN JONATHAN RIVERA-FLORES ("RIVERA-FLORES") was born in 1995 in Honduras and is a citizen and national of Honduras. On or about November 28, 2005, defendant RIVERA-FLORES was granted lawful permanent residence status in the United States.

2. On July 15, 2016, under penalty of perjury, defendant RIVERA-FLORES applied for a California Driver's License and, in the

application, stated that he was not a United States Citizen and was not eligible to vote.

3. On June 16, 2020, under penalty of perjury, defendant RIVERA-FLORES applied for a California Driver's License and, in the application, stated that he was not a United States Citizen.

4. On October 13, 2021, under penalty of perjury, defendant RIVERA-FLORES applied to replace his California Driver's License and, in the application, stated that he was not a United States Citizen.

5. On September 10, 2025, under penalty of perjury, defendant RIVERA-FLORES applied to renew his California Driver's License and, in the application, stated that he was not a United States Citizen.

6. On November 25, 2025, in Los Angeles County, defendant RIVERA registered to vote in a federal election by completing an online application on the California Secretary of State's website. As part of that application, under penalty of perjury, defendant RIVERA-FLORES claimed to be a United States citizen.

//

//

//

7. On or about November 4, 2025, in Los Angeles County, within the Central District of California, defendant RIVERA-FLORES, an alien, did knowingly make a false statement and claim that he was a citizen of the United States in order to register to vote in a federal, state, or local election.

A TRUE BILL

/S/

Foreperson

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

MICHAEL G. WHEAT
MINJAE KIM
Assistant United States Attorneys
Orange County Office