TODD BLANCHE
Attorney General
R. TRENT MCCOTTER
Acting Deputy Attorney General
JOHN K. ADAMS
Associate Deputy Attorney General
ANDREW M. DARLINGTON (Fl. Bar No. 10188895)
Counsel to the Assistant Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C., 20530
Telephone: (202) 532-0100
Andrew.Darlington2@usdoj.gov

BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (Cal. Bar No. 272742)
Assistant United States Attorney
J. ROBERT RENNER (Cal. Bar No. 148587)
Assistant United States Attorney
300 N. Los Angeles St., Ste. 7516
Los Angeles, California 90012
Telephone: (213) 894-2464
E-mail: Julie.Hamill@usdoj.gov

Attorneys for Plaintiff
*United States of America*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 2:26-cv-12025<br><br>**UNITED STATES' OBJECTION TO IMMIGRANT RIGHTS AND EDUCATION NETWORK'S AND MI FAMILIA EN ACCIÓN'S MOTION TO INTERVENE** |

**<u>OBJECTION TO PROCEDURALLY DEFICIENT MOTION TO INTERVENE</u>**

The United States respectfully objects to the Motion to Intervene filed by Immigrant Rights and Education Network and Mi Familia En Acción ("Proposed Intervenors") on October 15, 2026. Dkt. 11. Beyond substantive defects, the motion is procedurally deficient and should be denied. The motion fails to comply with (1) Local Rule 7-3, and (2) Local Rule 6-1, and should be denied.

**A. The Motion Fails to Comply with Local Rule 7-3**

The motion should be denied because Proposed Intervenors filed the motion without conducting or certifying any meet-and-confer. *See Christian* v. *Mattel, Inc.,* 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

In particular, the motion fails to comply with the prefiling conference requirement. "[C]ounsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. R. 7-3. The rule requires a prefiling conference to "take place in person, by telephone, or via video conference," and requires a declaration of counsel stating "the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." *Id.* "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," and "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.,* No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted).

Here, Counsel for Proposed Intervenors contacted counsel for the United States on the same day the United States filed its complaint in this action, Dkt. 1, and asked the United States to meet and confer on their forthcoming motion. *See* Dkt. 11-4, p. 4. The United States offered to meet and confer on Tuesday, October 20. *Id.* Instead, Proposed

Intervenors filed their motion that same day without conducting a meet and confer. *See* Dkt. 11.

### B. The Motion Fails to Designate a Hearing Date under Local Rule 6-1

Local Rule 6-1 requires a moving party to select a Motion Day on the assigned judge's calendar and file a notice designating that date at least 28 days before the hearing. Proposed Intervenors' motion does not set a hearing date, nor does it include a proper notice under L.R. 6-1. The motion is therefore improperly filed and should be denied. *See Christian* v. *Mattel, Inc.,* 286 F.3d 1118, 1129 (9th Cir. 2002).

DATED: October 21, 2026

Respectfully submitted,

*/s/ Julie A. Hamill*
Julie A. Hamill
Assistant United States Attorney