TODD BLANCHE
Attorney General
R. TRENT MCCOTTER
Acting Deputy Attorney General
JOHN K. ADAMS
Associate Deputy Attorney General
ANDREW M. DARLINGTON (Fl. Bar No. 10188895)
Counsel to the Assistant Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C., 20530
Telephone: (202) 532-0100
Andrew.Darlington2@usdoj.gov

BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (Cal. Bar No. 272742)
Assistant United States Attorney
J. ROBERT RENNER (Cal. Bar No. 148587)
Assistant United States Attorney
300 N. Los Angeles St., Ste. 7516
Los Angeles, California 90012
Telephone: (213) 894-2464
E-mail: Julie.Hamill@usdoj.gov

Attorneys for Plaintiff
*United States of America*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF CALIFORNIA, *et al.*,

Defendants.

Case No. 2:26-cv-12025

**UNITED STATES' OBJECTION TO LEAGUE OF UNITED LATIN AMERICAN CITIZENS, NAACP, NAACP CALIFORNIA/HAWAII STATE CONFERENCE, AND NAACP LOS ANGELES BRANCH DEFICIENT *EX PARTE* APPLICATION FOR LEAVE TO FILE OPPOSITION TO TRO**

Hon. David O. Carter
United States District Judge

**OBJECTION TO PROCEDURALLY DEFICIENT EX PARTE APPLICATION TO FILE OPPOSITION TO TRO**

The United States respectfully objects to the procedurally deficient *ex parte* application for leave to file opposition to the United States' *ex parte* application for temporary restraining order filed by Proposed Intervenor-Defendants League of United Latin American Citizens, NAACP, NAACP California/Hawaii State Conference, and NAACP Los Angeles Branch ("LULAC") on October 20, 2026. Dkt. 37. Beyond the United States' opposition to the application based on substantive defects, the application fails to comply with Local Rule 7-19.1, and should be denied.

**1. The Application Fails to Comply with Local Rule 7-19**

LULAC's application fails to satisfy *ex parte* notice rules. Local Rule 7-19.1 requires the applicant to make reasonable, good-faith oral efforts to notify all opposing counsel of the date and substance of the proposed application, and provide a written, sworn statement describing those efforts and stating whether the application is opposed.

LULAC failed to provide any sworn declaration detailing such notice efforts or state whether the application is opposed, and LULAC did not make any such efforts to contact the United States regarding this application. *See* Dkt. 37.

For these reasons, the application should be denied. *See Christian* v. *Mattel, Inc.,* 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

DATED: October 21, 2026

Respectfully submitted,

*/s/ Julie A. Hamill*
Julie A. Hamill
Assistant United States Attorney