DAWYN R. HARRISON, COUNTY COUNSEL
PETER BOLLINGER, ASST. COUNTY COUNSEL (SBN 241752)
EVA CHU, SNR. DEP. COUNTY COUNSEL (SBN 235356)
ADAM BAUMGARTEN, SNR. DEP. COUNTY COUNSEL (SBN 292095)
648 KENNETH HAHN HALL OF ADMINISTRATION
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-0809
echu@counsel.lacounty.gov
abaumgarten@counsel.lacounty.gov

**NORTON ROSE FULBRIGHT US LLP**
CHRISTOPHER PELHAM (SBN 241068)
ABIGAIL URQUHART (SBN 310547)
ALEX SCANDROLI (SBN 345278)
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
christopher.pelham@nortonrosefulbright.com
abigail.urquhart@nortonrosefulbright.com
alex.scandroli@nortonrosefulbright.com

Attorneys for Defendant
DEAN C. LOGAN, in his official capacity as the County of Los Angeles Registrar-Recorder/County Clerk

*Additional Counsel Listed on Following Page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, SHIRLEY N. WEBER, in her official capacity as the California Secretary of State, and DEAN C. LOGAN, in his official capacity as the County of Los Angeles Registrar-Recorder/County Clerk,<br><br>Defendants. | Case No. 2:26-cv-12025<br><br>**DEFENDANT DEAN LOGAN'S OPPOSED *EX PARTE* APPLICATION FOR EXPEDITED BRIEFING SCHEDULE AND HEARING ON DEFENDANTS' MOTIONS TO DISMISS UNDER FED. R. CIV. PROC. 12(b)** |

**PUBLIC RIGHTS PROJECT**
Joshua Karsh (*pro hac vice forthcoming*)
Toby R. Merrill (*pro hac vice forthcoming*)
Kyra Sikora (*pro hac vice forthcoming*)
490 43rd Street, Unit #115
Oakland, CA 94609
Tel: (510) 738-6788
joshua.karsh@publicrightsproject.org
toby.merrill@publicrightsproject.org
kyra.sikora@publicrightsproject.org

Attorneys for Defendant
DEAN C. LOGAN, in his official capacity as the County of Los Angeles Registrar-Recorder/County Clerk

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to L.R. 7-19, Defendant Dean C. Logan, acting in his official capacity as the Los Angeles County Registrar-Recorder/County Clerk (the "County"), hereby files this opposed request for an expedited briefing schedule on Defendants' motions to dismiss in the above-captioned case. For the reasons set forth below, as well as in the attached October 20, 2026 Declaration of Christopher K. Pelham, the County respectfully urges that the Court expeditiously resolve both its and the State Defendants' (the State of California and the Secretary of State acting in her official capacity) Rule 12 arguments. The County's motion to dismiss will soon be filed, the same day as this application (October 21, 2026).

Plaintiff United States of America ("Plaintiff" or the "Executive"), by its own actions, has created an urgent situation where the November 2026 General Election is well underway. County officials face great uncertainty about how to handle the ballots of thousands of voters and, worse, whether their decisions will trigger criminal or other sanctions. The government's filings and correspondence accuse the county and its officials of violating federal law unless they comply with its unprecedented, unfounded, and urgent demands. The relevant facts are as follows:

- On October 13, 2026, the Executive hand-delivered to the county a letter signed by Acting Deputy Attorney General R. Trent McCotter and addressed to Mr. Logan. (*See* Compl. Exh. C.) The letter stated that "accompanying this letter is a password-protected thumb drive with a list of names of people the Federal Government believes are likely noncitizens who were sent a vote-by-mail ballot from California to participate in the November 2026 federal election." (*Id.*) The letter "request[ed] that you review the list within 48 hours to determine whether any citizens are listed." (*Id.*) The letter then requested that "for individuals whom you cannot independently

confirm citizenship status," the County "segregate-not cancel-those individuals''' vote-by-mail ballots until their citizenship can be determined." (*Id.*) The letter further requested that the County not mail ballots to any of the listed individuals who had not yet been sent a vote-by-mail ballot as well as "not verify the signature and/or tabulate the ballot" of any listed individual "until [their] citizenship can be determined." (*Id.*)

