TODD BLANCHE
Attorney General
R. TRENT MCCOTTER
Acting Deputy Attorney General
JOHN K. ADAMS
Associate Deputy Attorney General
ANDREW M. DARLINGTON (Fl. Bar No. 10188895)
Counsel to the Assistant Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C., 20530
Telephone: (202) 532-0100
Andrew.Darlington2@usdoj.gov

BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (Cal. Bar No. 272742)
Assistant United States Attorney
J. ROBERT RENNER (Cal. Bar No. 148587)
Assistant United States Attorney
300 N. Los Angeles St., Ste. 7516
Los Angeles, California 90012
Telephone: (213) 894-2464
E-mail: Julie.Hamill@usdoj.gov

Attorneys for Plaintiff
*United States of America*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF CALIFORNIA, *et al.*,

Defendants.

Case No. 2:26-cv-12025

**UNITED STATES' CORRECTED OBJECTION TO THE DEFICIENT *EX PARTE* APPLICATION FOR LEAVE TO FILE OPPOSITION TO TRO FILED BY LEAGUE OF UNITED LATIN AMERICAN CITIZENS, NAACP, NAACP CALIFORNIA/HAWAII STATE CONFERENCE, AND NAACP LOS ANGELES BRANCH**

Hon. David O. Carter
United States District Judge

**OBJECTION TO NON-PARTY EX PARTE APPLICATION TO FILE OPPOSITION TO TRO**

The United States respectfully objects to the *ex parte* application for leave to file opposition to the United States' *ex parte* application for temporary restraining order filed by non-party Proposed Intervenor-Defendants League of United Latin American Citizens, NAACP, NAACP California/Hawaii State Conference, and NAACP Los Angeles Branch ("LULAC") on October 20, 2026. Dkt. 37. LULAC is not a party to this action, and their participation at this time will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). When a party seeks to permissively intervene, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The United States filed this action and *ex parte* application for temporary restraining order on an emergency basis to swiftly address the critical issue of election integrity in California. Before defendants were served, multiple non-party intervenors began filing motions, calling, and requesting meetings and briefing schedules. The involvement of non-parties in this case creates additional unnecessary work for the Court and for the attorneys involved and distracts from timely resolution of the underlying issue: preventing California from enabling noncitizen voting. Defendants have counted at least 331,000 ballots that likely contain noncitizen votes within that total. *See* Dkt. 32-1 at 11 (stating that Los Angeles County has already counted 331,000 ballots). The case's current posture maintains the status quo that proposed intervenor-defendants seek, as there has been no change to their membership's voting.

The *ex parte* application should be denied.

DATED: October 21, 2026

Respectfully submitted,

*/s/ Julie A. Hamill*
Julie A. Hamill
Assistant United States Attorney