NICHOLAS W. BROWN
Attorney General of Washington
ALISON CORDOVA (CAL BAR 284942)
Assistant Attorney General
TERA M. HEINTZ (CAL BAR 241414)
CRISTINA SEPE (CAL BAR 308023)
KARL D. SMITH (WSBA BAR 41988)
Deputy Solicitors General
1125 Washington Street SE
Olympia, WA 98504-0100
360-753-6200
Alison.Cordova@atg.wa.gov

Attorneys for State of Washington

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, SHIRLEY N. WEBER, in her official capacity as the California Secretary of State, and DEAN C. LOGAN, in his official capacity as the County of Los Angeles Registrar-Recorder/County Clerk,<br><br>Defendants. | NO. 2:26-cv-12025-DOC-(ADSx)<br><br>**STATES' MOTION FOR LEAVE TO FILE AMICUS BRIEF**<br><br>Hearing Date: Not Set<br>Time: Not Set<br>Courtroom: 9D<br>Judge: David O. Carter<br>Magistrate Judge: Autumn D. Spaeth |

**STATES' MOTION FOR LEAVE TO FILE AMICUS BRIEF**

Washington, Arizona, Colorado, Connecticut, Delaware, District of Columbia, Hawai‘i, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, Rhode Island, Vermont, Virginia, and Wisconsin (Amici States), by and through their Attorneys General, respectfully move for leave to submit a brief as amici curiae

supporting Defendants' opposition to the United States's application for a temporary restraining order and motion for a preliminary injunction. Amici States have profound interests in this case in light of their express constitutional role in administering elections, the chilling effect this action has on state and local election officials across the nation, and the potential for similar actions against Amici States.

This Court "has generally found it preferable to err on the side of permitting" participation by amici. *WildEarth Guardians v. Haaland*, 561 F. Supp. 3d 890, 906 (C.D. Cal. 2021). In determining whether to grant that leave, this Court has asked if the amicus party "has an interest in some other case that may be affected by the decision in the present case," or if "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Stoyas v. Toshiba Corp.*, No. 15-CV-4194, 2021 WL 2315200, at *1 (C.D. Cal. Jun. 7, 2021) (quoting *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)). Ultimately, the Court looks to see "whether the amicus is helpful[.]" *Id.* at *1 (citation omitted). And while the Federal Rules of Civil Procedure do not speak to participation by amici curiae, this Court may look to the Federal Rules of Appellate Procedure for guidance, which categorically permit "a state" to file an amicus brief "without the consent of the parties or leave of court." Fed. R. App. P. 29(a)(2); *see Stoyas*, 2021 WL 2315200, at *2 (citing *United States v. State Water Res. Control Bd.*, No. 2:19-cv-000547, 2020 WL 9144006, at *3 (E.D. Cal. Apr. 23, 2020)).

Amici States' brief will help the Court adjudicate the United States's motion for a temporary restraining order by showing the broader harms to the public interest that the United States's actions threaten and by placing the

Department of Justice's current lawsuit in a national context. This context includes overtly political efforts by the federal executive branch to alter election laws and rules, Congress's decision to not adopt those laws, and the federal executive's efforts to accomplish changes that Congress declined to adopt.

Amici States' brief will also assist the Court by addressing the sweeping implications of DOJ's legal theory, which, if upheld, would allow for substantial encroachment on States' constitutional authority to regulate the manner of elections.

Amici States therefore seek leave to file the amicus brief attached to this motion as Ex. A. Because this Motion is made "in connection with . . . [DOJ's] application[] under F.R.Civ.P. 65 for [a] temporary restraining order[]" under Local Civil Rule 7-3, that rule's requirement for a conference does not apply. However, in the spirit of the rule, the undersigned counsel conferred with counsel for the parties. Counsel for the State of California and the Secretary of State indicated that they consent to this Motion. Counsel for the County of Los Angeles Registrar-Recorder/County Clerk stated that they do not oppose the Motion for Leave. Counsel for the United States of America reported that Plaintiff takes no position. Ex. B, Decl. of Karl D. Smith in Support of States' Mot. for Leave to File Amicus Br.

Amici States also respectfully request that, pursuant to Local Rule 6-1, this Court order shorter time for notice of this motion and consider it immediately. This is necessary to ensure that the amicus brief is considered on the timeline required for a temporary restraining order. Immediate consideration eliminates prejudice to all parties, providing them time to respond before the Court's consideration of the application for a temporary restraining order and motion for a preliminary injunction.

RESPECTFULLY SUBMITTED this 21st day of October 2026.

NICHOLAS W. BROWN
Attorney General of Washington

*/S/ Alison Cordova*
ALISON CORDOVA (CAL BAR 284942)
Assistant Attorney General
TERA M. HEINTZ (CAL BAR 241414)
CRISTINA SEPE (CAL BAR 308023)
KARL D. SMITH (WSBA BAR 41988)
Deputy Solicitors General
1125 Washington Street SE
Olympia, WA 98504-0100
360-753-6200
Alison.Cordova@atg.wa.gov

Attorneys for State of Washington