TODD BLANCHE
Attorney General
R. TRENT MCCOTTER
Acting Deputy Attorney General
JOHN K. ADAMS
Associate Deputy Attorney General
ANDREW M. DARLINGTON (Fl. Bar No. 10188895)
Counsel to the Assistant Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C., 20530
Telephone: (202) 532-0100
Andrew.Darlington2@usdoj.gov

BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (Cal. Bar No. 272742)
Assistant United States Attorney
J. ROBERT RENNER (Cal. Bar No. 148587)
Assistant United States Attorney
300 N. Los Angeles St., Ste. 7516
Los Angeles, California 90012
Telephone: (213) 894-2464
E-mail: Julie.Hamill@usdoj.gov

Attorneys for Plaintiff
*United States of America*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF CALIFORNIA, *et al.*,

Defendants.

Case No. 2:26-cv-12025

**UNITED STATES' REQUEST FOR EXPEDITED RULING ON EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Date: October 27, 2026
Time: 1:00 p.m.
Courtroom: 1

Hon. David O. Carter
United States District Judge

The emergency relief the United States seeks (*see* Dkts. 22, 62) is compelled by the Defendants' own admissions. In their oppositions, Defendants State of California, Secretary of State Shirley Weber, and Los Angeles County Registrar Dean Logan contend they lack both the mechanisms and the legal authority to prevent non-citizens from casting ballots in the November 2026 federal election, and that their current ballot-processing practices render votes anonymous and permanently untraceable once opened. *See,* Dkts. 31, 32. These concessions establish not only the immediacy of the threat to the integrity of lawful votes, but also the irreversibility of the harm unless this Court intervenes at once. As Defendants continue processing ballots that cannot later be segregated or verified for eligibility, the dilution of lawful votes accelerates in real time.

This is an emergency. Every minute of processing that occurs without segregating the ballots of suspected non-eligible voters causes untraceable disenfranchisement and dilution of the votes of United States citizens.

Defendant Dean Logan admits in his opposition to the United States' application for temporary restraining order, "[s]ince the County began its [Vote By Mail ("VBM")] ballot processing operations on October 11, 2026, **the County has processed more than 331,000 VBM ballots to date** and anticipates much higher volumes of VBM ballots to be received as Election Day approaches (citation omitted). Regardless of voting method, voting is fully anonymous—even to the County itself, in compliance with California and federal law. (citation omitted). **Once a vote-by-mail ballot has been removed from its return envelope, or an in-person ballot has been cast, there is no way to associate the voter with that ballot.** (citation omitted)." Dkt. 32-1 at 11. (Emphasis added).

Assistant Registrar-Recorder Monica Flores admits in her declaration that "[t]he [Los Angeles County] **Registrar is not equipped or authorized to verify voter citizenship** because it does not independently house citizenship-related information beyond the voter attestation as identified in federal and state law (such as, among other things, immigration records, travel records, naturalization records, etc.) and certainly is not equipped to do so within the election period." Dkt. 32-4, p. 15. (Emphasis added).

The United States does not seek to remove voters from the rolls. It simply wants to work with State and County officials to segregate the ballots of suspected non-citizens to ensure that only eligible votes are counted, and that United States citizens are not disenfranchised by illegal votes.

Once an unlawful vote is processed, it cannot be undone if it is later discovered that the voter was ineligible. *See* Dkt 32-1. There is no un-ringing the bell, which is ringing as we speak. Absent a temporary restraining order, lawful votes of United States citizens are permanently diluted. The United States respectfully requests this Court rule on its emergency *ex parte* application for temporary restraining order to preserve the status quo and prevent dilution of votes by noon on October 22, 2026.

DATED: October 21, 2026

Respectfully submitted,

*/s/ Julie A. Hamill*
Julie A. Hamill
Assistant United States Attorney