Uzoma N. Nkwonta* (DC Bar No. 975323)
unkwonta@elias.law
Branden D. Lewiston* (DC Bar No. 252550)
blewiston@elias.law
Julianna D. Astarita* (DC Bar No. 90041368)
jastarita@elias.law
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135

Tyler L. Bishop (CA Bar No. 337546)
tbishop@elias.law
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (202) 948-1135

Omar Qureshi (CA Bar No. 323493)
omar@qureshi.law
Max Schoening (CA Bar No. 324643)
max@qureshi.law
**QURESHI LAW PC**
700 Flower Street, Suite 1000
Los Angeles, CA 90017
T: (213) 786-3478
F: (213) 277-8989

*Counsel for Proposed Intervenor-Defendants Services, Immigrant Rights and Education Network and Mi Familia en Acción*

* *Pro hac vice application pending*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF CALIFORNIA; SHIRLEY N. WEBER, in her official capacity as Secretary of State of California; and DEAN C. LOGAN, in his official capacity as the County of Los Angeles Registrar-Recorder/County Clerk,

Defendants.

Case No: 2:26-cv-12025-DOC-(ADSx)

**SERVICES, IMMIGRANT RIGHTS AND EDUCATION NETWORK AND MI FAMILIA EN ACCIÓN'S REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO INTERVENE**

Hearing Date: October 27, 2026

Time: 1:00 PM

Action Filed: October 15, 2026

Judge: Hon. David O. Carter

**REPLY TO OBJECTION TO MOTION TO INTERVENE**

The Services, Immigrant Rights and Education Network ("SIREN"), and Mi Familia en Acción ("MFA") (together, "Proposed Intervenors") respectfully submit that DOJ's objection to their motion to intervene should be overruled. For the reasons that follow, Proposed Intervenors' motion was not procedurally deficient.

1. The U.S. Department of Justice ("DOJ" or "Plaintiff") filed its Complaint on October 15, 2026. ECF No. 1. Attached to its Complaint was a letter from Acting Deputy Attorney General R. Trent McCotter to California Secretary of State Shirley Weber, which stated its intention to "seek emergency relief." ECF 1-3, at 3.

2. Proposed Intervenors' counsel contacted Plaintiff's counsel to inform them of Proposed Intervenors' intention to file a motion to intervene and to urgently request an expedient opportunity to confer that day in light of Plaintiff's stated intent to seek emergency relief. ECF 11-4 at ¶ 5. Plaintiff's counsel responded by stating that they were unavailable to confer until Tuesday, October 20, the following week. *Id.* Proposed Intervenors' counsel reiterated their request to confer on October 15, and Plaintiff's counsel reiterated they were unavailable until October 20. *Id.* ¶ 6.

3. Local Rule 7-3 requires that "[i]n all cases not listed as exempt in L.R. 16-12, *and except in connection with . . . applications under F.R.Civ.P. 65 for temporary restraining orders or preliminary injunctions*," "counsel contemplating the filing of any motion" must first contact opposing counsel to discuss the matter at that such conferral must take place at least 7 days before the motion is filed. C.D. Cal. R. 7-3 (emphasis added).

4. From the outset of this case, Plaintiff has made clear that it intended to seek emergency relief, in the form of a preliminary injunction or a temporary restraining order. And, in fact, Plaintiff filed its application for a temporary restraining order on Monday, October 19, 2026, *see* ECF 22-2, *the day before*

Plaintiff's counsel stated would be the *earliest* they were available to confer regarding Proposed Intervenors' motion to intervene.

5. Proposed Intervenors sought to intervene immediately after Plaintiff filed this action in order to oppose that emergency request for relief. The motion to intervene is therefore a motion made "in connection with" an application for a preliminary injunction or temporary restraining order that is exempt from Local Rule 7-3. To hold otherwise would require would-be intervenors who stand to suffer severe, irreparable harm from emergency relief sought shortly after a complaint is filed to wait first until opposing counsel agrees to be available for conferral, and then for another seven days before they could even file a motion to intervene.

6. Even so, Proposed Intervenors attempted to confer with Plaintiff in good faith. When Plaintiff's counsel declined to make themselves available for conferral until the following week, Proposed Intervenors filed their motion to intervene on October 15, 2026, *see* ECF 11, in anticipation of—and therefore in connection with—Plaintiff's application for a temporary restraining order. In that motion, Proposed Intervenors explained that they had attempted to confer with Plaintiff's counsel before filing. ECF 11, ECF 11-4 at ¶¶ 5–6.

