TODD BLANCHE
Attorney General
R. TRENT MCCOTTER
Acting Deputy Attorney General
JOHN K. ADAMS
Associate Deputy Attorney General
ANDREW M. DARLINGTON (Fl. Bar No. 1018895)
Counsel to the Assistant Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C., 20530
Telephone: (202) 532-0100
Andrew.Darlington2@usdoj.gov

BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (Cal. Bar No. 272742)
Assistant United States Attorney
J. ROBERT RENNER (Cal. Bar No. 148587)
Assistant United States Attorney
300 N. Los Angeles St., Ste. 7516
Los Angeles, California 90012
Telephone: (213) 894-2464
E-mail: Julie.Hamill@usdoj.gov

Attorneys for Plaintiff
*United States of America*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF CALIFORNIA, *et al.*,

Defendants.

Case No. 2:26-cv-12025-DOC-ADS

**UNITED STATES' OBJECTIONS TO DEFENDANTS' REQUEST TO EXPEDITE MOTION TO DISMISS BRIEFING**

Date: TBD
Time: TBD
Courtroom: 1
Action Filed: October 15, 2026

Hon. David O. Carter
United States District Judge

**OBJECTION TO EXPEDITED MOTION TO DISMISS BRIEFING SCHEDULE**

The United States objects to Defendants' request to expedite briefing on their motions to dismiss. *See* Dkt. Nos. 57, 61. This Court should deny this Ex Parte Application because Defendants have not and cannot cite any emergency justifying the "emergency" relief.

"Ex parte applications are solely for extraordinary relief." *Arredondo v. Univ. of La Verne*, 618 F. Supp. 3d 937, 943 (C.D. Cal. 2022) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)). Accordingly, Defendants' ex parte application "must support its request" with evidence that Defendants' "case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures." *Arredondo*, 618 F. Supp. 3d at 943 (quoting *Mission Power Eng'g Co.*, 883 F. Supp. at 492).

In support of their emergency application, Defendants proffer that they "deserve clarity and assurance that they can continue to administer" the election as they see fit, and they want to "go back to the important work of administering this election without the additional stress or uncertainty" of not knowing the ultimate outcome of this lawsuit. Dkt. No. 57 at p. 6. These purported harms of allegedly lacking "clarity and assurance" while allegedly suffering "stress" and "uncertainty" as to the ultimate outcome of this lawsuit would apply to every defendant in every lawsuit filed in this Court. *Id*. These feelings alone do not qualify as irreparable prejudice justifying emergency relief to hear the motion ahead of this Court's "regularly noticed motion procedures." *Arredondo*, 618 F. Supp. 3d at 943.

Moreover, Defendants admit they are presently administering the election as they see fit. There is no emergency ruling yet that disrupts Defendants' operations. Should this Court decline to issue a temporary restraining order or preliminary injunction following the October 27 hearing, as explained above, the mere existence of a lawsuit alone does not create exigent circumstances such that restrictive time constraints are allowed to condense the United States' ability to represent its interests in litigation. The

motion to dismiss briefing schedule should occur as this Court would normally require.

Defendants' refusal to receive information from the federal government regarding the citizenship status of registered voters on its voter rolls, and their ongoing efforts through today that frustrate the federal prohibition against noncitizen voting continue to injure the sovereignty of the United States. Defendants assert they have mailed vote-by-mail ballots to every registered voter, Dkt. No. 32-1 at pp. 11, which includes individuals on the United States' list, Dkt. No. 32-3 at pp. 10-11. Defendant Dean C. Logan's office has already processed 331,000 ballots and continues to do so. Dkt. No. 32-1 at p. 11. Utterly lacking from Defendants' filed request to expedite and the accompanying joinder is any new event or occurrence that has frustrated Defendants' operations. *See* Dkt. No. 57 at p. 6 ("The election is already underway, ballots are being counted"); *see also* Dkt. No. 61. Absent some form of injunctive relief granted to the United States, Defendants are not entitled to the schedule they seek.

DATED: October 22, 2026

Respectfully submitted,

*<u>/s/ ANDREW M. DARLINGTON</u>*
Andrew M. Darlington
Counsel to the Assistant Attorney General