TODD BLANCHE
Attorney General
R. TRENT MCCOTTER
Acting Deputy Attorney General
JOHN K. ADAMS
Associate Deputy Attorney General
ANDREW M. DARLINGTON (Fl. Bar No. 1018895)
Counsel to the Assistant Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C., 20530
Telephone: (202) 532-0100
Andrew.Darlington2@usdoj.gov

BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (Cal. Bar No. 272742)
Assistant United States Attorney
J. ROBERT RENNER (Cal. Bar No. 148587)
Assistant United States Attorney
300 N. Los Angeles St., Ste. 7516
Los Angeles, California 90012
Telephone: (213) 894-2464
E-mail: Julie.Hamill@usdoj.gov

Attorneys for Plaintiff
*United States of America*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF CALIFORNIA, *et al.*,

Defendants.

Case No. 2:26-cv-12025

**UNITED STATES' OBJECTION TO *EX PARTE* APPLICATION BY MI FAMILIA EN ACCION AND SIREN FOR LEAVE TO FILE OPPOSITION BRIEF TO TRO APPLICATION**

Hon. David O. Carter
United States District Judge
Action Filed: October 15, 2026

**OBJECTION TO NON-PARTIES' *EX PARTE* APPLICATION TO FILE OPPOSITION BRIEF TO THE UNITED STATES' TRO APPLICATION**

The United States respectfully objects to the *ex parte* application for leave to file an opposition brief to the United States' *ex parte* application for temporary restraining order filed on October 21, 2026, by non-party Proposed Intervenor-Defendants Mi Familia en Accion and Services, Immigrant Rights and Education Network (SIREN). Dkt. No. 58. Neither group is a party to this litigation, and their participation at this time will "prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

When a party seeks to permissively intervene, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The United States filed this action and *ex parte* application for temporary restraining order on an emergency basis to swiftly address the critical issue of election integrity of federal elections in California and the irreparable and ongoing harm to the United States' sovereignty. The involvement of non-parties in this case creates unnecessary work for the Court and for the attorneys involved, and it distracts from timely resolution of the underlying problem: Defendants' counting of ineligible ballots. The only members in either group that may be affected are individuals on the United States' list provided to Defendant Dean C. Logan who applied to USCIS for an immigration benefit and were assigned an alien number but otherwise have no identifiable record or proof of citizenship within four different federal agencies. Since noncitizens do not have a right to vote in federal elections, there is no emergency created by segregating likely ineligible ballots such that these two groups should be allowed to file an opposition brief to the United States' *ex parte* application for a temporary restraining order.

Proposed Intervenor-Defendants' *ex parte* application to file an opposition brief to the United States' *ex parte* application for temporary restraining order should be denied. The United States respectfully requests to supplement briefing at a later date.

DATED: October 22, 2026

Respectfully submitted,

*/s/ ANDREW M. DARLINGTON*
Andrew M. Darlington
Counsel