TODD BLANCHE
Attorney General
R. TRENT MCCOTTER
Acting Deputy Attorney General
JOHN K. ADAMS
Associate Deputy Attorney General
ANDREW M. DARLINGTON (Fl. Bar No. 10188895)
Counsel to the Assistant Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C., 20530
Telephone: (202) 532-0100
Andrew.Darlington2@usdoj.gov

BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (Cal. Bar No. 272742)
Assistant United States Attorney
J. ROBERT RENNER (Cal. Bar No. 148587)
Assistant United States Attorney
300 N. Los Angeles St., Ste. 7516
Los Angeles, California 90012
Telephone: (213) 894-2464
E-mail: Julie.Hamill@usdoj.gov

Attorneys for Plaintiff
*United States of America*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>STATE OF CALIFORNIA, *et al.*,<br>Defendants. | Case No. 2:26-cv-12025<br><br>**NOTICE OF PLAINTIFF'S *EX PARTE* MOTION FOR INJUNCTION PENDING APPEAL**<br><br>Hon. David O. Carter<br>United States District Judge |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff, the United States of America, will, and hereby does, move this Court *ex parte* for expedited relief in the form of a Rule 62(d) injunction pending resolution of the United States' appeal from this Court's constructive denial of the United States' emergency application for preliminary injunctive relief. *See* Fed. R. Civ. P. 62(d); *see also A. A. R. P. v. Trump*, 605 U.S. 91, 94 (2025) ("A district court's inaction in the face of extreme urgency and a high risk of 'serious, perhaps irreparable,' consequences may have the effect of refusing an injunction. Here the District Court's inaction—not for 42 minutes but for 14 hours and 28 minutes—had the practical effect of refusing an injunction . . . .") (citations omitted).

Specifically, the United States has appealed this Court's denial of the United States' emergency application for injunctive relief requiring Defendants to (1) set aside vote-by-mail ballots from persons identified by the Federal Government likely to be noncitizens and (2) to independently—or in collaboration with the Federal Government—verify their citizenship status before tabulating their vote-by-mail ballot. *See* ECF Nos. 22, 62. An injunction pending the outcome of that appeal is warranted because the United States is likely to succeed on its appeal, and an injunction would preserve the status quo, thus preventing irreparable harm to the United States and the general public while the United States' appeal proceeds.

The United States brings this application on an *ex parte* basis because, as described in the memorandum filed herewith, every minute of processing that occurs without segregating the ballots of suspected ineligible voters causes untraceable disenfranchisement and dilution of the votes of United States citizens. Once illegally cast ballots are counted and commingled with lawful votes, the resulting harm is impossible to remedy. The urgency is heightened because of the fundamental right to vote and to have one's lawful vote counted without dilution.

Defendant Dean Logan admits in his opposition to the United States' application for temporary restraining order, "[s]ince the County began its [Vote By Mail ("VBM")]

ballot processing operations on October 11, 2026, **the County has processed more than 331,000 VBM ballots to date** and anticipates much higher volumes of VBM ballots to be received as Election Day approaches (citation omitted). Regardless of voting method, voting is fully anonymous—even to the County itself, in compliance with California and federal law. (citation omitted). **Once a vote-by-mail ballot has been removed from its return envelope, or an in-person ballot has been cast, there is no way to associate the voter with that ballot.** (citation omitted).” (Emphasis added). Dkt. 32-1, p. 11.

Assistant Registrar-Recorder Monica Flores admits in her declaration that “[t]he [Los Angeles County] **Registrar is not equipped or authorized to verify voter citizenship** because it does not independently house citizenship-related information beyond the voter attestation as identified in federal and state law (such as, among other things, immigration records, travel records, naturalization records, etc.) and certainly is not equipped to do so within the election period.” (Emphasis added). Dkt. 32-4, p. 15.

Once an unlawful vote is processed, it cannot be undone if it is later discovered that the voter was ineligible. *See* Dkt. 32-1.

The United States respectfully submits that *ex parte* relief is appropriate given that immediate and irreparable injury will result to the citizens. Attorneys for Defendants informed counsel for the United States that Defendants oppose the requested relief. *See* Declaration of Julie A. Hamill (“Hamill Decl.”), ¶¶ 5-9.

