ROB BONTA
Attorney General of California
MICHAEL L. NEWMAN
THOMAS S. PATTERSON
Senior Assistant Attorneys General
SETH E. GOLDSTEIN
Supervising Deputy Attorney General
ANNE P. BELLOWS (SBN 293722)
MICHAEL S. COHEN (SBN 339846)
LISA C. EHRLICH (SBN 270842)
ANDREW E. KUSHNER (SBN 316035)
CHRISTINA M. MCCALL (SBN 234139)
Deputy Attorneys General
1300 I Street, P.O. Box 944255
Sacramento, CA 95814
Telephone: (916) 210-6090
Fax: (916) 324-8835
E-mail: Michael.Cohen@doj.ca.gov
*Attorneys for Defendants State of California and California Secretary of State Shirley N. Weber, in her official capacity*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>**v.**<br>**STATE OF CALIFORNIA and SHIRLEY N. WEBER, in her official capacity as the California Secretary of State, and DEAN C. LOGAN, in his official capacity as the County of Los Angeles Registrar-Recorder / County Clerk,**<br>Defendants. | Case No. 2:26-cv-12025-DOC-ADS<br>**STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL**<br>Date: Not Set<br>Time: Not Set<br>Courtroom: 10 A<br>Judge: Hon. David O. Carter<br>Trial Date: Not Set<br>Action Filed: October 15, 2026 |

Defendants the State of California and Secretary of State Shirley N. Weber, Ph.D. ("State Defendants") oppose Plaintiff's motion for an injunction pending appeal, ECF No. 76, because there are no grounds for such an appeal while the Court evaluates the application for a temporary restraining order ("TRO Application").

Plaintiff chose to file this lawsuit on October 15, 2026, seventeen days before Election Day for the 2026 General Election. ECF No. 1. Plaintiff waited four more days, until October 19, to file its TRO Application. ECF No. 22-2. In that application, Plaintiff requested relief "by **November 3, 2026,** before the end of voting in the 2026 federal election." ECF No. 22-2 (emphasis added). All Defendants opposed the TRO Application the next day, on October 20. ECF Nos. 31-1 and 32-1.

On October 21, this case was first assigned to the Honorable John W. Holcomb (ECF No. 34) and then transferred to the Honorable David O. Carter (ECF No. 46). At 6:41 p.m. on October 21, several hours after being assigned the case, the Court issued a scheduling order setting a hearing on the TRO Application for Tuesday, October 27, a full week ahead of Plaintiff's requested deadline for relief. ECF No. 64. At 8:57 p.m., prior to serving the summons and complaint on any Defendant, Plaintiff filed a request demanding a ruling on its TRO Application by noon the following day. ECF No. 67.[1] On October 22, merely three days after filing the original TRO Application, Plaintiff filed a Notice of Appeal, claiming that the Court has constructively denied the preliminary injunction, even though the scheduled hearing on the TRO Application had not happened. ECF No. 74. At 6:17 a.m. on October 23, Plaintiff filed its motion for an injunction pending appeal. ECF

[1] Also on October 21, all Defendants filed motions to dismiss the complaint, ECF Nos. 65, 68, requesting an expedited schedule on the motions, ECF No. 57. Despite claiming in its request for an expedited TRO ruling that this case concerns an "emergency" that "accelerates in real time" due to Defendants' ongoing tabulation of ballots, ECF No. 67, Plaintiff opposes expediting proceedings on the motions to dismiss, questioning Defendants' need for "clarity and assurance that they can continue to administer" the elections according to law, ECF No. 71.

No. 76. Just over two hours later, the Court ordered any additional briefing in opposition to Plaintiff's TRO Application by Saturday at 3:00 p.m., and a reply no later than Sunday at 3:00 p.m. ECF Nos. 77, 78.

The Court should refuse to grant an injunction pending appeal for the simple reason that the appeal is improper, since there is nothing currently to appeal. The Court has not "even tentatively decide[d] anything about the merits of [Plaintiff's] claim," let alone issued an order on the TRO Application. *Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 25 (1966). Instead, the Court has expeditiously set a hearing date four days from now and a full week before the date by which Plaintiff originally requested a ruling. Plaintiff's dilatory, after-hours pivot on October 21 to demand a ruling by noon the next day does not create a valid basis for its purported appeal, which is without legal effect.

