Sean F. Bigley – CA Bar No. 300851
sfbigley@ajsocal.org
Binwant K. Kahlon – CA Bar No. 366721
bkahlon@ajsocal.org
Catherine Y. Hwang- CA Bar No. 340136
chwang@ajsocal.org
**ASIAN AMERICANS ADVANCING JUSTICE SOUTHERN CALIFORNIA**
1145 Wilshire Blvd.
Los Angeles, CA 90017
Tel: (213) 241-0286

Jon Sherman – DC Bar No. 998271*
jsherman@fairelectionscenter.org
Nina G. Beck – WI Bar No. 1079460*
nbeck@fairelectionscenter.org
Zoe M. Ginsberg – MD Bar No. 2411071003*
zginsberg@fairelectionscenter.org
**FAIR ELECTIONS CENTER**
1629 K Street NW, Ste. 300
Washington, DC 20006
Tel: (202) 331-0114

* *Pro Hac Vice forthcoming*

Attorneys for Proposed Amicus Curiae

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:26-cv-12025-DOC-(ADSx)<br><br>**MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE ASIAN AMERICANS ADVANCING JUSTICE SOUTHERN CALIFORNIA IN SUPPORT OF DEFENDANTS AND INTERVENOR-DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Hearing Date: Not Set |

| | |
|---|---|
| | Time: Not Set<br>Judge: Hon. David O. Carter<br>Magistrate Judge: Hon. Autumn D. Spaeth |

## MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE

Proposed amicus curiae Asian Americans Advancing Justice Southern California ("AJSOCAL"), by and through its undersigned counsel, respectfully moves for leave to file the Brief of Amicus Curiae in Support of Defendants and Intervenor-Defendants' Opposition to Plaintiff's *Ex Parte* Application for Temporary Restraining Order (ECF No. 62), attached as Exhibit A. Plaintiff's application is set for hearing on October 27, 2026, at 1:00 p.m., in Courtroom One of the First Street Courthouse. ECF No. 64. AJSOCAL's brief explains why the Court should deny the application.

Because this motion is made in connection with Plaintiff's application under Federal Rule of Civil Procedure 65 for a temporary restraining order, the conference requirement of Local Rule 7-3 does not apply. L.R. 7-3. In the spirit of that rule, counsel for AJSOCAL conferred with counsel for all parties. Counsel for the State of California and the Secretary of State stated that the State Defendants do not oppose the motion. Counsel for the Los Angeles County Registrar-Recorder/County Clerk stated that Defendant Logan will not oppose it. Counsel for the United States stated that Plaintiff takes no position. Declaration of Sean F. Bigley ¶¶ 4–7 (Exhibit B).

### I. Statement of Interest of Proposed Amicus Curiae

Asian Americans Advancing Justice Southern California ("AJSOCAL") is the nation's largest civil rights and legal services organization for Asian American, Native Hawaiian, and Pacific Islander ("AANHPI") communities. AJSOCAL serves more than 15,000 people and partner organizations each year; provides free legal services for immigrants, workers, tenants, and survivors; pursues impact litigation; and advocates for policy change. AJSOCAL's services are open to all. Since 1983, AJSOCAL has represented clients in the areas of immigration, language rights,

workers' rights, voting rights, family law, housing, and hate crimes, among others.

Fostering civic engagement and the exercise of voting rights amongst AANHPI citizens in Southern California have been central parts of AJSOCAL's mission for more than thirty years. AJSOCAL's civic engagement work began because AANHPI communities in Southern California had grown in number without gaining a corresponding political voice. Since then, AJSOCAL's work has included naturalization and citizenship services, redistricting advocacy, impact litigation, Get Out The Vote work, and voter protection. AJSOCAL carries out that work in coalition with Common Cause, Asian Americans Advancing Justice–AAJC, the Asian American Legal Defense and Education Fund, and community organizations across California. Its poll monitoring and legal observer program places trained volunteers at vote centers in both Los Angeles and Orange counties to document language-access and accessibility barriers, and AJSOCAL uses those observations to make recommendations to county election officials. To prepare for the November 3, 2026 general election, AJSOCAL has trained community partners as election legal observers and is conducting voter education in eleven languages. Through its Demographic Research Project, AJSOCAL and its predecessor organization, the Asian Pacific American Legal Center, have published A Community of Contrasts since at least 2013, presenting disaggregated data on as many as 42 Asian and 32 Native Hawaiian and Pacific Islander groups so that local governments and community organizations can see the communities they serve.

AJSOCAL's practice sits where immigration records and voting rights meet. Its immigration attorneys represent clients across the life of an immigration file: survivors seeking protection under the Violence Against Women Act and U visas before they hold lawful permanent residence, and people who have lost that status and face removal or detention, whom AJSOCAL defends in removal proceedings and through habeas petitions in this District. That practice gives AJSOCAL direct knowledge of how immigration records are created, how long they persist, and how

often they fail to reflect a person's later change in status. In that work, a client's claim to have derived citizenship through a parent can be dispositive, and often no certificate from U.S. Citizenship and Immigration Services documents it. Records of that kind are the ones the federal government used to build the list at issue here.

