BRADLEY A. BENBROOK (SBN 177786)
BENBROOK LAW GROUP, PC
1301 Dove Street, 5th Floor
Newport Beach, CA 92660
Telephone: (916) 447-4900

JAMES UTHMEIER
*Attorney General*
DAVID M.S. DEWHIRST* (FBN 1076928)
*Solicitor General*
HUNTER R. PRATT* (FBN 1018395)
*Deputy Solicitor General*
JOHN SCOGGIN* (FBN 1058864)
*Assistant Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
STATE OF FLORIDA
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
david.dewhirst@myfloridalegal.com
*Counsel for Proposed Amici States*

**Pro Hac Vice forthcoming*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVIDSION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF CALIFORNIA, et al.,

Defendants.

Case No.: 2:26-cv-12025-DOC-ADS

**MOTION OF AMICI CURIAE STATE OF FLORIDA AND TEN OTHER STATES FOR LEAVE TO FILE AN AMICUS BRIEF IN SUPPORT OF THE UNITED STATES' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Re: Application at ECF 62

Date: October 27, 2026
Time: 1:00 p.m.
Courtroom One
Hon. David O. Carter

*Amici Curiae*, the states of Florida, Alabama, Arkansas, Iowa, Kansas, Montana, Nebraska, South Carolina, South Dakota, Texas, and West Virginia respectfully move this Court for leave to file a brief of *amicus curiae*, attached as **Exhibit 1**, in support of the United States' *ex parte* application seeking a temporary restraining order and preliminary injunction. ECF 62. *Amici* submit that their participation would be useful to the Court's resolution of this matter of great public interest.

The United States seeks to set aside vote-by-mail ballots from likely non-citizens until California can verify citizenship. It's just like what Florida law requires with mail-in-ballots for those whose citizenship status can't be confirmed as part of a post-registration verification process and then fail to provide acceptable documentation. Those mail-in-ballots are automatically treated as provisional ballots, and they are counted once they provide the necessary documentation in a specified timeframe. Florida's post-registration verification system doesn't disenfranchise voters, and neither does the United States's requested injunction. They comply with the NVRA and promote public confidence in the elections process. Accordingly, Florida and *amici* states submit their participation would be useful to this Court.

Pursuant to Local Rule 7-3, undersigned counsel for Florida conferred with the parties in this matter on October 23, 2026, to seek consent for the filing of this Motion and an amicus brief. California and the California Secretary of State do not oppose. The United States takes no position. Intervenor-Defendants LULAC and NAACP do not oppose. Florida has not received responses from Defendant County of Los Angeles Registrar-Recorder/County Clerk or the other Intervenor-Defendants. And pursuant to Local Rule 7-15, *amici* believe this Motion for Leave can be decided without a hearing and waive their right to oral argument.

## **LEGAL STANDARD**

District courts have "'broad discretion to appoint amici curiae.'" *Stross v. Glass Homes, Inc.*, No. 20-cv-09147, 2022 WL 21310031, at *1 (C.D. Cal. Apr. 4, 2022) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). "'There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court.'" *Id.* (quoting *WildEarth Guardians v. Haaland*, No. 19-cv-09473, 2021 WL 4263831, at *10 (C.D. Cal. Sept. 20, 2021)). "Courts have granted amicus status 'when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Id.* (quoting *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)). And there's "no rule" requiring *amici* to be "totally disinterested" from the existing parties. *Hoptowit*, 682 F.2d at 1260.

A proposed amicus can show its participation would be useful by "assisting in a case of general public interest, supplementing the efforts of the existing parties, or drawing the Court's attention to law that was not presented to the Court." *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, No. 20-cv-09147, 2026 WL 2256692, at *1 (C.D. Cal. Aug. 5, 2026) (citations omitted). And courts permit states leave to file amicus briefs in election-related litigation even if they deem it provides "little . . . assistance" to a court's findings. *League of Women Voters of Ohio v. LaRose*, 741 F. Supp. 3d 694, 725 (N.D. Ohio 2024); *see id.* at 724–25 (permitting amicus briefing from the District of Columbia, Delaware, Illinois, Maryland, Nevada, New Jersey, and New York in a challenge to Ohio's absentee ballot election laws).

That's because, as a court in this District has noted, it's "'preferable to err on the side of' permitting such [amicus] briefs." *Stross*, 2022 WL 21310031, at *1 (quoting *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002)). The

reasoning goes that "[i]f an amicus brief that turns out to be unhelpful is filed, the [Court] . . . can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [Court] will be deprived of a resource that might have been of assistance." *Id.* (quoting *Neonatology Assocs., P.A.*, 293 F.3d at 133).

**IDENTITY AND INTEREST OF AMICI CURIAE**

*Amici* consist of states seeking to ensure the integrity of their elections. Florida leads the country in administering and securing elections. To that end, Governor DeSantis explained that "[w]e have prioritized election integrity in Florida, and we have zero tolerance for voter fraud."[1] And Attorney General Uthmeier has clarified that means "Florida will not allow anyone to steal the vote of Americans at the ballot box."[2] An illegal vote dilutes the strength of legitimate voters. And, in national elections, fraud in one state can threaten the legitimacy of the entire election and undermine public confidence in that process.

