TODD BLANCHE
Attorney General
R. TRENT MCCOTTER
Acting Deputy Attorney General
JOHN K. ADAMS
Associate Deputy Attorney General
ANDREW M. DARLINGTON (Fl. Bar No. 1018895)
Counsel to the Assistant Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C., 20530
Telephone: (202) 532-0100
Andrew.Darlington2@usdoj.gov

BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (Cal. Bar No. 272742)
Assistant United States Attorney
J. ROBERT RENNER (Cal. Bar No. 148587)
Assistant United States Attorney
300 N. Los Angeles St., Ste. 7516
Los Angeles, California 90012
Telephone: (213) 894-2464
E-mail: Julie.Hamill@usdoj.gov

Attorneys for Plaintiff
*United States of America*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF CALIFORNIA, *et al.*,

Defendants.

Case No. 2:26-cv-12025

**UNITED STATES' RENEWED REQUEST FOR INJUNCTION PENDING APPEAL**

Hon. David O. Carter
United States District Judge

The United States renews its motion under Federal Rule of Civil Procedure 62(d) for an injunction pending appeal.

On October 19, 2026, the United States filed an emergency *ex parte* application for injunctive relief, including a temporary restraining order and preliminary injunction requiring Defendants (1) to segregate vote-by-mail ballots received from persons identified by the Federal Government as likely noncitizens and (2) to independently—or in collaboration with the Federal Government—verify the identified voters' citizenship status before tabulating their vote-by-mail ballot.[1] Dkt. 22, 22-1. The Court denied the United States' request for injunctive relief. Dkt. 149.

In renewing its motion for an injunction pending appeal, the United States incorporates the arguments made in its prior motion for an injunction pending appeal (Dkt. 76) as well as its application for a TRO and preliminary injunction (Dkt. 22, 62), its supporting and supplemental papers (Dkt. 100, 107), and arguments presented at the October 27, 2026 hearing. The Court understands the exigent nature of the issue presented by this case and that, by Defendant Dean Logan's own admission, once a vote-by-mail ballot has been processed, it cannot be undone if it is later determined that the voter was ineligible. *See* Dkt. 32-1. Accordingly, the United States requests that the Court enter an injunction for the duration of the United States' appeal. And given the irreversible ballot processing occurring on an ongoing basis, the United States respectfully requests a ruling on this renewed motion as soon as possible.

---

[1] The United States first filed its application for a temporary restraining order and preliminary injunction on October 19, 2026, concurrently with an application to exceed this Court's word limitations. Dkts. 22, 22-1. The Court granted the application to exceed the word limit, Dkt. 53, and the United States then immediately re-filed its application for a TRO and preliminary injunction on October 21, 2026. Dkt. 62.

DATED: October 28, 2026

Respectfully submitted,

<u>*/s/ Julie A. Hamill*</u>
Julie A. Hamill
Assistant United States Attorney