Aseem Mulji (SBN 330354)
amulji@campaignlegalcenter.org
Anna Baldwin* (DC Bar No. 998713)
abaldwin@campaignlegalcenter.org
Sejal Jhaveri* (DC Bar No. 90043488)
sjhaveri@campaignlegalcenter.org
Daniel S. Lenz* (WI Bar No. 1082058)
dlenz@campaignlegalcenter.org
David Kronig* (DC Bar No. 1030649)
dkronig@campaignlegalcenter.org
William Hancock* (DC Bar No. 90002204)
whancock@campaignlegalcenter.org
Heather Szilagyi* (DC Bar No. 90006787)
hszilagyi@campaignlegalcenter.org
Robyn K. Bitner* (DC Bar No. 1617036)
rbitner@campaignlegalcenter.org
**CAMPAIGN LEGAL CENTER**
1333 New Hampshire Ave. NW, Ste. 300
Washington, DC 20036
(202) 736-2200

Norman L. Eisen* (DC Bar No. 435051)
norman@democracydefenders.org
Tianna Mays** (DC Bar No. 21597)
tianna@democracydefenders.org
Pooja Chaudhuri (SBN 314847)
pooja@democracydefenders.org
Jacki Anderson** (DC Bar No. 1531821)
jacki@democracydefenders.org
Beauregard Patterson** (WI Bar No. 1102842)
beauregard@democracrydefenders.org
Jacob Kovacs-Goodman** (DC Bar No. 90032363)
jacob@democracydefenders.org
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Ave. SE #15180
Washington, DC 20003
(202) 601-8678

*Additional counsel on next page*

Kristen M. Clarke** (DC Bar No. 973885)
kclarke@naacpnet.org
Anthony P. Ashton** (MD Bar No. 25220)
aashton@naacpnet.org
Olivia N. Sedwick** (DC Bar No. 1600928)
osedwick@naacpnet.org
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
(410) 580-5777

Jonah Lalas (SBN 286755)
jlalas@altber.com
**ALTSHULER BERZON LLP**
350 W Colorado Blvd.
Pasadena, CA 91105
(323) 963-8693

Stacey M. Leyton (SBN 203827)
sleyton@altber.com
Danielle Leonard (SBN 218201)
dleonard@altber.com
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151

*Counsel for Intervenor-Defendants*
*League of United Latin American Citizens;*
*NAACP; NAACP California/Hawaii State Conference;*
*NAACP Los Angeles Branch*

*Admitted pro hac vice*
**Pro hac vice application forthcoming or pending*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

STATE OF CALIFORNIA; SHIRLEY WEBER, in her official capacity as the Secretary of State of California; and DEAN LOGAN, in his official capacity as Los Angeles County Registrar-Recorder,

*Defendants*.

Case No. 2:26-cv-12025-DOC-ADS

**INTERVENOR-DEFENDANTS LEAGUE OF UNITED LATIN AMERICAN CITIZENS; NAACP; NAACP CALIFORNIA/HAWAII STATE CONFERENCE; AND NAACP LOS ANGELES BRANCH'S JOINDER AND MOTION TO DISMISS**

Date: November 13, 2026
Time: 10 a.m.
Courtroom: Courtroom 1
Judge: Hon. David O. Carter

The League of United Latin American Citizens (LULAC), National Association for the Advancement of Colored People, NAACP California/Hawaii State Conference, and NAACP Los Angeles Branch (together, NAACP) (collectively, LULAC/NAACP Intervenor-Defendants) join the State of California and Secretary Weber's Motion to Dismiss, ECF No. 65, and Los Angeles County's Motion to Dismiss, ECF No. 68, the United States Department of Justice's (USDOJ) Complaint, ECF No. 1. The State's and County's Motions are sound and LULAC/NAACP Intervenor-Defendants fully adopt all of their reasoning.

This Court should resolve and grant the Motions to Dismiss as soon as possible. The longer this case remains active, the more uncertainty and potential harm looms over voters and election officials. In particular, this Court should decide the pending Motions to Dismiss *prior* to holding any evidentiary hearing on USDOJ's Ex Parte Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue, ECF No. 62, because dismissal (if granted) would obviate the need for that hearing. As this Court has already held, the United States has no viable legal claim or cognizable injury for Article III standing. ECF No. 149 at 9-17; *see also Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1194-96 (9th Cir. 2016) (holding that when a district court determines a plaintiff lacks Article III standing, it lacks "federal subject-matter jurisdiction" and has "no power to adjudicate the matter").[1] This Court is also bound by the Ninth Circuit's recent decision, holding that USDOJ has no likelihood of success on the merits of its claim. *United States v. California*, No. 26-7231, 2026 WL 3268272, at *3-7 (9th Cir. Oct. 30, 2026). "Nothing in § 611, a statute that criminalizes voting by a noncitizen, preempts California's comprehensive statutory

