Andrew G. Pappas (SBN 266409)
apappas@omlaw.com
**OSBORN MALEDON, P.A.**
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
602-640-9000

*Attorney for Amicus Curiae*
*Bipartisan American Election Project*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, SHIRLEY N. WEBER, in her official capacity as the California Secretary of State, and DEAN C. LOGAN, in his official capacity as the County of Los Angeles Registrar- Recorder/County Clerk,<br><br>Defendants. | Case No. 2:26-cv-12025-DOC-ADS<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF MOTIONS TO DISMISS**<br><br>Hearing Date: Friday, Nov. 13, 2026<br>Time: 10:00 a.m.<br>Courtroom: 1<br>Judge: Hon. David O. Carter |

## NOTICE OF MOTION

*Amicus Curiae* the Bipartisan American Election Project ("BAEP") respectfully gives notice that it moves for leave to file the attached amicus brief in support of the Motions to Dismiss (Doc. Nos. 65, 68, 169, 170, 171; *see also* Doc. 168).[1] As set forth in the accompanying declaration of Andrew G. Pappas, BAEP's counsel has corresponded with counsel for the parties, who either consented to, did not oppose, or took no position on the filing of the attached brief. The motion is based on the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTEREST OF AMICUS CURIAE

BAEP was formed by lawyers affiliated with both the Democratic and Republican parties to help courts and institutional actors understand the line between legitimate differences on questions of law and policy, on the one hand, and antidemocratic challenges to constitutional principles and norms, on the other. BAEP is led by Bob Bauer and Ben Ginsberg, veteran election lawyers and the former co-chairs of the bipartisan Presidential Commission on Election Administration.

BAEP's efforts and goals are supported by attorneys from both major parties, including Dana Remus, who served as White House Counsel in the Biden Administration; Peter Keisler, who served as Assistant Attorney General for the Civil Division and as Acting Attorney General during the George W. Bush Administration; Donald Verrilli, former Solicitor General of the United States in the Obama Administration and a senior litigation adviser to the Obama–Biden and Harris–Walz presidential campaigns; Michael Carvin, who has represented

[1] No counsel for any party authored the attached brief in whole or in part, and no such counsel or party made a monetary contribution intended to fund the preparation or submission of the brief. No person other than BAEP, its members, or its counsel made such a monetary contribution.

conservative and Republican Party organizations in election-law litigation, including voting rights, recount, and redistricting matters; John Devaney, who has tried election-law cases on behalf of Democratic presidential campaigns and the Democratic National Committee; Daniel Troy, whose background includes appellate litigation in private practice and service as Chief Counsel to the Food and Drug Administration in the George W. Bush Administration; and Joseph Guerra, who served as a Deputy Assistant Attorney General, Office of Legal Counsel, during the Clinton Administration and as Principal Deputy Associate Attorney General during the Obama Administration. Mr. Verrilli, Mr. Devaney, and Ms. Remus are also members of the BAEP Board of Directors.

## II. ARGUMENT

A district court has "broad discretion" to permit filing of an amicus brief. *WildEarth Guardians v. Haaland*, 561 F. Supp. 3d 890, 905 (C.D. Cal. 2021) (citation omitted). The "classic role of amicus curiae" is in "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Lab. & Indus. of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). Courts often grant amicus status when the amicus offers "a unique perspective beyond those of the parties." *WildEarth Guardians*, 561 F. Supp. 3d at 906.

BAEP and its members have substantial expertise with the constitutional provisions and statutes governing state administration of congressional elections, including the National Voter Registration Act, the Help America Vote Act, and the Uniformed and Overseas Citizens Absentee Voting Act. BAEP has provided its unique, bipartisan perspective as amicus curiae in similar high-profile election matters. *See, e.g.*, Brief for the Bipartisan American Election Project as Amicus Curiae Supporting Respondents, *U.S. Postal Serv. v. California*, No. 26A305, 2026 WL 2693340 (U.S. Sep. 9, 2026); Brief for the Bipartisan American Election

Project as Amicus Curiae Supporting Appellees, *United States v. Benson*, No. 26-1225, 2026 WL 1093626 (6th Cir. Apr. 20, 2026); *United States v. Galvin*, 830 F. Supp. 3d 122, 123 (D. Mass. 2026); *United States v. Raffensperger*, 836 F. Supp. 3d 1262, 1262–65 (N.D. Ga. 2026).

This case, like those others, is of paramount public interest. The U.S. Department of Justice is demanding that California set aside mailed ballots from over 20,000 registered voters mere days before the election. *See* Compl. ¶¶ 4, 45–46. This is an unprecedented effort by the Department to interfere with California's administration of a federal election. Given the high stakes, difficult issues, and compressed timeline in this case, BAEP seeks to aid the Court by sharing its expertise administering elections and litigating the constitutional provisions and statutes at issue. *See Miller-Wohl Co.*, 694 F.2d at 204.

## III. CONCLUSION

BAEP respectfully requests that the Court grant it leave to file the amicus brief attached hereto.

DATED this 3rd day of November, 2026.

OSBORN MALEDON, P.A.

By /s/ Andrew G. Pappas
Andrew G. Pappas
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012

*Attorney for Amicus Curiae Bipartisan American Election Project*