TODD BLANCHE
Attorney General
R. TRENT MCCOTTER
Acting Deputy Attorney General
JOHN K. ADAMS
Associate Deputy Attorney General
ANDREW M. DARLINGTON (Fl. Bar No. 1018895)
Counsel to the Assistant Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C., 20530
Telephone: (202) 532-0100
Andrew.Darlington2@usdoj.gov

BILAL A. ESSAYLI
First Assistant United States Attorney
JULIE A. HAMILL (Cal. Bar No. 272742)
Assistant United States Attorney
J. ROBERT RENNER (Cal. Bar No. 148587)
Assistant United States Attorney
300 N. Los Angeles St., Ste. 7516
Los Angeles, California 90012
Telephone: (213) 894-2464
E-mail: Julie.Hamill@usdoj.gov

Attorneys for Plaintiff
*United States of America*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 2:26-cv-12025<br><br>**THE UNITED STATES' NOTICE OF VOLUNTARY DISMISSAL**<br><br>Hearing Information: N/A<br><br>Honorable David O. Carter<br>United States District Judge |

The United States provides this notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

The United States sought targeted and modest relief to have California segregate vote-by-mail ballots cast by people highly likely to be noncitizens until state election officials—with the opportunity to work with federal officials—could confirm those voters' citizenship. The United States sought this relief to protect American voters in this State because each legal vote that is offset by an illegally cast vote constitutes irreparable harm. *See First Nat'l Bank of Bos. v. Bellotti*, 435 U.S. 765, 788–89, 98 S.Ct. 1407, 55 L.Ed.2d 707 (1978) ("Preserving the integrity of the electoral process" is an "interest[ ] of the highest importance."); *United States v. California*, --- F.4th ---, 2026 WL 3212945, at *31 (9th Cir. Oct. 26, 2026) (Bumatay, J., dissenting); *id*. --- F.4th ---, 2026 WL 3268272, at *8–*15 (9th Cir. Oct. 30, 2026) (Bumatay, J., dissenting). The United States needed this relief around November 3 (Election Day) because Congress' purpose behind 18 U.S.C. § 611 was not only to authorize prosecution of illegal voters after their votes have been counted but, more importantly, to also prevent noncitizens from casting ballots in the first place that dilute legal votes. *See Reynolds v. Sims*, 377 U.S. 533, 555 (1964) ("[T]he right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise.").

This Court did not timely grant the United States' requested relief. It denied the United States' application for temporary emergency relief, Dkt. 149, and set a hearing on the United States' request for a preliminary injunction for November 13, 2026, Dkt. 159—more than a week after Election Day.

In an effort to protect American voters and to prevent the irreparable harm of state and local election officials including illegally cast votes in the final vote tabulation, the United States exhausted its appeals to obtain timely relief all the way to Supreme Court. *See United States v. California, et al.*, No. 26-A624 (U.S. Nov. 2, 2026) (denying the United States' application for injunction pending appeal). The Supreme Court denied the United States' application on November 2. *Id.*

In light of the Supreme Court's denial, the United States is evaluating how to best ensure that American votes are protected, including by preventing vote dilution by noncitizens. In addition, by the time of this Court's hearing on November 13 in this matter, California will have already commingled the challenged ballots with lawful ones. There is then no way to get the challenged ballots segregated. As a result, the relief the United States sought and needed is no longer available—rendering voluntary dismissal necessary because there is no longer Article III jurisdiction.

Since no answer or motion for summary judgment has been filed, this notice of voluntary dismissal is timely and the case is dismissed. Fed. R. Civ. P. 41(a)(1)(A)(i); *see*, *e.g.*, *Swedberg v. Marotzke*, 339 F.3d 1139, 1142 (9th Cir. 2003) (accepting a notice of dismissal as timely prior to a court taking some affirmative step to convert a motion to dismiss into a motion for summary judgment).

Dated: November 6, 2026

Respectfully submitted,

*/s/ Julie A. Hamill*
Julie A. Hamill
Assistant United States Attorney
Attorney for the United States