- On October 14, 2026, the County released a public statement in response to the October 13 letter. (October 20, 2026 Pelham Decl., Ex. C., ECF 32-2.) The County's response, among other points, stated that "we have not accessed the drive because doing so would conflict with established data privacy and information security protocols" and "federal and state laws are clear on how voter eligibility is established – and any action to remove a voter from eligibility must be based on verifiable information, not assertions of unconfirmed data matching." (*Id.*)
- On October 15, 2026, the County, via counsel, sent a letter to Acting DAG McCotter via email. (ECF 32-3 Exh. D.) In that letter, the County noted that "the RR/CC is legally prohibited from taking the actions requested in the letter and is, therefore, unable to comply with the requests." (*Id.*) The County also stated that "as a preliminary concern, we note the letter does not provide any information on how the Government compiled the list of 'likely noncitizens' or on what evidentiary basis the Government has reason to suspect that those listed are registered voters who *may* be noncitizens." (*Id.*) (emphasis in original.) The County also noted that "the November 2026 General Election is well underway. Registered voters across the County have been mailed vote-by-mail ballots as required by state law . . . and the [County] has been processing vote-by-mail ballots since October 5,

2026. In-person voting is also underway at the RR/CC and will expand to more than 640 vote centers across the County started on October 24, 2026 and continue until 8:00 p.m. on Election Day. In the weeks following the election and until the end of November, the RR/CC will be fully engaged with ballot processing activities, conducting the official canvass, the one-percent manual tally and post-election audit, and certifying election results." (*Id.*) The County further stated "thus, this is an extremely critical period for the [County's] administration of the November 2026 General Election." (*Id.*)

- The Executive responded to the County's October 15 letter on October 16, 2026. (ECF 32-2 Exh. E.) In it, the Executive stated that "the legal consequences for either facilitating or ignoring a federal crime are significant." (*Id.*) It stated "Noncitizen voting in a federal election is a federal crime – and knowingly facilitating such conduct is equally unlawful." (*Id.*) It stated "[i]f persons knowingly tabulate ballots cast by individuals identified by federal agencies as noncitizens, they risk becoming aiders and abettors to a federal crime." (*Id.*) The letter ended by stating "[t]he Department [of Justice] strongly urges the County and the [Secretary of State] to reconsider their positions before taking actions that risk significant federal scrutiny and exposure."
- The Executive filed the instant Complaint on October 15, 2026, (Dkt. 1), after vote-by-mail ballot voting begun in the November 3, 2026 General Election. Then, on October 19, 2026, the Executive filed an *ex parte* application for a temporary restraining order and order to show cause why a preliminary injunction should not ensue. (Dkt. 22.) Therein, the Executive requested that the Court enjoin the County "to segregate all vote-by-mail ballots received from individuals on the

list provided by Dean C. Logan[;] confirm the citizenship of the person who sent a segregated vote-by-mail ballot[; and, until such confirmation for such persons,] take all steps necessary to ensure the vote-by-mail ballot is not tabulated, counted, and certified as valid." (*Id.*) The County filed an opposition to the government's TRO application on October 20, 2026. (Dkt. 32.)

Concurrently herewith, the County has filed a motion to dismiss the complaint under Fed. R. Civ. Proc. 12(b). The County believes the Executive's Complaint should be dismissed as a matter of law. The County also respectfully urges the Court to resolve that motion before the November 3, 2026 Election Day. As noted above, the Executive's filings and correspondence insist that the County, even without being provided sufficient individualized information about specific registrants' citizenship citizens, is somehow on sufficient notice to indefinitely "segregate," and not count or certify, those individuals' ballots. Worse, the Executive also insists that County officials risk *criminal* penalties in not complying with its unprecedented and extreme demands. County election administrators are justifiably concerned with the Executive's filings and correspondence, and deserve clarity and assurance that they can continue to administer the November 2026 General Election in accordance with federal and state law and regulations without risk of criminal penalties and prosecution.

As discussed above, the election is already underway, ballots are being counted, and votes must be counted and certified. The County believes its motion to dismiss the complaint, and therefore to adjudicate the matter-of-law merits of the government's claims for relief, should be decided before November 3. The sooner that motion is decided, the sooner County officials can go back to the important work of administering this election without the additional stress or uncertainty that stems from their not knowing whether the Executive will interfere with that work by seeking remedies through and beyond the TRO.