7. If the Court determines that the motion to intervene fails to comply with Local Rule 7-3 notwithstanding Proposed Intervenors' good-faith attempt to confer with Plaintiff, and notwithstanding the Rule's explicit exemption of motions filed in connection with temporary restraining order applications, Proposed Intervenors respectfully request that the Court exercise its discretion to depart from the Local Rules. *See Threshold Media Corp. v. Relativity Media, LLC*, No. 2:10-CV-09318DMG-AJW, 2013 WL 12331550, at *1 (C.D. Cal. Mar. 19, 2013) ("[D]ecisions from the Central District of California reflect a flexible approach to the application of Local Rule 7-3."). "A court has broad discretion to depart from the Local Rules." *Ward v. Calif. Dep't of Corr. & Rehab.*, No. 5:10-CV-00856-

VAP-SP, 2013 WL 12246625, at*4 (C.D. Cal. June 26, 2013) (declining to deny motion based on failure to comply with Local Rule 7-3); *see also Oh v. Catalina Snacks, Inc.*, 764 F. Supp. 3d 903, 910 n.1 (C.D. Cal. 2025).

8. Furthermore, now that Plaintiff has filed its application for a temporary restraining order, there can be no serious dispute that Proposed Intervenors' motion to intervene was made "in connection with" that application. Thus, if there was a violation of the Local Rule 7-3, it has since been superseded by Plaintiff's filing of that application.

9. Given Plaintiff's stated intention to seek emergency relief and the upcoming November election, Proposed Intervenors could not wait until October 27 to file their motion for intervention. Doing so would severely prejudice their ability to participate in substantive briefing and protect their mission-critical voting rights programs and the rights of their members and constituents.

10. Plaintiff's claim that the motion should be denied for failure to comply with Local Rule 6-1 is also meritless. At the time Proposed Intervenors filed their motion, it was not possible to propose a hearing date, as there was not yet a Judge assigned to the case. Given that Plaintiff requests relief before November 3, any hearing on Proposed Intervenors' motion would need to be set by order—as this Court has now done. If Proposed Intervenors noticed a hearing under the ordinary timeline, the hearing date would fall after Election Day, risking the possibility that Proposed Intervenors' motion would be moot.

11. Plaintiff's insistence on strict compliance is difficult to square with its own request that this Court grant emergency relief setting aside the ballots of more than 20,000 registered California voters. *See* ECF 22-2. Such relief is reserved for cases in which the movant's "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and in which the movant "is without fault in creating the crisis that requires ex parte relief." *Mission*

*Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *see* C.D. Cal. R. 7-19; Standing Order at 3 (ex parte applications permitted "solely for extraordinary relief").

12. If Plaintiff is right that the November election presents a genuine emergency, the same timing that it says justifies its extraordinary request also justifies Proposed Intervenors' prompt motion—filed the same day as DOJ's action. ECF 11. And even if Plaintiff is wrong, its decision to seek such emergency relief in the final weeks before the November election creates an emergency that directly threatens Proposed Intervenors, for the reasons set forth in their motion to intervene. Imposing a seven-day waiting period on their ability to seek intervention would have kept the voters most affected by DOJ's requested relief out of this case until after the Court ruled on it. *Cf. United States v. Weber*, 816 F. Supp. 3d 1168, 1188–89 (C.D. Cal. 2026) (Carter, J.) (crediting SIREN's analysis of Plaintiff's misinterpretations of the NVRA).

Dated: October 22, 2026

Respectfully submitted,

*/s/ Tyler L. Bishop*

Uzoma N. Nkwonta*
Branden D. Lewiston*
Julianna D. Astarita*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
F: (202) 968-4498
unkwonta@elias.law
blewiston@elias.law
jastarita@elias.law

Tyler L. Bishop (CA Bar No. 337546)
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (202) 948-1135
tbishop@elias.law

Omar Qureshi (CA Bar No. 323493)
Max Schoening (CA Bar No. 324643)
**QURESHI LAW PC**
700 Flower Street, Suite 1000
Los Angeles, CA 90017
T: (213) 786-3478
omar@qureshi.law
max@qureshi.law

*Counsel for Proposed Intervenor-Defendants SIREN and MFA*

* *Pro hac vice application pending*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Proposed Intervenor-Defendants SIREN and MFA certifies that this brief contains 1126 words, which complies with the word limit of Local Rule 11-6.1.

Dated: October 22, 2026

*/s/ Tyler L. Bishop*
Tyler L. Bishop