In the alternative, the United States requests that the Court follow the approach recently taken in similar circumstances in *NetChoice v. Bonta*, 761 F. Supp. 3d 1232, 1236 (N.D. Cal. 2025), granting a temporary injunction of up to thirty days, or until the Ninth Circuit rules on the United States’ forthcoming motion for an injunction pending appeal, whichever is sooner.

This motion is based on this Notice, the attached Memorandum in Support, and the United States’ arguments and evidence submitted in support of its Motion for Preliminary Injunction. *See* ECF Nos. 22-1, 62, 67. A Proposed Order accompanies this motion. Absent judicial intervention, lawful votes of United States citizens are

permanently diluted. Accordingly, the United States respectfully requests a ruling on this motion as soon as possible and no later than noon PT on October 23, 2026.

**Statement of Compliance With Local Rule 7-19.1 and Rule 65**

Pursuant to Civil Local Rule 7-19.1 and Fed. R. Civ. P. 65, counsel for the United States notified Defendants of this Application. *See* Hamill Decl., ¶¶ 5-8. On October 22, 2026, at 5:12 p.m., counsel for Plaintiff sent an email to all counsel for Defendants who had entered an appearance in this case to advise them of the date and substance of the proposed *ex parte* application. Hamill Decl., ¶ 6. Their names and addresses are as follows:

**State of California and Shirley Weber, in her official capacity as California Secretary of State**

Anne P Bellows
California Attorney General's Office
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
415-510-3847
anne.bellows@doj.ca.gov

Michael Surren Cohen
California Department of Justice
1300 I Street
PO Box 944255
Sacramento, CA 94244
916-210-6090
michael.cohen@doj.ca.gov

Lisa Catherine Ehrlich
California Department of Justice
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
415-510-3489
lisa.ehrlich@doj.ca.gov

Andrew Edward Kushner

California Department of Justice
455 Golden Gate Ave, Suite 11000
San Francisco, CA 94102-7020
415-268-4323
andrew.kushner@doj.ca.gov

Christina Marie McCall
California Department of Justice
Civil Division
1300 I Street
Sacramento, CA 95814
916-210-7890
christina.mccall@doj.ca.gov

**Dean C. Logan, in his official capacity as the County of Los Angeles Registrar-Recorder/County Clerk**

Christopher K. Pelham
Norton Rose Fulbright US LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071
323-892-9200
christopher.pelham@nortonrosefulbright.com

Alex Jordan Scandroli
Norton Rose Fulbright US LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071
213-892-9200
alex.scandroli@nortonrosefulbright.com

Abigail Urquhart
Norton Rose Fulbright US LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071-3103
213-892-9266
abigail.urquhart@nortonrosefulbright.com

Joshua Karsh
Public Rights Project

490 43rd Street, Unit #115
Oakland, CA 94609
510-738-6788
joshua.karsh@publicrightsproject.org

Kyra Sikora
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
510-738-6788
kyra.sikora@publicrightsproject.org

Toby R. Merrill
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
510-738-6788
toby.merrill@publicrightsproject.org

Hamill Decl., ¶5.

On October 22, 2026, at 5:57 p.m. Pacific Time, counsel for Plaintiff spoke via telephone with Anne P. Bellows, counsel for defendants State of California and Shirley Weber, in her official capacity as California Secretary of State at the number listed on the docket, 415-510-3847. Hamill Decl., ¶¶ 5, 7. Counsel for Plaintiff informed her that the United States would be moving *ex parte* for expedited relief in the form of a Rule 62(d) injunction pending resolution of the United States' appeal on October 22, 2026, and explained the substance of the application. Ms. Bellows expressed that her client would oppose the application. *Id.*, ¶ 7.

On October 22, 2026, at 6:03 p.m. Pacific Time, counsel for Plaintiff spoke via telephone with Christopher Pelham, counsel for defendant Dean C. Logan, in his official capacity as the County of Los Angeles Registrar-Recorder/County Clerk. *Id.*, ¶ 8. Counsel for Plaintiff informed him that the United States would be moving *ex parte* for expedited relief in the form of a Rule 62(d) injunction pending resolution of the United States' appeal on October 23, 2026, and explained the substance of the application. *Id.*, ¶

8. Mr. Pelham expressed that his client would oppose the application. *Id.*, ¶ 8.

DATED: October 22, 2026

Respectfully submitted,

*/s/ Julie A. Hamill*
Julie A. Hamill
Assistant United States Attorney