"District courts have wide discretion in managing their docket, and they do not necessarily deny a motion by failing to rule on a parties' requested timeline." *Amazon.com Servs. LLC v. Nat'l Lab. Rels. Bd.*, 151 F.4th 221, 227 (5th Cir. 2025) (district court did not constructively deny motion for preliminary injunction by failing to rule by requested date) (citing *In re Fort Worth Chamber of Commerce*, 100 F.4th 528, 535 (5th Cir. 2024)). "Appeal cannot be achieved simply by asserting that the trial court has failed to act promptly as wished by a party seeking an injunction." *Id.*; *cf. Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, (9th Cir. 1992) (finding constructive denial where plaintiff moved for preliminary injunction on August 22, the court scheduled a hearing for September 8, but at an August 30 hearing on a different motion "announced its decision not to hold a preliminary injunction hearing" until after the challenged action was substantially completed); *Cedar Coal Co. v. United Mine Workers of Am.*, 560 F.2d 1153, 1161-62 (4th Cir. 1977) (finding constructive denial when district court issued an order that continued preliminary injunction hearing date indefinitely).

Moreover, the Court should consider the litigant's "diligence in seeking to expedite briefing and consideration," such as whether it has made "repeated requests for a ruling by a specific date." *Amazon.com Servs. LLC*, 151 F.4th at 227. Here, Plaintiff originally requested a ruling by November 3, which the Court's scheduled hearing will easily accommodate. Plaintiff's October 21 request that this Court issue a ruling on its TRO by noon the next day was not reasonable, and the Court's current schedule—where this TRO will be heard in only a few days—cannot be constructive denial.

The TRO Application has not been denied, either by court order or constructively, and the Court has not failed to rule. Instead, the Court set a hearing on the TRO Application to be held four court days after being assigned this case. There is no interlocutory order to appeal under 28 U.S.C. § 1292(a)(1), and the appellate court therefore has no jurisdiction over this case. Accordingly, the Court "may disregard" Plaintiff's "notice of appeal and proceed with the case." *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966); *see also Hollywood v. City of Santa Maria*, 886 F.2d 1228, 1230 (9th Cir. 1989) (holding notice of appeal deficient as "premature," and thus "ineffective," where it is "filed before entry in the district court docket of the written disposition of [a] motion"); *see also* 16 *Wright & Miller's Federal Practice & Procedure* § 3924.1 (3d ed. 2012) ("Appeal cannot be achieved simply by asserting that the trial court has failed to act as promptly as wished by a party seeking an injunction.").

There is also no basis for Plaintiff's alternative request for a 30-day injunction pending further Ninth Circuit developments. ECF No. 76-1 at 2. In *NetChoice v. Bonta*, the District Court issued such an injunction *solely to preserve the status quo*. *See* 761 F. Supp. 3d 1232, 1236 (N.D. Cal. 2025). Here, by contrast, Plaintiff seeks a mandatory injunction that would require Defendants to undertake affirmative actions to "segregate ballots." ECF No. 76-1 at 16; *but see Purcell v. Gonzalez*, 549 U.S. 1 (2006).

If the Court finds that Plaintiff has validly appealed, the Court should deny an injunction pending appeal for all the same reasons that State Defendants have argued a TRO should not issue: Plaintiff lacks standing; Plaintiff's claim fails on the merits; the relief Plaintiff seeks would independently violate federal and state law; Plaintiff fails to demonstrate irreparable harm; and the equities strongly disfavor relief in this case. *See generally* ECF 31-1 (State Defendants' Opposition to Plaintiff's TRO).

For the foregoing reasons, the State Defendants respectfully request that the Court deny the Application for Injunction Pending Appeal.

Dated: October 23, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MICHAEL L. NEWMAN
THOMAS S. PATTERSON
Senior Assistant Attorneys General
SETH E. GOLDSTEIN
Supervising Deputy Attorney General
ANNE P. BELLOWS
LISA C. EHRLICH
ANDREW E. KUSHNER
CHRISTINA M. MCCALL
Deputy Attorneys General

/s/ *Michael S. Cohen*

MICHAEL S. COHEN
Deputy Attorney General
*Attorneys for Defendants State of California and California Secretary of State Shirley N. Weber, Ph.D.*

# CERTIFICATE OF SERVICE

Case Name: **United States of America v. State of California, et al.** No. **2:26-cv-12025**

I hereby certify that on October 23, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 23, 2026, at Los Angeles, California.

| Linda Zamora | */s/ Linda Zamora* |
|---|---|
| Declarant | Signature |

SA2026305380
68813260