AJSOCAL has a direct interest in ensuring that naturalized and derived citizens are not subjected to citizenship checks that other qualified voters never face, and that their ballots are counted on the same terms as everyone else's. The relief the United States seeks would single out those voters because of their immigration records. AJSOCAL submits this brief to explain why federal law forbids that result.

## II. The Proposed Brief Would Assist the Court in Deciding This Matter

"The district court has broad discretion to appoint amici curiae." *WildEarth Guardians v. Haaland*, 561 F. Supp. 3d 890, 905 (C.D. Cal. 2021) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). The only criterion is that an applicant's "participation is useful to or otherwise desirable to the court." *Id*. (citing *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991)). This Court "has generally found it preferable to err on the side of permitting" such participation. *Id.* at 906. Among other things, the Court asks whether "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Stoyas v. Toshiba Corp.*, No. 15-CV-4194, 2021 WL 2315200, at *1 (C.D. Cal. June 7, 2021) (quoting *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)).

AJSOCAL's brief meets that standard. It addresses in greater depth than the parties and proposed intervenor-defendants the applicability of a federal statute and of the Ninth Circuit precedent construing it. The Civil Rights Act of 1964 requires that officials apply the same standards, practices, and procedures in determining whether any individual is qualified to vote. 52 U.S.C. § 10101(a)(2)(A). The Ninth Circuit has recently held that this provision bars a citizenship-investigation procedure

that, by design, reaches only naturalized and derived citizens. *Mi Familia Vota v. Fontes*, 129 F.4th 691, 722–24 (9th Cir. 2025), *cert. granted on other grounds sub nom. Republican Nat'l Comm. v. Mi Familia Vota*, 146 S. Ct. 2799 (2026).[1] Drawing on the United States' own declarations and contextualizing this case by reference to other recent litigation concerning the administration's voting-related citizenship verification efforts, including the modifications to DHS's Systematic Alien Verification for Entitlements ("SAVE") system,[2] this amicus brief shows that the procedures behind the United States' list of suspected non-citizens and the requested relief violate the Civil Rights Act in the same way as the provision enjoined in *Mi Familia Vota*. The government's process only reaches voters matched to a federal immigration record, which in practice means naturalized and derived citizens, not U.S.-born citizens. *See* Bartell Decl. ¶¶ 16–19, ECF No. 22-4; McLoughlin Decl. ¶¶ 14–19, ECF No. 22-3. Additionally, the brief shows how the government's requested relief is inextricably linked to its discriminatory investigatory methods, treats naturalized and derived citizens' registrations to vote as inherently suspect, and subjects them to a citizenship verification and/or proof requirement that U.S.-born citizens generally do not face.

Additionally, the brief also offers a perspective that the parties cannot. AJSOCAL's immigration practice represents clients across the life of an immigration file, including clients whose derived citizenship no federal certificate documents. And the brief places the United States's request within the broader history the parties have not addressed: the nineteenth-century laws that subjected naturalized voters alone to proof-of-citizenship and other discriminatory voting requirements, and the decisions

[1] Fair Elections Center served as plaintiffs' counsel on the particular case that secured the 52 U.S.C. § 10101(a)(2)(A) ruling in this consolidated litigation.

[2] Fair Elections Center also serves as cocounsel for plaintiffs in *League of Women Voters v. U.S. Dep't of Homeland Sec.*, 835 F. Supp. 3d 79, 99 (D.D.C. 2026), which concerns DHS's SAVE system.

that struck down such unconstitutional measures. The brief will therefore assist the Court in weighing the likelihood of success and the public interest in ruling on Plaintiff's application.

**III. Request for Order Shortening Time**

AJSOCAL respectfully requests that, pursuant to Local Rule 6-1, the Court shorten the time for notice of this motion and consider it immediately. Plaintiff's application is set for hearing on October 27, 2026. ECF No. 64. A motion noticed on the ordinary schedule could not be heard until well after the Court rules on that application. No party opposes the motion, and immediate consideration prejudices no party: AJSOCAL files this motion in advance of the hearing, leaving the parties time to respond to the brief before the Court takes up the application.

**IV. Conclusion**

For these reasons, AJSOCAL respectfully requests that the Court shorten time under Local Rule 6-1 and grant leave to file the Brief of Amicus Curiae attached as Exhibit A.

DATED: October 23, 2026

Respectfully submitted,

/s/ Binwant K. Kahlon
Binwant K. Kahlon
Sean F. Bigley
Catherine Y. Hwang
**Asian Americans Advancing Justice Southern California**

Jon Sherman*
Nina G. Beck*
Zoe M. Ginsberg*
**Fair Elections Center**

* *Pro hac vice forthcoming*

Attorneys for Proposed Amicus Curiae Asian Americans Advancing Justice Southern California