Sister states, by definition, have an interest when other states potentially engage in vote dilution by allowing non-citizens to vote. It over-exaggerates the influence of offending states and can distort national election results in ways that disfavor those states who play by the rules. Of course, state laws and rules governing elections vary greatly, and the Constitution contemplates a certain amount of non-uniformity across different jurisdictions. U.S. Const. art. I, § 4, cl. 1.

But when it comes to the prohibition on non-citizen voting and a faithful state administration of that prohibition, there should be no daylight. *See* 18 U.S.C. § 611(a) (providing it "shall be unlawful for any alien to vote" in federal elections); 52 U.S.C. § 20507(a)(1) (providing for the registration of only "eligible applicant[s]"). That's especially so where *every state* requires that voters be U.S. citizens. *See Voter*

[1] OFFICE OF ATTORNEY GENERAL JAMES UTHMEIER, *Attorney General James Uthmeier Announces Arrests, Charges Against 20 Defendants in Statewide Election Integrity Operation*, Sept. 24, 2026, https://perma.cc/XHQ9-YZ9F.

[2] *Id.*

*Registration Rules*, Vote.org (2026), https://perma.cc/KX3Q-BLJM (last visited Oct. 26, 2026) (compiling voter registration requirements of each state).

The injunctive relief requested by the United States isn't out of the ordinary. It's a regular part of election administration. The United States seeks to set aside suspected non-citizen ballots until California, with federal help, can verify the voter's citizenship. This requested relief mirrors Florida's provisional ballot system. Voters aren't disenfranchised by Florida's system, and the same goes for the requested injunction here.

The equities and public interest favor the United States. The only thing the United States would require California to do right now is set aside the ballots belonging to likely non-citizens—something Florida law also requires. This presents a low administrative burden. *Amici* and the citizens they represent have a profound interest in maintaining the value of their lawful votes.

**REASON TO GRANT LEAVE TO FILE**

Florida's participation helps the resolution of this matter. It has been at the forefront of prosecuting illegal voting. It has experience prosecuting election fraud. And it leads the nation in ensuring secure, transparent, and efficient elections, which it reinforced with its enactment of the Florida SAVE Act. *See* ch. 2026-26, Laws of Fla. And importantly, regarding registered voters with insufficient citizenship status who don't provide documentation, Florida still permits a provisional ballot system—a system like what the United States is seeking here. One that requires proof of citizenship after a person registers to vote but *before* that person votes.

This Court has called for amicus briefing before. *See Powers v. McDonough*, 713 F. Supp. 3d 695, 711 n.14 (C.D. Cal. 2023) (Carter, J.). Notably, the Court permitted states leave to file amicus briefs in a lawsuit concerning the federal government's demand for California voter information after receiving complaints of a non-citizen's receipt of an unsolicited mail-in-ballot. *See United States v. Weber*,

816 F. Supp. 3d 1168, 1180 (C.D. Cal. 2026) (Carter, J.) (permitting amicus briefing from sixteen states). And just this past week, the Court allowed other states to file as *amici* here. ECF 90.

The Court should likewise grant *amici* leave to file. They will assist the Court in a case of general public interest, supplement the efforts of the United States, and draw the Court's attention to applications of state law similar to the requested injunctive relief.

Given the Court's forthcoming hearing on the United States' application for a temporary restraining order and request for a preliminary injunction, ECF 64, *amici* ask this Court to order shorter time for notice of this Motion and consider it immediately pursuant to Local Rule 6-1. A proposed order accompanies this Motion, attached as **Exhibit 2**, and a Microsoft Word copy will be furnished to Chambers according to this Court's procedures.

## CONCLUSION

For the foregoing reasons, *amici* respectfully request this Court's leave to appear as *amici curiae* and deem the proposed amicus brief filed.

Dated: October 27, 2026

JAMES UTHMEIER
*Attorney General*
DAVID M.S. DEWHIRST* (FBN 1076928)
*Solicitor General*
HUNTER R. PRATT* (FBN 1018395)
*Deputy Solicitor General*
JOHN SCOGGIN* (FBN 1058864)
*Assistant Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
STATE OF FLORIDA

BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK

By /s/ Bradley A. Benbrook
BRADLEY A. BENBROOK
*Counsel for Proposed Amici States*

**CERTIFICATE OF COMPLIANCE**

1. Undersigned counsel hereby certifies for *amici* states of Florida, Alabama, Arkansas, Iowa, Kansas, Montana, Nebraska, South Carolina, South Dakota, Texas, and West Virginia that this Motion contains 1,426 words, which complies with the word limit of L.R. 11-6.1.

2. This brief also complies with the 25-page limit in Section 6 of Judge Carter's published procedures, excluding the caption, signature, tables, and attorney information.

/s/ Bradley A. Benbrook
BRADLEY A. BENBROOK
*Counsel for Proposed Amici States*

**CERTIFICATE OF SERVICE**

I certify that on October 27, 2026, I served a copy of the foregoing motion for leave to file together with the accompanying amicus curiae brief on all parties and counsel of record via the Court's CM/ECF electronic filing system.

/s/ Bradley A. Benbrook
BRADLEY A. BENBROOK
*Counsel for Proposed Amici States*