[1] Indeed, this Court has previously dismissed another USDOJ lawsuit, even after the United States had filed a subsequent substantive motion, because USDOJ's complaint was legally deficient and failed to state a claim. *United States v. Weber*, 816 F. Supp. 3d 1168, 1182 (C.D. Cal. 2026) (dismissing USDOJ's complaint for failure to state a claim and denying the motion to compel without evidentiary findings).

scheme that has been duly enacted under the Elections Clause." *Id.* at *4. Thus, "[a]llowing the United States to misuse § 611 to prescribe how Defendants must process ballots would 'override the plain and manifest dictates of the Constitution itself.'" *Id.* at *5 (quoting *Ex parte Siebold*, 100 U.S. 371, 392 (1879)). These foundational defects should end the Court's consideration of this suit.

So long as this meritless lawsuit remains pending, millions of California voters have no way of knowing whether they share a name or other identifying information with an individual on USDOJ's noncredible list, ECF No. 149 at 21-22, and continue to be subject to further attempts at disenfranchisement. ECF No. 15-2, Declaration of Tyler Sterling ¶¶ 15-16; ECF No. 15-1, Declaration of Juan Proaño ¶¶ 21-24 (Proano Decl.). These harms undoubtedly fall more heavily on voters of color, including LULAC and NAACP members, who are much more likely to share a name with individuals on the United States's list of "potential noncitizens," be naturalized or derived citizens, live in mixed citizenship households, or live in communities that already face serious threats from the Federal Government. Proano Decl. ¶¶ 13-14, 19-24. An immediate ruling on the pending Motions to Dismiss will stop USDOJ's improper attempts to use this lawsuit to sow chaos in the November 2026 midterm elections and call the results of this election into doubt. Just as "late-breaking, court-ordered rule changes can 'result in voter confusion and consequent incentive to remain away from the polls,' and thus undermine the '[c]onfidence in the integrity of our electoral processes . . . essential to the functioning of our participatory democracy,'" so too can ongoing lawsuits threatening such changes. *Bost v. Ill. State Bd. of Elections*, 607 U.S. 71, 80 (2026) (quoting *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006)). That is particularly true where USDOJ's claims are so brazen and unsupported.

Like voters, election officials also remain under a cloud of suspicion and in a terrible bind: if they follow California and federal election administration laws, they

will continue to face claims that their actions could give rise to criminal liability. ECF No. 32-2, Ex. E to Declaration of Christopher Pelham. Despite this Court's admonition to USDOJ at the close of the October 27 hearing to stop issuing these threats, California's election officials now face federal criminal subpoenas over their roles administering an ongoing election.[2] Dismissal of this lawsuit is an important step in curbing USDOJ's ability to intimidate election officials and inject unwarranted uncertainty into the electoral process.

Finally, to the extent there was a motion for a preliminary injunction still pending, this Court's prior order fully resolves it. *See* ECF No. 149 at 26 (discussing Application for a Temporary Restraining Order, ECF No. 62). As the Ninth Circuit stated, this Court's denial of the motion was "tantamount to the denial of a preliminary injunction." *United States v. California*, 2026 WL 3268272, at *2 (quoting *Babaria v. Blinken*, 87 F.4th 963, 976 (9th Cir. 2023)). This Court conducted a lengthy hearing, received unlimited argument from the parties, and issued a well-reasoned opinion. *Id.*

To be sure, dismissing this case will not inhibit the Federal Government from taking Congressionally-authorized steps to address the exceedingly rare instances of noncitizen voting in this country—criminal investigations and prosecutions. *See* Hr'g Tr. at 91:14-20 ("[Y]ou've got a remedy, for goodness sakes, go out and indict."). The Federal Government has continued to pursue this course of action in California and elsewhere. *See* ECF No. 62-1 at 1, 22 n.4; *see also Cal. Nurses Ass'n v. Mullin*, No. 26-7139, 2026 WL 3275856, at *3 (9th Cir. Oct. 30, 2026) (Tung, J., dissenting from denial of reh'g en banc) (describing Federal Government's investigation method). As this

---

[2] Devlin Barrett & Shawn Hubler, *Justice Dept. Pressures California With Expanded Election Investigation*, N.Y. Times (Oct. 29, 2026), https://www.nytimes.com/2026/10/29/us/trump-doj-california-voter-rolls-midterms.html?unlocked_article_code=1.MVE.jU46.wcNV0Y-8kbrM&smid=url-share.