The County also notes that the Court's regular calendar for civil motions to

be heard on Mondays is closed from November 2 through November 30th. The County therefore respectfully proposes that the Court adopt the following briefing schedule for its concurrently-filed motion to dismiss and specially set a hearing for October 30th:

| | |
|---|---|
| Defendants' Deadline for Motion to Dismiss under Fed. R. Civ. Proc. 12(b) | October 21, 2026 |
| Government's Deadline to Oppose Defendants' Motion to Dismiss under Rule 12(b) | October 26, 2026 |
| Defendants' Deadline to File Optional Reply in Support of Motion to Dismiss under Rule 12(b) | October 27, 2026 |
| Hearing on 12(b) Motions | October 30, 2026 |

Per L.R. 7-19, the County provided the Executive's counsel and State Defendants' counsel with notice that it would seek this relief. (*See* October 21, 2026 Declaration of Christopher Pelham in support of *Ex Parte* Application ¶ 2.) Those parties met-and-conferred via videoconference to discuss a potential briefing schedule on October 20 and 21, 2026. (*Id.*) The County asked the Executive to stipulate to the herein-requested briefing schedule, but the parties were unable to reach an agreement. (*Id.*) Though the Executive filed its application for temporary restraining order on emergency basis, the Executive opposes this request on the grounds that exigency does not exist for this expedited motion adjudication. (*Id.*) The State Defendants do not oppose this request. (*Id.*)

Per L.R. 7-3, Defendants explained in a videoconference with the Executive's counsel on October 21, 2026 the general grounds on which it would seek a Rule 12(b) dismissal of the Complaint. (*Id.* ¶ 3.) For the reasons set forth above, however, the County respectfully requests that Court find that the herein-requested briefing schedule need not comply with the deadlines under L.R. 7-3. The State Defendants do not oppose this request.

**STATEMENT OF COMPLIANCE**

Pursuant to Civil Local Rule 7-19.1, counsel for the County notified Plaintiff of this Application. (*See* October 21, 2026 Declaration of Christopher Pelham ¶ 2.) On October 20 and October 21, 2026, I, along with counsel for State Defendants, met via videoconference Plaintiff's counsel to seek stipulation that this application be unopposed. (*Id.*) On October 21, 2026, Plaintiff's counsel stated by email that it would oppose the application. (*Id.*) The State Defendants do not oppose. (*Id.*)

The contact information for counsel appearing in the action on behalf of Plaintiff and the State Defendants are as follows:

**Plaintiff United States of America**

Julie A. Hamill, Assistant United States Attorney
United States Attorney's Office, Central District of California
300 N. Los Angeles, Suite 7516
Los Angeles, CA 90012
213-894-2464
julie.hamill@usdoj.gov

Andrew Darlington, Counsel
United States Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
202-532-3365
andrew.darlington2@usdoj.gov

**State of California and Shirley Weber, in her official capacity as California Secretary of State**

Anne P Bellows
California Attorney General's Office
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
415-510-3847
anne.bellows@doj.ca.gov

Michael Surren Cohen
California Department of Justice
1300 I Street
PO Box 944255
Sacramento, CA 94244
916-210-6090
michael.cohen@doj.ca.gov

Lisa Catherine Ehrlich
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
415-510-3489
lisa.ehrlich@doj.ca.gov
Andrew Edward Kushner
California Department of Justice
455 Golden Gate Ave, Suite 11000
San Francisco, CA 94102-7020
415-268-4323
andrew.kushner@doj.ca.gov

Christina Marie McCall
California Department of Justice
Civil Division
1300 I Street
Sacramento, CA 95814
916-210-7890
christina.mccall@doj.ca.gov

Dated: October 21, 2026

**NORTON ROSE FULBRIGHT US LLP**
CHRISTOPHER PELHAM
ABIGAIL URQUHART
ALEX SCANDROLI

By:________________________________
CHRISTOPHER PELHAM
Attorneys for Defendant DEAN C. LOGAN, in his official capacity as the County of Los Angeles Registrar-Recorder/County Clerk

**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2**

The undersigned, counsel of record for Defendant Dean C. Logan, certifies that this brief contains 2,083 words in compliance with L.R. 11-6.2

ALEX SCANDROLI
October 21, 2026