Court correctly noted, it is the ballot envelopes that might be necessary to investigate violations of 18 U.S.C. § 611. Hr'g Tr. at 91:16-18. Those envelopes must be retained for 22 months under federal and state law. 52 U.S.C. § 20701; Cal. Elec. Code § 17301. The statute of limitations for 18 U.S.C. § 611 is also five years. *See* 18 U.S.C. § 3282. And, as is proper under the Elections Clause, California stands ready to resolve any issues that may arise during or after the election, subject to its own state law procedures. *See* Cal. Elec. Code §§ 14240(a), 14240(c), 14247, 15105, 16600-16940; Cal. Code Regs. tit. 2, § 20879(b); *see also* ECF No. 31-3, Declaration of Jana M. Lean ¶ 10. Thus, this Court need not hold an evidentiary hearing on the bases of the Federal Government's potential future (or current) criminal investigations or prosecutions. Those can continue in their ordinary course, subject to the rules of criminal procedure. Nothing about dismissal of this action will hamper those traditional avenues of law enforcement.

While LULAC and NAACP share this Court's interest in learning the truth about how the Federal Government assembled its list of purported likely non-citizens, they respectfully submit that dismissal is the appropriate next step in this lawsuit. There is no need, nor a lawful purpose, to permit USDOJ to continue to prosecute a motion for preliminary relief that both this Court and the Ninth Circuit have found to be without any foundation in federal law or the Constitution and that threatens to create additional confusion and fear among voters and election officials. For the foregoing reasons, LULAC/NAACP Intervenor-Defendants respectfully urge this Court to rule on the Motions to Dismiss and dismiss USDOJ's Complaint immediately, prior to any further proceedings in this matter.

Dated: November 2, 2026 Respectfully submitted,

Norman L. Eisen* (DC Bar No. 435051)
norman@democracydefenders.org
Tianna Mays** (DC Bar No. 21597)
tianna@democracydefenders.org
Pooja Chaudhuri (SBN 314847)
pooja@democracydefenders.org
Jacki Anderson** (DC Bar No. 1531821)
jacki@democracydefenders.org
Beauregard Patterson** (WI Bar No. 1102842)
beauregard@democracydefenders.org
Jacob Kovacs-Goodman** (DC Bar No. 90032363)
jacob@democracydefenders.org
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Ave. SE #15180
Washington, DC 20003
(202) 601-8678

Kristen M. Clarke** (DC Bar No. 973885)
kclarke@naacpnet.org
Anthony P. Ashton** (MD Bar No. 25220)
aashton@naacpnet.org
Olivia N. Sedwick** (DC Bar No. 1600928)
osedwick@naacpnet.org
**NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE**
4805 Mt. Hope Drive
Baltimore, MD 21215
(410) 580-5777

*/s/ Aseem Mulji*
Aseem Mulji (SBN 330354)
amulji@campaignlegalcenter.org
Anna Baldwin* (DC Bar No. 998713)
abaldwin@campaignlegalcenter.org
Sejal Jhaveri* (DC Bar No. 90043488)
sjhaveri@campaignlegalcenter.org
Daniel S. Lenz* (WI Bar No. 1082058)
dlenz@campaignlegalcenter.org
David Kronig* (DC Bar No. 1030649)
dkronig@campaignlegalcenter.org
William Hancock* (DC Bar No. 90002204)
whancock@campaignlegalcenter.org
Heather Szilagyi* (DC Bar No. 90006787)
hszilagyi@campaignlegalcenter.org
Robyn K. Bitner* (DC Bar No. 1617036)
rbitner@campaignlegalcenter.org
**CAMPAIGN LEGAL CENTER**
1333 New Hampshire Ave. NW, Ste. 300
Washington, DC 20036
(202) 736-2200

Jonah Lalas (SBN 286755)
jlalas@altber.com
**ALTSHULER BERZON LLP**
350 W Colorado Blvd.
Pasadena, CA 91105
(323) 963-8693

Stacey M. Leyton (SBN 203827)
sleyton@altber.com
Danielle Leonard (SBN 218201)
dleonard@altber.com
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151

**Admitted pro hac vice*
***Pro hac vice application forthcoming or pending*

*Counsel for Intervenor-Defendants League of United Latin American Citizens; NAACP; NAACP California/Hawaii State Conference; NAACP Los Angeles Branch*